# EXHIBIT C

| | |
|---|---|
| 1 | **WILLIAMS & CONNOLLY LLP** |
| 2 | Barry S. Simon (*pro hac vice*) |
|   | Jonathan B. Pitt (*pro hac vice*) |
| 3 | Stephen L. Wohlgemuth (*pro hac vice*) |
|   | 725 Twelfth Street NW |
| 4 | Washington, DC  20005 |
|   | Telephone: (202) 434-5000 |
| 5 | E-mail: bsimon@wc.com |
| 6 | E-mail: jpitt@wc.com |
| 7 | **SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP** |
|   | Allen Ruby (SBN 47109) |
| 8 | Jack P. DiCanio (SBN 138782) |
|   | William J. Casey (SBN 294086) |
| 9 | 525 University Avenue |
|   | Palo Alto, California  94301 |
| 10 | Telephone: (650) 470-4660 |
| 11 | E-mail: allen.ruby@skadden.com |
|    | E-mail: jack.dicanio@skadden.com |
| 12 | E-mail: william.casey@skadden.com |
| 13 | *Attorneys for Defendants* |

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**COUNTY OF SANTA CLARA**
**UNLIMITED CIVIL JURISDICTION**

| | |
|---|---|
| PALANTIR TECHNOLOGIES INC., | Case No. 16CV299476 |
| Plaintiff, | |
| v. | **NOTICE OF ENTRY OF ORDER** |
| MARC L. ABRAMOWITZ, in his individual capacity and as trustee of the MARC ABRAMOWITZ CHARITABLE TRUST NO. 2, KT4 PARTNERS LLC, and DOES 1 through 50, inclusive, | |
| Defendants. | |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on September 4, 2018, the Court entered an Order Continuing the Stay of Discovery. A copy of the Order is attached as Exhibit A.

Dated: September 4, 2018

Respectfully submitted,

By: /s/ William J. Casey
Barry S. Simon (*pro hac vice*)
Jonathan B. Pitt (*pro hac vice*)
Stephen L. Wohlgemuth (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC  20005
Telephone: (202) 434-5000
E-mail: bsimon@wc.com
E-mail: jpitt@wc.com

Allen Ruby (SBN 47109)
Jack P. DiCanio (SBN 138782)
William J. Casey (SBN 294086)
525 University Avenue
Palo Alto, California  94301
Telephone: (650) 470-4660
E-mail: allen.ruby@skadden.com
E-mail: jack.dicanio@skadden.com
E-mail: william.casey@skadden.com

*Attorneys for Defendants*

NOTICE OF ENTRY OF ORDER

1

CASE NO. 16CV299476

(ENDORSED)
**FILED**
SEP 04 2018
Clerk of the Court
Superior Court of CA County of Santa Clara
BY_____Julie Nashed_____DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SANTA CLARA
UNLIMITED CIVIL JURISDICTION

| | |
|---|---|
| PALANTIR TECHNOLOGIES INC., | Case No. 16CV299476 |
| Plaintiff, | **ORDER CONTINUING THE STAY OF DISCOVERY** |
| v. | Date: May 18, 2018/June 15, 2018<br>Time: 10:00 a.m. |
| MARC L. ABRAMOWITZ, in his individual capacity and as trustee of the MARC ABRAMOWITZ CHARITABLE TRUST NO. 2, KT4 PARTNERS LLC, and DOES 1 through 50, inclusive, | Dept. 9<br>Judge: Hon. Mary E. Arand<br><br>Complaint filed: September 1, 2016<br><br>Trial date: not set |
| Defendants. | |

ORDER STAYING DISCOVERY | CASE NO.: 16CV299476

EXHIBIT A

The motion by Defendants for an order continuing the stay on discovery came on for hearing before the Honorable Mary E. Arand on May 18, 2018, was continued to June 18, 2018 in Department 9. The parties were allowed to provide supplemental briefing, with the last submission received by the Court on June 22, 2018. The matter having been submitted, the Court orders as follows:

## ORDER CONTINUING THE STAY OF DISCOVERY

WHEREAS, Defendants Marc Abramowitz, KT4 Partners LLC, and the Marc Abramowitz Charitable Trust No. 2 having moved for a protective order continuing the stay of discovery until Plaintiff Palantir Technologies Inc. complies with Section 2019.210 of the California Code of Civil Procedure, and the Court having considered the Motion and having found good cause for the relief sought by the Motion;

**IT IS HEREBY ORDERED** this 4th day of September, 2018, that:

1. Defendants' Motion is GRANTED.
2. Palantir shall serve on Defendants a second amended disclosure that complies with Section 2019.210 of the California Code of Civil Procedure.
3. Palantir's disclosure shall include the following information:
   a. The total number of alleged trade secrets.
   b. A reasonably particular description of each alleged trade secret as it existed at Palantir prior to the alleged misappropriation. The Court finds that Palantir may not describe a trade secret with reasonable particularity by quoting from or citing to one of Defendants' patent applications. Although Palantir may cite to its own patent applications, it is not enough to rely solely on citations from its patent applications.
   c. For each alleged functional trade secret, a reasonably particular description of how the alleged trade secret works—*i.e.*, how the alleged trade secret accomplishes its function—and not a mere functional description of that alleged trade secret.

      d. A description of how each alleged trade secret is distinct from matters of general knowledge in the trade or of special knowledge of those persons who are skilled in the trade. The Court finds that the trade secret statement submitted by Palantir to be conclusory on the question of what precisely was not known to the public, and has not explained how its alleged trade secrets were novel, justifying more complete disclosure. (See *Perlan Therapeutics v. Superior Court* (2009) 178 Cal.App.4th 1333, 1351.)

      e. A statement of whether each alleged trade secret is a "compilation trade secret," a "design concept," a "method," or some other category of trade secrets..

          i. To the extent Palantir claims that its alleged trade secrets are "compilation trade secrets," Palantir shall disclose with reasonable particularity the features constituting those trade secrets. Palantir must disclose each component that composes the compilation trade secret with reasonable particularity.

4. Palantir shall not use non-exclusive terms (*e.g.*, "including but not limited to") to describe its alleged trade secrets.

5. Defendants shall, within fourteen days of receiving Palantir's second amended trade secret disclosure, notify Palantir whether or not they accept the amended disclosure as complying with this Order and Section 2019.210 of the California Code of Civil Procedure.

6. In the event Defendants do not accept the second amended disclosure, the parties shall meet and confer promptly regarding the deficiencies identified by Defendants. In the event the parties cannot reach agreement, Palantir will arrange for an informal discovery conference between the Court and the parties, to be held at the convenience of the Court, regarding Defendants' further motion for a protective order.

7. All discovery in the above-captioned action shall be stayed until the earlier of: (a) Defendants' agreement that the second amended disclosure complies with Section 2019.210 or (b) further order of the Court.

8. If Defendants accept or the Court finds that the second amended trade secret disclosure complies with Section 2019.210, then future amendments shall be permitted only upon a showing of good cause.

8/31/2018

Mary E. Arand
_____
HONORABLE MARY ARAND
JUDGE OF THE SUPERIOR COURT

|   |   |
|---|---|
| 1 | STATE OF CALIFORNIA, COUNTY OF SANTA CLARA |

I am employed in the County of Santa Clara, State of California. I am over the age of 18 and not a party to the within action; my business address is 525 University Avenue, Palo Alto, CA 94301; and my email address is marilyn.garibaldi@skadden.com.

On September 4, 2018, I caused to be served the following document(s) described as:

- **NOTICE OF ENTRY OF ORDER**

on the interested parties in this action by placing a true copy thereon enclosed/attached in/to a sealed envelope/facsimile cover sheet addressed as follows:

| *Via Email* | *Via Email* |
|---|---|
| David Boies, Esq.<br>BOIES, SCHILLER & FLEXNER LLP<br>333 Main Street<br>Armonk, NY 10504<br>Telephone:   (914) 749-8200<br>Facsimile:    (914) 749-8300<br>Email: dboies@bsfllp.com<br><br>David Zifkin, Esq.<br>Shira Liu, Esq.<br>BOIES, SCHILLER & FLEXNER LLP<br>401 Wilshire Boulevard, Suite 850<br>Santa Monica, CA 90401<br>Telephone:   (310) 752-2400<br>Facsimile:    (310) 752-2490<br>Email: dzifkin@bsfllp.com<br>sliu@bsfllp.com<br><br>*Attorneys for Plaintiff,*<br>PALANTIR TECHNOLOGIES INC. | Jay P. Lefkowitz, Esq.<br>Nathaniel J. Kritzer, Esq.<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, NY 10022<br>Telephone:   (212) 446-4800<br>Facsimile:    (212) 446-4900<br>Email: lefkowitz@kirkland.com<br>nathaniel.kritzer@kirkland.com<br><br>*Attorneys for Plaintiff,*<br>PALANTIR TECHNOLOGIES INC. |

☒ (BY EMAIL) I am readily familiar with the firm's practice of email transmission; on this date, I caused the above-referenced document(s) to be transmitted by email as noted above and that the transmission was reported as complete and without error.

☒ (BY E-FILING) I am readily familiar with the firm's practice of transmitting through the court's automated e-filing transmission of documents; on this date, I caused the above-referenced document(s) to be transmitted by e-filing same as noted above and that the transmission was reported as complete and without error.

☐ (BY MAIL) I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service and the fact that the correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business; on this date, the above-referenced correspondence was placed for deposit at Palo Alto, California and placed for collection and mailing following ordinary business practices. (AS NOTED)

☐ (BY FEDERAL EXPRESS) I am readily familiar with the firm's practice for the daily collection and processing of correspondence for deliveries with the Federal Express delivery service and the fact that the correspondence would be deposited with Federal Express that same day in the ordinary course of business; on this date, the above-

| | |
|---|---|
| 1 | referenced document was placed for deposit at Palo Alto, California and placed for collection and overnight delivery following ordinary business practices. (AS NOTED) |
| 2 | ☐ (BY PERSONAL SERVICE) |
| 3 | ☐ By personally delivering copies to the person served. (STATE/FEDERAL) |
| 4 | ☐ I delivered such envelope by hand to the offices of the addressee pursuant to CCP § 1011. (STATE/FEDERAL) (as noted) |

_____
[Name]

☒ (STATE/FEDERAL) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 4, 2018 at Palo Alto, California.

Marilyn Garibaldi                    */s/ Marilyn Garibaldi*

NOTICE OF ENTRY OF ORDER                              3                              CASE NO. 16CV299476