# EXHIBIT I

**BOIES, SCHILLER & FLEXNER LLP**
David Boies (*Pro Hac Vice*)
(dboies@bsfllp.com)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200; Fax: (914) 749-8300

David Zifkin (SBN 232845) (dzifkin@bsfllp.com)
Shira Liu (SBN 274158) (sliu@bsfllp.com)
401 Wilshire Boulevard, Suite 850
Santa Monica, CA 90401
Tel: (310) 752-2400; Fax: (310) 752-2490

**KIRKLAND & ELLIS LLP**
Jay P. Lefkowitz (*Pro Hac Vice*)
(lefkowitz@kirkland.com)
Nathaniel J. Kritzer (*Pro Hac Vice*)
(nathaniel.kritzer@kirkland.com)
601 Lexington Ave
New York, NY 10022
Tel: (212) 446-4800; Fax: (212) 446-4900

*Additional counsel identified on signature page*

*Attorneys for Plaintiff* PALANTIR TECHNOLOGIES INC.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SANTA CLARA**

**UNLIMITED JURISDICTION**

| | |
|---|---|
| PALANTIR TECHNOLOGIES INC., a Delaware corporation, <br><br> *Plaintiff,* <br><br> v. <br><br> MARC L. ABRAMOWITZ, in his individual capacity and as trustee of the MARC ABRAMOWITZ CHARITABLE TRUST NO. 2, KT4 PARTNERS LLC, a Delaware limited liability company, and DOES 1 through 50, inclusive, <br><br> *Defendants.* | Case No. 16CV299476 <br> *[Assigned to the Honorable Mary E. Arand]* <br><br> **NOTICE OF ENTRY OF ORDER RE: DEMURRER TO THE SECOND AMENDED COMPLAINT** <br><br> Complaint Filed: September 1, 2016 <br> Trial Date: Not set |

TO THE COURT, ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD IN THIS ACTION:

PLEASE TAKE NOTICE that on August 11, 2017, the Honorable Mary E. Arand, Superior Court Judge for the State of California, entered an order, attached hereto as Exhibit A, overruling Defendants' Demurrer to the Second Amended Complaint as to the first, second, and fourth causes of action and sustaining with leave to amend as to the third cause of action. Plaintiff Palantir Technologies Inc. will not amend its complaint as to the third cause of action.

Dated: August 18, 2017

BOIES, SCHILLER & FLEXNER LLP
KIRKLAND & ELLIS LLP

By: _____
David Zifkin (SBN 232845)
(dzifkin@bsfllp.com)
Shira Liu (SBN 274158)
(sliu@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
401 Wilshire Boulevard, Suite 850
Santa Monica, CA 90401
Telephone: (310) 752-2400
Facsimile: (310) 752-2490

David Boies (*Pro Hac Vice*)
(dboies@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

John T. Zach (*Pro Hac Vice*)
(jzach@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
575 Lexington Avenue, 7th Floor
New York, NY 10022
Telephone: (212) 446-2300
Facsimile: (212) 446-2350

Kaitlyn Murphy (SBN 293309)
BOIES, SCHILLER & FLEXNER LLP
(kmurphy@bsfllp.com)
1999 Harrison St., Suite 900
Oakland, CA 94612
Telephone: (510) 874-1100
Facsimile: (510) 874-1460

Jay P. Lefkowitz (*Pro Hac Vice*)
(lefkowitz@kirkland.com)
Nathaniel J. Kritzer (*Pro Hac Vice*)
(nathaniel.kritzer@kirkland.com)
KIRKLAND & ELLIS LLP
601 Lexington Ave
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

*Attorneys for Plaintiff* PALANTIR TECHNOLOGIES INC.

2

NOTICE OF ENTRY OF ORDER

# EXHIBIT A

(ENDORSED)
FILED
AUG 1 1 2017
Clerk of the Court
Superior Court of CA County of Santa Clara
BY_____Henry Kenistoff_____DEPUTY

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SANTA CLARA

| | |
|---|---|
| PALANTIR TECHNOLOGIES INC., | Case No. 2016-CV-299476 |
| Plaintiff, | |
| | ORDER RE: DEMURRER TO THE SECOND AMENDED COMPLAINT |
| vs. | |
| | DECISION ON SUBMITTED MATTER |
| MARC L. ABRAMOWITZ, et al., | |
| Defendants. | |

The demurrer to the Second Amended Complaint by defendants Marc L. Abramowitz, Marc Abramowitz Charitable Trust No. 2, and KT4 Partners LLC came on for hearing before the Honorable Mary E. Arand on August 3, 2017, at 9:00 a.m. in Department 9. The matter having been submitted, the Court orders as follows:

### Factual and Procedural Background

This is a trade secret misappropriation case. The operative Second Amended Complaint ("SAC") sets forth the following causes of action: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) violation of unfair competition law, Bus. & Prof. Code, § 17200 et seq.; and (4) violation of Civil Code, § 3426 et seq.

///

1

According to the SAC, plaintiff Palantir Technologies, Inc. ("Palantir") is a software and services company that specializes in data analytics. (SAC at ¶ 14.) Defendant Marc L. Abramowitz ("Abramowitz") was a shareholder and trusted advisor to the company. (Id. at ¶¶ 25, 27.) Through the years, Abramowitz became involved with Palantir's business and established relationships with the company's founders, officers, and employees. (Id. at ¶¶ 26-27.)

At Abramowitz's request, Palantir provided him with information about proprietary business plans and customer lists for the company's Healthcare Technology, Cyber Insurance and Cybersecurity Technology, and Natural Resources Exploration Technology. (SAC at ¶ 28.) Palantir provided such information to Abramowitz with the understanding that he would maintain its confidentiality and never use the information to the company's detriment. (Ibid.) Consistent with the confidential nature of these communications, Palantir and Abramowitz entered into confidentiality agreements including: (1) a Preferred Stock Transfer Agreement (dated August 14, 2012); (2) a Preferred Stock Transfer Agreement (dated June 17, 2015); and (3) a non-disclosure agreement ("NDA") (dated July 12, 2014). (Id. at ¶¶ 29-32.)

However, by 2014, Abramowitz had embarked on an intentional and calculated scheme to discover Palantir trade secrets and convert them for his own use and profit. (SAC at ¶ 35.) At a minimum, Abramowitz misappropriated trade secrets related to the Healthcare Technology, the Cyber Insurance and Cybersecurity Technology, and the Natural Resources Exploration Technology. (Id. at ¶¶ 35-61.) As a result of these actions, Palantir has filed suit seeking damages and equitable relief. (Id. at ¶¶ 68-69.)

## Demurrer to the SAC

Currently before the Court is the demurrer by defendants Abramowitz, Marc Abramowitz Charitable Trust No. 2, and KT4 Partners LLC ("KT4 Partners") (collectively, "Defendants") to the first, second, third, and fourth causes of action on the ground that they fail to state a claim. (Code Civ. Proc., § 430.10, subd. (e).) Defendants have filed a request for judicial notice in conjunction with the motion. Palantir filed written opposition. The Court has considered

///

2

Case No. 2016-CV-299476
Order Re: Demurrer to the SAC

1 the arguments of counsel at the hearing, and does not find them persuasive in the context of this
2 demurrer.

3 **Request for Judicial Notice**

4 In support of the motion, Defendants request judicial notice of the following documents:
5 (1) a request from defendant KT4 Partners to Palantir for information pursuant to an Investors'
6 Rights Agreement (Exhibit 1); and (2) a copy of the Investors' Rights Agreement (dated
7 February 15, 2008) (Exhibit 2).

8 "Judicial notice is the recognition and acceptance by the court, for use by the trier of fact
9 or by the court, of the existence of a matter of law or fact that is relevant to an issue in the action
10 without requiring formal proof of the matter." (*Poseidon Development, Inc. v. Woodland Lane*
11 *Estates, LLC* (2007) 152 Cal.App.4th 1106, 1117.)

12 With respect to Exhibit 1, Defendants argue that the request is subject to judicial notice as
13 it is incorporated by reference in the SAC. (See SAC at ¶¶ 1, 5, 62, 84; see also *Align Tech., Inc.*
14 *v. Bao Tran* (2009) 179 Cal.App.4th 949, 956, fn. 6 [appellate court took judicial notice of
15 settlement agreement referred to in the complaint]; *Salvaty v. Falcon Cable Television* (1985)
16 165 Cal.App.3d 798, 800, fn. 1 [appellate court took judicial notice of parties' agreement
17 referenced throughout the complaint].) The Court finds the request to be well-taken and there is
18 no objection by the opposing party. Therefore, the request for judicial notice as to Exhibit 1 is
19 GRANTED.

20 Similarly, with respect to Exhibit 2, Defendants contend that the Investors' Rights
21 Agreement is also subject to judicial notice as it is referenced throughout the SAC. However, as
22 the opposition points out, the Investors' Rights Agreement from February 15, 2008 is not
23 specifically referenced in the SAC. (See Palantir's Objection to Request for Judicial Notice.)
24 Thus, the Court finds that Exhibit 2 is not properly the subject of judicial notice. (See Evid.
25 Code, § 450 ["[J]udicial notice may not be taken of any matter unless authorized or required by
26 law."]; see also *Fremont Indem. Co. v. Fremont General Corp.* (2007) 148 Cal.App.4th 97, 113
27 ["A matter ordinarily is subject to judicial notice only if the matter is reasonably beyond
28 dispute."].)

3

The Court was not persuaded by arguments by counsel at the hearing, and will not modify this ruling. Accordingly, the request for judicial notice as to Exhibit 2 is DENIED.

**Legal Standard**

"In reviewing the sufficiency of a complaint against a general demurrer, we are guided by long settled rules. 'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. We also consider matters which may be judicially noticed.'" (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) "A demurrer tests only the legal sufficiency of the pleading. It admits the truth of all material factual allegations in the complaint; the question of plaintiff's ability to prove these allegations, or the possible difficulty in making such proof does not concern the reviewing court." (*Committee on Children's Television, Inc. v. General Foods Corp.* (1983) 35 Cal.3d 197, 213–214.)

"The reviewing court gives the complaint a reasonable interpretation, and treats the demurrer as admitting all material facts properly pleaded. The court does not, however, assume the truth of contentions, deductions or conclusions of law. … [I]t is error for a trial court to sustain a demurrer when the plaintiff has stated a cause of action under any possible legal theory. And it is an abuse of discretion to sustain a demurrer without leave to amend if the plaintiff shows there is a reasonable possibility any defect identified by the defendant can be cured by amendment." (*Gregory v. Albertson's, Inc.* (2002) 104 Cal.App.4th 845, 850.)

**First Cause of Action: Breach of Contract**

The first cause of action is a claim for breach of contract. To state a cause of action for breach of contract, a party must plead (1) the existence of a contract, (2) his or her performance of the contract or excuse for nonperformance, (3) the defendant's breach, and (4) resulting damage. (*Rutherford Holdings, LLC v. Plaza Del Rey* (2014) 223 Cal.App.4th 221, 228.)

According to the first cause of action, Defendants entered into contracts with Palantir which included the Transfer Agreements and the NDA (collectively, "Confidentiality Contracts"). (SAC at ¶ 71.) Under the Confidentiality Contracts, Defendants agreed to hold in strictest confidence, and not to use, except for the benefit of the company, any information they obtain or access as investors or during visits or discussions. (Id. at ¶ 74.) "Defendants breached

4

the Confidentiality Agreements when Abramowitz used the information he learned from Palantir employees to file patent applications listing himself as sole inventor of Palantir's systems, methods and concepts that he learned in confidence, as well as a trademark application on 'Shire' that they intend to use in the cyber insurance space. Defendants further breached their confidentiality obligations when they disclosed confidential information to others in an improper effort to profit from Palantir's confidential information and trade secrets." (Id. at ¶ 75.)

Defendants argue that the first cause of action is subject to demurrer as the breach allegations are improperly based on information and belief. (See *Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149, 1158-1159 ["a pleading made on information and belief is insufficient if it 'merely assert[s] the facts so alleged without alleging such information that "lead[s] [the plaintiff] to believe the allegations are true." ' "].) As stated above, the breach allegations are set forth in paragraph 75 of the SAC. None of the allegations appear to be based on information and belief. In making this argument, it appears that Defendants are relying on prior allegations in paragraphs 43, 52, and 56 in the SAC. (See Memo of P's & A's at p. 5:23-26.) However, as the opposition points out, Palantir also alleges that Defendants breached the Confidentiality Agreements with respect to the trademark application on "Shire" which is not based on information and belief. Thus, this argument is not sustainable on demurrer.

Defendants also contend that Palantir fails to allege a breach by any defendant of any Confidentiality Contract. However, as the moving papers concede, the SAC clearly alleges that all Defendants were parties to the agreements. (See Memo of P's & A's at p. 7, fn. 3; SAC at ¶ 74.) This allegation is sufficient and must be accepted as true on demurrer. Moreover, Palantir has not attached the Confidentiality Contracts to the SAC and thus the Court cannot review them to determine whether Defendants are in fact parties to the agreements. That remains a factual issue beyond the scope of demurrer.

In addition, Defendants argue that Palantir fails to allege a claim for damages in support of the breach of contract cause of action. However, in making this argument, Defendants ignore the allegations in paragraph 77 requesting relief in the form of monetary damages, fees, costs, and equitable relief. (See SAC at ¶ 77.) Thus, this argument is not sustainable on demurrer.

5

Finally, Defendants assert that the Confidentiality Contracts constitute unenforceable restraints on trade under Business & Professions Code section 16600. That section provides "[e]xcept as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void." (Bus. & Prof. Code, § 16600.) As a preliminary matter, the Confidentiality Contracts are not attached to the SAC and thus the Court is unable to review the contents to determine if they constitute unenforceable restraints on trade. Furthermore, courts have found an exception to section 16600 where the agreement is "necessary to protect the employer's trade secrets" or confidential information. (See *E.D.C. Technologies, Inc. v. Seidel* (N.D. Cal. 2016) 216 F.Supp.3d 1012, 1015 ("*E.D.C. Technologies*"); see also *Metro Traffic Control, Inc. v. Shadow Traffic Network* (1994) 22 Cal.App.4th 853, 859 ["Section 16600 has specifically been held to invalidate employment contracts which prohibit an employee from working for a competitor when the employment has terminated, unless necessary to protect the employer's trade secrets."]; *American Paper & Packaging Products, Inc. v. Kirgan* (1986) 183 Cal.App.3d 1318, 1322 [Section 16600 has been construed by the California Supreme Court as invalidating contracts not to compete unless their enforcement is necessary to protect an employer's confidential information or trade secrets.]; *Muggill v. Reuben H. Donnelley Corp.* (1965) 62 Cal.2d 239, 242 [same]; *Fowler v. Varian Assocs., Inc.* (1987) 196 Cal.App.3d 34, 44 [Sixth Appellate District concluded that agreements designed to protect an employer's proprietary information do not violate section 16600].) In fact, with respect to section 16600, at least one court found that "parsing the agreement and determining the validity of its various provisions are premature at the pleading stage." (*E.D.C. Technologies, supra*, 216 F.Supp.3d at p. 1016.) Based on the foregoing, the Court finds that the demurrer is not sustainable on this ground.

Consequently, the demurrer to the first cause of action on the ground that it fails to state a claim is OVERRULED.

**Second Cause of Action: Breach of the Implied Covenant of Good Faith and Fair Dealing**

The second cause of action is a claim for breach of the implied covenant of good faith and fair dealing. "Every contract contains an implied covenant of good faith and fair dealing

6

providing that no party to the contract will do anything that would deprive another party of the benefits of the contract. [Citations.] The implied covenant protects the reasonable expectations of the contracting parties based on their mutual promises. [Citations.] The scope of conduct prohibited by the implied covenant depends on the purposes and express terms of the contract. [Citation.] Although breach of the implied covenant often is pleaded as a separate count, a breach of the implied covenant is necessarily a breach of contract. [Citation.]" (*Digerati Holdings, LLC v. Young Money Entertainment, LLC* (2011) 194 Cal.App.4th 873, 885.)

Defendants argue that the second cause of action is subject to demurrer as it is duplicative of the breach of contract claim. (See *Bionghi v. Metropolitan Water Dist. of So. California* (1999) 70 Cal.App.4th 1358, 1370 [appellate court concluded that where the cause of action for breach of the implied covenant is duplicative of the cause of action for breach of contract, it may be disregarded].) This contention lacks merit as the second cause of action is also based on Defendants' alleged interference with the Investors' Rights Agreement which is not the subject of the breach of contract claim. (See SAC at ¶¶ 83-84.) To the extent that the second cause of action relies on the Investors' Rights Agreement, Defendants contend that the claim is moot as they have withdrawn their request. (See Memo of P's & A's at p. 13, fn. 7.) However, this argument is beyond the scope of demurrer which considers only the well pleaded facts of the SAC and any judicially noticed documents. The Court further rejects the argument based on Exhibit 2 from the request for judicial notice as the Court declined to take judicial notice of that document.

Accordingly, the demurrer to the second cause of action on the ground that it fails to state a claim is OVERRULED.

**Third Cause of Action: Violation of Unfair Competition Law**

The third cause of action is a claim for violation of unfair competition law. "The purpose of the UCL 'is to protect both consumers and competitors by promoting fair competition in commercial markets for goods and services.' [Citation.] The UCL prohibits any 'unlawful, unfair or fraudulent business act or practice.' [Citation.] 'Because [the UCL] is written in the disjunctive, it establishes three varieties of unfair competition—acts or practices which are

7

unlawful, or unfair, or fraudulent.' [Citation.]" (*Klein v. Chevron U.S.A, Inc.* (2012) 202 Cal.App.4th 1342, 1374 (*Klein*).)

Unlawful Prong

"Section 17200's unlawful prong borrows violations of other laws…and makes those unlawful practices actionable under the UCL." (*Klein, supra,* 202 Cal.App.4th at p. 1383 [quoting *Lazar v. Hertz Corp.* (1999) 69 Cal.App.4th 1494, 1505] [internal quotations omitted].) Violations of almost any law, federal or state, may serve as a sufficient predicate for a claim under the UCL's "unlawful" prong. (*Ibid.*) However, violations of the common law (e.g., breach of contract, common law fraud) are insufficient to satisfy the unlawful prong. (See *Shroyer v. New Cingular Wireless Servs., Inc.* (9th Cir. 2010) 622 F.3d 1035, 1044; *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.* (C.D. Cal. 2003) 319 F.Supp.2d 1059, 1074-1075.)

Palantir alleges that Defendants participated in unlawful acts under the UCL resulting in violation of state common law. (SAC at ¶ 89.) As stated above, violations of state common law cannot support the unlawful prong of the UCL.

Unfair Prong

The definition of an "unfair" business practice depends on whether the plaintiff is a competitor or consumer. A claim of unfairness to competitors must "be tethered to some legislatively declared policy or proof of some actual or threatened impact on competition." (*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.* (1999) 20 Cal.4th 163, 186-187.) Therefore, when the plaintiff is a direct competitor of the defendant and invokes Section 17200's "unfair" prong, "the word 'unfair'…means conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." (*Id.* at p. 187.)

Palantir's allegations with respect to unfair conduct are set forth in paragraph 91 of the SAC. Defendants argue that Palantir fails to show any violation of an antitrust law or violation of the spirit or policy of one of those laws to support the unfair prong. Palantir appears to concede this argument as it fails to address it in opposition to the motion.

8

Fraudulent Prong

"A fraudulent business practice [under the UCL] is one which is likely to deceive the public." (*McKell v. Wash. Mut., Inc.* (2006) 142 Cal.App.4th 1457, 1471 [citing *Mass. Mut. Life Ins. Co. v. Super. Ct.* (2002) 97 Cal.App.4th 1282, 1290].) "The determination as to whether a business practice is deceptive is based on the likely effect such practice would have on a reasonable consumer." (*Ibid.* [citing *Lavie v. Proctor & Gamble Co.* (2003) 105 Cal.App.4th 496, 507].)

The fraudulent allegations to support the UCL claim are set forth in paragraph 90 of the SAC and include: (1) Defendants' false statements and representations relating to their ownership of Palantir's confidential information; (2) representations that Abramowitz would maintain the confidentiality of the confidential information that Palantir shared with him; and (3) statements to a Palantir employee that the patent applications were filed for Palantir's benefit. (SAC at ¶ 90.) "[A] plaintiff 'proceeding on a claim of misrepresentation as the basis of his or her UCL action must demonstrate actual reliance on the allegedly deceptive or misleading statements, in accordance with well-settled principles regarding the element of reliance in ordinary fraud actions.' " (*Kwikset Corp. v. Super. Ct.* (2011) 51 Cal.4th 310, 326-327 [citing *In re Tobacco II Cases* (2009) 46 Cal.4th 298, 306].) Defendants persuasively argue that Palantir fails to allege any reliance on the misrepresentations to support the fraudulent prong of the UCL.

Therefore, the demurrer to the third cause of action is SUSTAINED WITH 10 DAYS' LEAVE TO AMEND for failure to state a claim. (See *City of Stockton v. Super Ct.* (2007) 42 Cal.4th 730, 747 [where plaintiff has not had opportunity to amend complaint in response to demurrer, "leave to amend is liberally allowed as a matter of fairness unless the complaint shows on its face that it is incapable of amendment"].) Having sustained the demurrer on this ground, the Court declines to address Defendants' remaining arguments to the third cause of action.

**Fourth Cause of Action: Violation of Civil Code § 3426 et seq.**

The fourth cause of action is claim for misappropriation of trade secrets under Civil Code section 3426 et seq. "Under the UTSA, a prima facie claim for misappropriation of trade secrets requires the plaintiff to demonstrate: (1) the plaintiff owned a trade secret, (2) the defendant

9

constitute protectable trade secrets as set forth in California Civil Code § 3426.1 (d)." (SAC at ¶ 96.) The fourth cause of action incorporates prior allegations of the SAC, including paragraph 19 which provides additional facts with respect to the trade secrets at issue in this case. (Id. at ¶¶ 19, 95.) Furthermore, the SAC contains additional facts specifically regarding the trade secrets that were a part of the Healthcare Technology, Cyber Insurance and Cyber Technology, and Natural Resources Exploration Technology. (Id. at ¶¶ 36-61, 95.) Based on these allegations, the Court is satisfied that Palantir has sufficiently identified the alleged trade secrets to state a cause of action.

Accordingly, the demurrer to the fourth cause of action on the ground that it fails to state a claim is OVERRULED.

Dated: 8/7/2017

Mary E. Arand

Hon. Mary E. Arand
Judge of the Superior Court

11

Case No. 2016-CV-299476
Order Re: Demurrer to the SAC