# Exhibit A:

# Revised Brief

1  CHRISTOPHER A. STECHER, CASB No. 215329
   christopher.stecher@kyl.com
2  KEESAL, YOUNG & LOGAN
   A Professional Corporation
3  450 Pacific Avenue
   San Francisco, California  94133
4  Telephone:      (415) 398-6000
   Facsimile:      (415) 981-0136
5
6  TIMOTHY P. HARKNESS (*pro hac vice*)
   timothy.harkness@freshfields.com
7  DAVID Y. LIVSHIZ (*pro hac vice*)
   david.livshiz@freshfields.com
8  WERONIKA BUKOWSKI (*pro hac vice*)
   weronika.bukowski@freshfields.com
9  FRESHFIELDS BRUCKHAUS DERINGER US LLP
   601 Lexington Avenue, 31st Floor
10 New York, New York 10022
   Telephone:      (212) 277-4000
11 Facsimile:      (212) 277-4001

12 *Attorneys for Applicant Palantir Technologies, Inc.*

13                **UNITED STATES DISTRICT COURT**

14                **NORTHERN DISTRICT OF CALIFORNIA**

15

16                                              )  Case No.: 3:18-mc-80132-JSC_____
                                                )  _____
17                                              )
                                                )
18 EX PARTE APPLICATION OF PALANTIR             )
   TECHNOLOGIES, INC. FOR AN ORDER              )  **REPLY TO MARC L. ABRAMOWITZ'S**
19 PURSUANT TO 28 U.S.C. § 1782 TO OBTAIN       )  **OPPOSITION TO APPLICANT PALANTIR**
   DISCOVERY FOR USE IN FOREIGN                 )  **TECHNOLOGIES, INC.'S EX PARTE**
20 PROCEEDINGS                                  )  **APPLICATION FOR AN ORDER**
                                                )  **PURSUANT TO 28 U.S.C. § 1782 TO OBTAIN**
21                                              )  **DISCOVERY FOR USE IN FOREIGN**
                                                )  **PROCEEDINGS**
22                                              )
                                                )
23                                              )
   _____ )
24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

**Page**

I.    PRELIMINARY STATEMENT ......................................................................... 1

II.   THE PARTIES' LITIGATION HISTORY ..................................................... 2

   A.   THE CALIFORNIA ACTION ................................................................. 2

   B.   PATENT PROCEEDINGS ....................................................................... 4

        1.   US PTO Proceedings ................................................................. 4

        2.   German Proceedings .................................................................. 4

   C.   DELAWARE PROCEEDINGS ................................................................ 5

III.  ARGUMENT ...................................................................................................... 6

   A.   PALANTIR SATISFIES THE STATUTORY REQUIREMENTS OF SECTION 1782 ........... 6

   B.   THE INTEL FACTORS WEIGH STRONGLY IN FAVOR OF GRANTING PALANTIR'S APPLICATION ........... 6

        1.   The First Discretionary Factor Favors Discovery Because the Requested Discovery Cannot Be Obtained in the German Proceeding. ........... 6

        2.   The Second Discretionary Factor Favors Discovery Because The German Tribunal Is Not Hostile To this Application. ........... 8

        3.   The Third Discretionary Factor Favors Discovery Because This Application Has Not Been Filed to Circumvent Any Law or Rule. ........... 10

        4.   The Fourth Discretionary Factor Favors Discovery Because The Requested Discovery Is Not Unduly Burdensome ........... 11

   C.   PALANTIR'S APPLICATION IS BROUGHT IN GOOD FAITH. ........... 12

IV.  CONCLUSION ................................................................................................. 15

**TABLE OF AUTHORITIES**

**Cases**                                                                                                        **Page(s)**

In re Accent Delight Int'l Ltd.,
   869 F.3d 121 (2d Cir. 2017)...........................................................................................11, 15

ADT Secs. Servs., Inc. v. Alarm Co.,
   No. 05-2779 MV, 2006 WL 8435887 (W.D. Tenn. June 12, 2006)......................................12

In re AIS GmbH Aachen Innovative Solutions,
   No. 5:16-mc-80094-EJD, 2017 U.S. Dist. LEXIS 114288 (N.D. Cal. July 21, 2017) ...................7

In re Application of Auto-Guadeloupe Investissement S.A.,
   No. 12-mc-221 (RPP) 2012 WL 4841945 (S.D.N.Y. Oct. 10, 2012)....................................6, 14, 15

In re Application of Bayer Healthcare LLC,
   No. 14-mc-80138-WHA, 2014 WL 11513163 (N.D. Cal. July 1, 2014) ..............................7

In re Application of Malev Hungarian Airlines,
   964 F.2d 97 (2d Cir. 1992) ..........................................................................................6

In re Application of Sauren Fonds-Select SICAV v. For Sic. Pursuant to 28 U.S.C. §
   1782, No. 2:16-cv-00133 (SDW) (LDW), 2016 WL 6304438, (D.N.J. Oct. 26, 2016)....................12

Brae Transp., Inc. v. Coopers & Lybrand,
   790 F.2d 1439 (9th Cir. 1986)........................................................................................10

Cryolife v. Tenaxis Medical, Inc.,
   No. C08-05124 HRL, 2009 U.S. Dist. LEXIS 3416 (N.D. Cal. Jan. 13, 2009)........................7, 8, 12

In re Eurasian Natural Resources Corp.,
   No. 18-mc-880041-LB, 2018 WL 1557167 (N.D. Cal. Mar. 30, 2018) ..............................6, 12

Euromepa S.A. v. R. Esmerian, Inc.,
   51 F.3d 1095 (2d Cir. 1995)...........................................................................................15

In re Ex Parte LG Elecs. Deutschland GmbH,
   No. 12-cv-1197–LAB (MDD) 2012 WL 1836283 (S.D. Cal. May 21, 2012)......................7

In re Ex Parte Motorola Mobility, LLC,
   No. C 12-80243 EJD (PSG), 2012 WL 4936609 (N.D. Cal. Oct. 17, 2012) ......................10, 12

Expert Microsystems, Inc. v. University of Chicago,
   No. CIV. 09-586 WBS JFM, 2009 WL 10691353 (E.D. Cal. Aug. 6, 2009) ......................9, 10, 11

In re Ferrer, No. 18-20226-CIV-O'SULLIVAN, 2018 WL 3240010, at *9 (S.D. Fla. July
   3, 2018) ........................................................................................................................14

**Cases**                                                                             **Page(s)**

Glock v. Glock,
    797 F.3d 1002 (11th Cir. 2015) ................................................................. 11

Green Development Corporation S.A. De C.v. v. Zamora,
    No. 15-21594-mc-GOODMAN, 2016 WL 2745844 (S.D. Fl. May 10, 2016) .................................. 14

Heraeus Kulzer, GmbH v. Biomet, Inc., 633 F.3d 591 (2011) ......................................................... 7, 12

In re Hoteles City Express,
    No.18-mc-80112-JSC, 2018 WL 3417551 (N.D. Cal. July 13, 2018) .................................. 8

In re Hoteles City Express,
    No.18-mc-80112-JSC, 2018 WL 3753865 (N.D. Cal. Aug. 8, 2018) .................................. 8

In re Imanagement Servs.,
    No. Misc. 05-89 (FB), 2005 U.S. Dist. LEXIS 17025 (E.D.N.Y. Aug. 16, 2005) ............................ 13

Intel Corp. v. Advanced Micro Devices, Inc.,
    542 U.S. 241 (2004) ......................................................................... *passim*

In re IPCom GMBH & Co. KG,
    No. 5:14-mc-80037-EJD-PSG, 2014 WL 12772090 (N.D. Cal. Apr. 10, 2014) ................................ 7

In re Judicial Assistance Pursuant to 28 U.S.C. 1782 by Macquarie Bank Ltd.,
    No. 2:14–cv–00797–GMN–NJK, 2015 WL 3439103 (D. Nev. May 28, 2015) .......................... 11

Kim Laube & Co., Inc. v. Wahl Clipper Corp.,
    No. LA CV09-00914 JAK (JCx), 2013 WL 12084741 (C.D. Cal. Mar. 8, 2013) .......................... 10

KT4 Partners LLC v. Palantir Technologies, Inc.,
    No. 2017–0177–JRS, 2018 WL 1023155 (Del. Ch. Feb. 22, 2018) ................................... 5

Lu v. Dryclean-U.S.A. of Cal. Inc.,
    11 Cal. App. 4th 1490 (Cal. Ct. App. 1992) ................................................. 10

Manetti-Farrow, Inc. v. Gucci Am., Inc.,
    858 F.2d 509 (9th Cir. 1988) .............................................................. 10

MetaLab Design Ltd. v. Zozi Int'l, Inc.,
    No. 17-mc-80153-MEJ, 2018 WL 368766 (N.D. Cal. Jan. 11, 2018) ............................... 11

Montebueno Mktg., Inc. v. Del Monte Foods Corp.-USA,
    No. CV 11–4977 MEJ 2012 WL 986607 (N.D. Cal. Mar. 22, 2012) .............................. 10

Moon v. SCP Pool Corp.,
    232 F.R.D. 633 (C.D. Cal. 2005) ........................................................... 11

**Cases**                                                                  **Page(s)**

Nedlloyd Lines B.V. v. Superior Court,
    3 Cal. 4th 459 (Cal. 1992) ............................................................................... 10

In re O2CNI Co., LTD,
    No. C 13–80125 CRB (LB), 2013 WL 5826730 (N.D. Cal. Oct. 29, 2013) ............ 11

Olinick v. BMG Entm't,
    138 Cal. App. 4th 1286 (Cal. Ct. App. 2006) ................................................... 10

Palantir Technologies, Inc. v. Abramowitz,
    No. 16-cv-5857-PJH, 2017 WL 926467 (N.D. Cal. Mar. 9, 2017). ............................ *passim*

In re Pioneer Corp. for an Order Permitting Issuance of Subpoenas to Take Discovery in
    a Foreign Proceeding,
    No. MC 18–0037 UA (SS), 2018 WL 2146412 (C.D. Cal. May 9, 2018) ...................... 11

In re Republic of Ecuador,
    No. 10-80225, 2011 WL 736868 (N.D. Ca. 2011) .............................................. 13, 14

Schmitz v. Bernstein Libhard & Lifshitz, LLP,
    376 F. 3d 79 (2d Cir. 2004) ................................................................................ 7

Smith, Valentino & Smith, Inc. v. Superior Court,
    17 Cal. 3d 491 (1976) ...................................................................................... 10

In re Technik,
    No. C11-1386-JCC, 2011 U.S. Dist. LEXIS 162826 (W.D. Wa. Oct. 6, 2011) .................. 7

United States v. Prevezon Holdings, Ltd.,
    305 F. Supp. 3d 468, (S.D.N.Y. 2018) ............................................................ 13, 14

In re Varian Med. Sys Int'nl AG,
    No. 16-mc-80048-MEJ, 2016 U.S. Dist. LEXIS 38911 (N.D. Cal. Mar. 24, 2016) ............ 8

Winet v. Price,
    4 Cal. App. 4th 1159 (1992) ............................................................................ 10

In re WinNet R CJSC,
    No. 16mc484(DLC), 2017 WL 1373918 (S.D.N.Y. Apr. 13, 2017) ........................... 14

**Statutes**

28 U.S.C. § 1782 .............................................................................................. *passim*

Cal. Civ. Proc. Code § 2019.210 .......................................................................... 4

1   Applicant Palantir respectfully submits this reply memorandum of law in further

2   support of its Ex Parte Application for an Order, Pursuant to 28 U.S.C. § 1782, to Obtain Discovery

3   from Abramowitz for Use in Foreign Proceedings.[1]

4   **I.    PRELIMINARY STATEMENT**

5   Abramowitz concedes that Palantir satisfies each of the statutory requirements for

6   Section 1782 discovery and cannot effectively rebut Palantir's showing that the Intel discretionary

7   factors support the grant of such discovery here.  Palantir's application should be granted.

8   Desperate to avoid discovery Abramowitz resorts to misdirection: he first

9   mischaracterizes Palantir's claim in the German Proceedings and then argues based on that

10   mischaracterization that the Intel factors weigh against discovery.  Taking this gambit a step further,

11   Abramowitz argues that in seeking evidence for use in a meritorious German Proceeding through

12   which Palantir seeks to vindicate its European patent rights, Palantir has acted in bad faith because it

13   did not inform this Court of a discovery stay in an independent litigation between the parties in

14   California which raises different claims from those in the German Proceeding, and in which Palantir's

15   patent rights will not and, as a matter of European law, cannot be adjudicated.  These arguments fail.

16   At the root of Abramowitz's opposition—whether couched in terms of the Intel factors

17   or bad faith—is his characterization of Palantir's claim in the German Proceeding as seeking redress

18   for Abramowitz's breach of confidentiality undertakings and trade secret misappropriation, which

19   Abramowitz asserts are duplicative of Palantir's claims brought in California state court (the

20   "California Action").  This is incorrect.  The German Proceeding arises solely from Abramowitz's

---

[1]   Capitalized terms used, but not defined, herein have the meaning assigned to them in the Memorandum of Points and Authorities in Support of Applicant Palantir Technologies, Inc.'s Ex Parte Application for an Order Pursuant to 28 U.S.C. § 1782 To Obtain Discovery For Use in Foreign Proceedings, dated August 13, 2018 [Dkt No. 1] ("Brief" or "Br.").  Abramowitz's Opposition to Palantir's Ex Parte Application for an Order Pursuant to 28 U.S.C. § 1782 To Obtain Discovery For Use in Foreign Proceedings, dated September 7, 2018 [Dkt. No. 17] is referred to as "Opposition" or "Opp."  References to the "Waldeck Decl." refer to the Declaration of Wolrad Prinz Zu Waldeck und Pyrmont, dated August 10, 2018 [Dkt. No. 4]; and "Bukowski Decl." refers to the Declaration of Weronika Bukowski, dated August 10, 2018 [Dkt. No. 3]; references to "Waldeck Reply Decl." and "Bukowski Reply Decl." refer to the Declarations of Dr. Waldeck and Ms. Bukowski, both filed contemporaneously with this reply. "Wohlgemuth Decl." refers to the Declaration of Stephen L. Wohlgemuth, dated September 7, 2018 [Dkt. No. 17].

filing of European patent applications seeking for himself inventions that properly belong to Palantir. Palantir's claims in Germany are thus limited to seeking a declaration that, as a matter of European patent law, Palantir, not Abramowitz, is the actual inventor of the technologies underlying the Challenged Patents, is entitled to the patents that Abramowitz sought for himself through his European patent application and seeks compensation for damages suffered by Palantir as a result of Abramowitz's improper filing and subsequent abandonment of the patent applications <u>in Europe</u>.  In the German Proceeding, Palantir asserts <u>no</u> claims related to trade secret misappropriation or Abramowitz's contractual breaches.  Notably, this Court has already held in the California Action that questions of inventorship (i.e., whether it is Palantir or Abramowitz that is entitled to the contested patents) are not at issue in the California Litigation, and indeed cannot be resolved by the California court because in the United States claims of inventorship "can only be resolved by the director of the USPTO"—a fact tellingly absent from the Opposition.  <u>See</u> <u>Palantir Technologies, Inc. v. Abramowitz</u>, No. 16-cv-5857-PJH, 2017 WL 926467, at *7 (N.D. Cal. Mar. 9, 2017).  As the German Proceeding and the California Action involve different legal claims, seek different relief, and arise out of distinct acts of wrongdoing by Abramowitz, Palantir's effort to vindicate its European patent rights (including by seeking discovery in aid of its effort to do so) in the only forum where those rights can be vindicated can hardly be characterized as acting in bad faith.

Abramowitz's grab bag of arguments concerning the <u>Intel</u> discretionary factors flies in the face of applicable standards, ignore relevant precedent from within this District, and is otherwise contradicted by the uncontroverted record in this case.  Palantir's application should be granted.

## II.   THE PARTIES' LITIGATION HISTORY

Tellingly, Abramowitz does not deny the core factual allegations underlying Palantir's claim in the German Proceeding—that he learned of the technologies underlying the Challenged Patents from Palantir, and that by filing the Challenged Patents he sought for himself inventions to which Palantir is entitled.  <u>See</u> Br. at 5-7.  Instead, seeking to create controversy where none exists, Abramowitz relies on a highly selective recitation of the litigation between himself and Palantir.

### A.   The California Action

As detailed in Palantir's Brief, Br. at 4-7, Palantir brought the California Action in

1  which Palantir asserted claims arising out of Abramowitz's misappropriation of Palantir's trade

2  secrets, unfair trade practices, and breaches of contract and the covenant of good faith and fair dealing.

3  See Wohlgemuth Decl. Ex. A at ¶¶ 70-104. In the California Action, Palantir did not—because it

4  could not—make any claims concerning the parties' respective patent rights to the technology

5  underlying the Challenged Patents, or their American equivalent (as shown below, Palantir brought

6  those claims in the appropriate forums—the USPTO and the German court).

7           Seeking to escape the jurisdiction of the California state court, Abramowitz removed

8  Palantir's action to federal court, contending that by challenging "Abramowitz's status as an inventor

9  [of the technologies underlying] the US patent applications," Palantir had raised an issue of US patent

10 law. See Opp. at 8 n.4. This Court granted Palantir's motion to remand.

11          In a decision discussed by Abramowitz in a single five word sentence buried in a

12 footnote, id., this Court repeatedly held that claims of "inventorship"—i.e., whether it is Abramowitz

13 or Palantir that is entitled to patent the cyber and healthcare technologies—are beyond the scope of the

14 California Action. As this Court observed, the California Action "does not request any declaration

15 regarding inventorship," Palantir, 2017 WL 926467, at *5 (emphasis added)—the precise relief sought

16 by Palantir in the German Proceeding. This Court then held that "[t]here is no 'actually disputed'

17 issue of federal law [in the California Action] because the issue of inventorship under federal patent

18 law cannot be decided in [the California Action]" because "the appropriate vehicle for resolving issues

19 of inventorship is a 'derivation proceeding' before the USPTO. . . ." Id.; id., at *6-7.

20          Back in state court, Abramowitz moved to dismiss. Concluding that Abramowitz's

21 arguments "lack[ed] merit" the California court denied the dismissal motion with respect to Palantir's

22 contractual and covenant of good faith and fair dealing claims, see Bukowski Reply Decl. Ex. A at 11,[2]

23 and denied his attempt to dismiss Palantir's trade secret misappropriation claim finding that Palantir

24 "has sufficiently identified the alleged trade secrets to state a cause of action." Id. at 9-11.

25          With the motion to dismiss denied, discovery in the California Action is inevitable and

26

27 [2]  The copy of the California court decision attached to the Wohlgemuth Declaration is incomplete,
       as it inadvertently left out page 10 of the decision. For the Court's convenience, a complete
28     version of the decision is attached as Exhibit A to the Bukowski Reply Decl.

1   is forthcoming.  However, in an effort to determine the appropriate scope of that discovery, the

2   California court stayed discovery pending Palantir's detailed description of its trade secrets, as

3   required by Section 2019.210 of the California Civil Procedure Code.  That process is ongoing.

4   Contrary to Abramowitz's suggestion, however, discovery in the California Action has not been

5   denied.  Irrespective of what ultimately happens with Palantir's trade secret misappropriation claims,

6   the California Action will move forward on the remaining causes of action.  Therefore, it is only a

7   question of when, not if, Palantir will get discovery in the California Action.

8        **B.    Patent Proceedings**

9              1.   US PTO Proceedings

10             Palantir also  sought to challenge Abramowitz's claim of having invented the

11  technology underlying the Challenged Patents.  To do so, Palantir brought a separate proceeding

12  before the USPTO requesting the Patent Trial and Appeal Board to institute a derivation proceeding

13  against a patent application filed by Abramowitz because that invention is wrongfully owned by

14  Abramowitz.  See Opp. at 6.  In that action, Palantir expressly requested judgment that Abramowitz

15  derived the claimed patent from Palantir.  Notwithstanding his arguments here, see id. at 1-2, 18-20,

16  Abramowitz has never asserted that Palantir's claims before the USPTO are foreclosed by a forum

17  selection clause in any agreement between the parties, or that the relief that Palantir seeks is

18  duplicative of the relief sought in the California Action.  This is unsurprising because this Court

19  already ruled that with respect to US patents, the claim of "inventorship" must be decided by the

20  USPTO.  Palantir, 2017 WL 926467, at *6.

21             2.   German Proceedings

22             Because the USPTO has jurisdiction only over US patent applications, Palantir could

23  not seek relief with respect to the Challenged Patents before the USPTO.  That relief could be

24  provided only by a German court.  See Waldeck Reply Decl. ¶ 8.  Therefore, earlier this year Palantir

25  commenced the German Proceeding, in which  Palantir seeks a declaration that Abramowitz filed the

26  Cyber Patents "for the protection of inventions in connection with the protection against cyber attacks

27  as a non-entitled-person, and that [Palantir] is the sole entitled party with respect to" those patents and

28  that the technology underlying those patents "are all a result of [Palantir's] inventions."  Waldeck

1   Decl. Ex. A at ¶¶ 2, 15; Waldeck Reply Decl. ¶¶ 5-6.  Palantir anticipates bringing a similar claim

2   with respect to the Healthcare Patents before the end of October.  See Waldeck Reply Decl. ¶ 5.  In

3   addition, as permitted by European law, Palantir seeks damages for any harm it has suffered as a result

4   of Abramowitz's filing, and subsequent abandonment, of the Challenged Patents.

5        Equally important is what Palantir does not seek through the German Proceeding.

6   Palantir does not assert any claims based on Abramowitz's misappropriation of Palantir's trade

7   secrets, nor does it seek any damages for Abramowitz's contractual breaches.  Those claims may or

8   may not be adjudicated in the California Action; but they are not at issue in the German Proceeding.

9   See Waldeck Reply Decl. ¶¶ 7-8.   Indeed, because Palantir's claims in the German Proceedings are

10  brought pursuant to Article 61 of the European Patent Convention ("EPC"), Palantir can prevail on its

11  claims without showing either that Abramowitz breached his contractual commitments to Palantir or

12  that he misappropriated Palantir's trade secrets.  See Waldeck Reply Decl. ¶¶ 7-8.   Through this

13  Section 1782 application, Palantir seeks discovery for use in the German Proceeding.

14      **C.**    **Delaware Proceedings**

15       Faced with litigation in California and before the USPTO, Abramowitz sought leverage

16  by commencing not one but two actions in Delaware.  In the books and records action, Abramowitz

17  sought production of 22 categories of documents, claiming they were necessary to investigate

18  Palantir's purported malfeasance.  The Delaware Chancery Court was unconvinced and denied

19  discovery with respect to the majority of the categories Abramowitz sought while substantially

20  narrowing the remaining requests.  See KT4 Partners LLC v. Palantir Technologies, Inc., No. 2017–

21  0177–JRS, 2018 WL 1023155, at *18 (Del. Ch. Feb. 22, 2018).  The Delaware court also questioned

22  the merits of Abramowitz's purported claims. See Id., at *1 (describing Abramowitz's claims as based

23  on "hearsay, double hearsay and, at times, triple hearsay"); id., at *16 n.155 ("KT4's attempt to

24  broaden the scope of the claims that Abramowitz intends to bring against Palantir by purporting to

25  advance the cause of other stockholders rings hollow and finds no support in the evidence.").

26  Undeterred, Abramowitz has appealed the court's decision and has brought a second action alleging

27  claims of tortious interference.

28

III.   ARGUMENT

In adjudicating Section 1782 applications courts are instructed to err on the side of granting discovery, so as to best promote the statute's twin aims of "providing efficient means of assistance to participants in international litigation" and "encouraging foreign countries" "to provide similar means of assistance to our courts." Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 252 (2004); In re Appl. of Malev Hungarian Airlines, 964 F.2d 97, 100 (2d Cir. 1992) ("imposing an additional burden" on Section 1782 applicants would "undermine the policy of improving procedures for assistance to foreign and international tribunals."); In re Eurasian Natural Resources Corp., No. 18-mc880041-LB, 2018 WL 1557167, at *2 (N.D. Cal. Mar. 30, 2018) ("There is no requirement that the party seeking discovery establish that. . . the United States would allow discovery in an analogous proceeding.").

A.   Palantir Satisfies the Statutory Requirements of Section 1782

As shown in Palantir's opening papers, Palantir has satisfied the statutory requirements of Section 1782, see Br. at 10 – 12, a point which Abramowitz concedes.

B.   The Intel Factors Weigh Strongly in Favor of Granting Palantir's Application

1.   The First Discretionary Factor Favors Discovery Because the Requested Discovery Cannot Be Obtained in the German Proceeding.

Numerous courts, including several Circuit courts, have held that where, as here, the requested discovery is not available in the foreign proceeding, the first factor favors discovery. See Br. at 12-13 (collecting cases). Even authorities relied on by Abramowitz, Opp. at 13, recognize that under the present circumstances, the first factor favors discovery. See In re Application of Auto-Guadeloupe Investissement S.A., No. 12 MC 221(RPP), 2012 WL 4841945, at * 5 (S.D.N.Y. Oct. 10, 2012) ("Guadeloupe") (first Intel factor favored granting Section 1782 relief where a litigant lacked the practical ability to obtain the necessary discovery in French litigation).

Abramowitz's attempt to overcome this well-established case law by relying on a handful of out-of-District cases which found that German courts could order a party to "produce whatever evidence [German] law require[s]," Opp. at 17, fails. Not only does Abramowitz's argument fly in the face of the uncontroverted testimony in this case, see Waldeck Decl. ¶¶ 12-13, but

his position has been rejected by numerous courts, including within this District, which, under similar circumstances, have granted Section 1782 discovery sought by one litigant in a German litigation from another.  See, e.g., In re AIS GmbH Aachen Innovative Solutions, No. 5:16-mc-80094-EJD,  2017 U.S. Dist. LEXIS 114288,  at *14 (N.D. Cal. July 21, 2017); In re IPCom GMBH & Co. KG, No. 5:14-MC-80037-EJD-PSG, 2014 WL 12772090, at *2 (N.D. Cal. Apr. 10, 2014); Cryolife v. Tenaxis Medical, Inc., No. C08-05124 HRL, 2009 U.S. Dist. LEXIS 3416, at *1 (N.D. Cal. Jan. 13, 2009); In re Technik, No. C11-1386-JCC, 2011 U.S. Dist. LEXIS 162826, *5-7 (W. D. Wa. Oct. 6, 2011).[3]

Abramowitz's alternative argument that the "typical" problem with German discovery—the need to identify requested documents on a document-by-document basis—"should not be an issue for Palantir" because it should be "able to specifically identify . . . documents its employees purportedly provided to Abramowitz," Opp. at 17-18, misapprehends Palantir's claim in the German Proceeding.  Palantir's claim does not depend solely on the information Palantir provided to Abramowitz.  Rather, Palantir seeks a declaration that Palantir, not Abramowitz, is the creator of the technology underlying the Challenged Patents.  To establish its case, Palantir requires Abramowitz to produce evidence, if any exists, of his invention, development and marketing of the technology underlying the Challenged Patents, none of which Palantir could hope to identify on a document-by-document basis.  See, e.g., Bukowski Decl. Ex. A, Requests No. 1-5; Heraeus Kulzer, GmbH v. Biomet, Inc., 633 F.3d 591, 596 (7th Cir. 2011) (finding that a plaintiff in an intellectual property dispute in German courts was entitled to Section 1782 relief because proving its case required "a great deal of discovery" which the litigant "cannot obtain" in Germany).  The first discretionary factor therefore weighs in favor of granting discovery.[4]

---

[3]   The authority on which Abramowitz relies is also unavailing for additional reasons.  For example, Schmitz v. Bernstein Libhard & Lifshitz, LLP, 376 F. 3d 79, 84 (2d Cir. 2004) is distinguishable because there, unlike here, German law enforcement authorities specifically requested that the Section 1782 application be denied.  And, In re Ex Parte LG Elecs. Deutschland GmbH, No. 12cv1197–LAB (MDD), 2012 WL 1836283 (S.D. Cal. May 21, 2012) supports Palantir's position, as that court granted Section 1782 discovery.

[4]   Abramowitz's ipse dixit assertion that if the Court grants Palantir's Section1782 Application, Abramowitz will also seek Section 1782 discovery which Abramowitz declares is "not what Section 1782 was intended to accomplish" is of no moment.  This is precisely the result that was blessed by the Seventh Circuit in Heraeus, 633 F.3d at 596, and has been deployed in several similar disputes in this District.  See, e.g., In re Application of Bayer Healthcare LLC, No. 14-mc-

2.   The Second Discretionary Factor Favors Discovery Because The
German Tribunal Is Not Hostile To this Application.

As shown in Palantir's moving papers and the cases cited therein, the second <u>Intel</u>

factor—which concerns the character of the foreign proceedings and the receptivity of a foreign court

to discovery obtained through Section 1782 proceedings—favors discovery absent "authoritative

proof" that the German tribunal will be hostile to the evidence obtained through Section 1782

discovery.  <u>See</u> Br. at 13-14.

This is a showing that Abramowitz cannot make.  Abramowitz fails to cite to <u>any</u>

German law that supports the notion that a German court will not consider evidence obtained through

Section 1782 proceedings.  This is not surprising because both the undisputed testimony here, as well

as ample precedent in this District dictates the opposite conclusion—that German courts will accept

evidence obtained through Section 1782 proceedings.  <u>See</u> Waldeck Decl. ¶ 14-17; <u>Cryolife</u>, 2009

U.S. Dist. LEXIS 3416 at *8-9; <u>In re Varian Med. Sys Int'nl AG</u>, No. 16-mc-80048-MEJ, 2016 U.S.

Dist. LEXIS 38911, at *11-12 (N.D. Cal. Mar. 24, 2016).[5]

Unable to challenge the second factor as it was articulated in <u>Intel</u>, Abramowitz creates

his own, arguing that discovery is unwarranted because the parties' dispute is subject to a forum

selection clause in favor of California.  <u>See</u> Opp at 18-20.  Abramowitz is mistaken.

To make this argument, Abramowitz seizes on a reference in the background section of

Palantir's German complaint to "contractual confidentiality agreements" and Abramowitz's

"obligation of confidentiality," Waldeck Decl. Ex. A. at 6,[6] and argues that Palantir's claims are

governed by a forum selection clause in the parties "Confidentiality Contracts."  Opp. at 18.

---

80138-WHA, 2014 WL 11513163, at *1 (N.D. Cal. July 1, 2014) (ordering reciprocal discovery
pursuant to a 1782 application in aid of a German patent proceeding).

[5]   Abramowitz's reliance on <u>In re Hoteles City Express</u>, 2018 WL 3417551, at *3 (N.D. Cal. July 13,
2018), Opp at 21, is unavailing to say the least.  In <u>Hoteles</u>, this Court denied a 1782 application
because the application did not contain sufficient information to describe the basis of the claim in
the foreign proceeding.  Once that information was provided, the application was granted.  <u>In re
Hoteles City Express</u>, No.18-mc-80112-JSC, 2018 WL 3753865 (N.D. Cal. Aug. 8, 2018).  Here
Palantir has already submitted the as-filed complaint in the German Proceeding which identifies
the contested patents by number, and which is more than sufficient to inform this Court of the
nature of Palantir's claim in the German Proceedings.

[6]   The <u>only</u> other reference to the confidentiality obligations in the German complaint is in the
description of the California Action.  <u>See</u> Wolrad Decl. Ex. A. at 6.

1   However, the German Proceeding is a patent dispute, not a contractual one, as is made clear

2   throughout the German complaint.  See Waldeck Decl. Ex. A at 3 ("[t]he starting point of this legal

3   dispute is that [Abramowitz], without the consent of the solely entitled [Palantir], initially filed the

4   two international [patent] applications"); id. ("[i]n order not to be completely deprived of its rights

5   relating to the instant inventions to which it is entitled as the sole authorized party, [Palantir] now

6   wishes to make use of the option provided for in Article 612(1)(b) [of the European Patent

7   Convention] to file new European patent applications. . . .[which] requires a final decision granting

8   [Palantir] the entitlement to the grant of the patents" at issue in the German Proceeding); 7 ("[t]he

9   complaint relates to two patent applications"); 22 ("By filing the patents in suit, [Abramowitz]

10  appropriated a right to which [Palantir]  is entitled."). Simply put, there can be no serious dispute that

11  Palantir's claims in the German Proceeding arise from Abramowitz's conduct in violation of European

12  patent law, not any contractual obligations between the parties.  The forum selection clause is

13  therefore inapplicable to the parties' dispute in Germany.  See Expert Microsystems, Inc. v. University

14  of Chicago, No. CIV. 09-586 WBS JFM, 2009 WL 10691353, at *3 (E.D. Cal. Aug. 6, 2009) (forum

15  selection clause inapplicable because patent law claims "simply could not have been asserted in the

16  earlier filed state court [breach of contract] action").

17          Abramowitz cannot overcome the reality that the German Proceeding is a patent

18  dispute outside the scope of the forum selection clause in the parties' contract.  Id.  In the first

19  instance, this Court has already held that claims of inventorship—whether it is Palantir or Abramowitz

20  that is entitled to the patents—arise out of, and are based on, patent law and are not at issue in the

21  California Action.  See Palantir, 2017 WL 926467, at *7.  The fact that Abramowitz has never

22  asserted that the PTO proceeding is improperly filed is alone sufficient to lay his argument to bed.

23  And Abramowitz offers no reason at all why claims with respect to inventorship arising out of

24  European statutory law and Abramowitz's conduct in Europe can be adjudicated in the California

25  Action, when even comparable claims with respect to US patents cannot be addressed by the

26  California court.  Cases on which Abramowitz relies are of no help to him, as these authorities do

27  nothing to support his novel claim that a party is prohibited from seeking to enforce its European

28  statutory patent rights before the only court empowered to enforce those rights because it is a party to

- 9 -

a contractual agreement which contains a forum selection clause.  See Expert Microsystems, 2009 WL

10691353, at *3.  Indeed, none of the cases relied on by Abramowitz address patent law claims, and

none so much as reference Section 1782 discovery.[7]  The second discretionary factor favors discovery.

3.  The Third Discretionary Factor Favors Discovery Because This
Application Has Not Been Filed to Circumvent Any Law or Rule.

Unable to contest Palantir's argument—which is supported by uncontroverted

evidence—that Palantir's Section 1782 Application does not circumvent German discovery rules, Br.

at 3; Waldeck Decl. at ¶ 17, Abramowitz argues that this factor supports denying discovery because

Palantir purportedly seeks to circumvent the discovery stay in place in the California Action.  Opp. at

21-22.  The discovery stay in the California Action is of course irrelevant here.  As the Supreme Court

explained in Intel, the third factor is concerned with foreign, not US proceedings.  See In re Ex Parte

Motorola Mobility, LLC, No. C 12-80243 EJD (PSG), 2012 WL 4936609, at *2 (N.D. Cal. Oct. 17,

2012) ("Because there is no indication in the record of an attempt to subvert a foreign tribunal's

restrictions, the court finds that this factor weights in favor of [the applicant].").[8]

In any event, Abramowitz's claims with respect to the discovery stay in the California

Action are misleading.  First, the California Action and Palantir's patent claims are distinct and

subject to different legal proceedings, and so there is no reason why Palantir should be prohibited

---

[7]  Manetti-Farrow, Inc. v. Gucci Am., Inc., 858 F.2d 509 (9th Cir. 1988), Smith, Valentino & Smith,
Inc. v. Superior Court, 17 Cal. 3d 491 (1976), Nedlloyd Lines B.V. v. Superior Court, 3 Cal. 4th
459 (Cal. 1992), and Lu v. Dryclean-U.S.A. of Cal. Inc., 11 Cal. App. 4th 1490 (Cal. Ct. App.
1992) are inapposite as none concern inventorship, or any patent law, claims; instead, these cases
all involve tort and contract claims.  Olinick v. BMG Entm't, 138 Cal. App. 4th 1286, 1294, 1299-
130 (Cal. Ct. App. 2006), the only case cited by Abramowitz to argue that a contractual forum
selection clause can sweep in federal statutory claims, is entirely inapplicable here, as there the
court found that a party's defense to a statutory claim necessarily turned on the language of a
contract containing the forum selection clause.  Here, the contract offers no defense to
Abramowitz's attempt to claim Palantir's technologies as his own.  Meanwhile, Kim Laube & Co.,
Inc. v. Wahl Clipper Corp., No. LA CV09-00914 JAK (JCx), 2013 WL 12084741 (C.D. Cal. Mar.
8, 2013), Brae Transp., Inc. v. Coopers & Lybrand, 790 F.2d 1439 (9th Cir. 1986), and Winet v.
Price, 4 Cal. App. 4th 1159 (1992), are off base as they concern scope of releases in settlement
agreements, not forum selection clauses.  Montebueno Mktg., Inc. v. Del Monte Foods Corp.-
USA, No. CV 11–4977 MEJ, 2012 WL 986607 (N.D. Cal. Mar. 22, 2012) is likewise inapplicable.
[8]  Abramowitz's argument, Opp. at 22, that this factor weighs in favor of discovery because Palantir
sought Section 1782 relief "days" after commencing the German Action is hard to reconcile with
the Supreme Court's unequivocal holding that a Section 1782 applicant can seek Section 1782
discovery even before commencing litigation in a foreign court.  See Intel, 542 U.S. at 259.

- 10 -

from seeking discovery in support of claims unrelated to the California Action because discovery in

the California Action is stayed.  See Expert Microsystems, 2009 WL 10691353, at *3.  Second,

because discovery in the California Action will in all events proceed with respect to Palantir's non-

trade secret claims, there is no basis to deny discovery here.  Finally, third, any concern that

Abramowitz has can be, and should be, remedied by an appropriately tailored protective order; not by

denying Palantir's application entirely.  In re Accent Delight Intn'l Ltd., 869 F.3d 121, 135-36 (2d Cir.

2017) (a properly crafted protective order can address concerns that a party is using international

litigation to circumvent discovery restrictions elsewhere); Glock v. Glock, 797 F.3d 1002, 1009 (11th

Cir. 2015) (same).  The third discretionary factor therefore weighs in favor of granting discovery.

> ### 4.   The Fourth Discretionary Factor Favors Discovery Because The Requested Discovery Is Not Unduly Burdensome.

As shown in Palantir's Brief, the fourth factor also favors discovery.  See Br. at 15.

Abramowitz's blunderbuss undue burden argument fails for numerous reasons.  As a threshold matter,

Abramowitz's argument mischaracterizes the discovery Palantir seeks.  For example, Abramowitz

argues that Palantir seeks discovery that "bears no relation" to the claims in the German Proceeding.

Opp. at 22.  To support this Abramowitz points to Palantir's request seeking evidence of any

technology that Abramowitz has "invented."  Id. at 23.  But, a core point that Palantir will make in the

German proceedings is that Abramowitz is not now, nor has ever been, a scientific or technological

inventor, but is rather merely a financial investor.  See Waldeck Decl. Ex. A. at 5, 20.  The discovery

sought is therefore directly relevant to the German Proceeding.[9]

---

[9]   Authority cited by Abramowitz is inapposite.  In re Pioneer Corp. for an Order Permitting Issuance of Subpoenas to Take Discovery in a Foreign Proceeding, No. MC 18–0037 UA (SS), 2018 WL 2146412 (C.D. Cal. May 9, 2018), is inapplicable as there the requested discovery could not be used in the foreign proceedings because it had already concluded. MetaLab Design Ltd. v. Zozi Int'l, Inc., No. 17-mc-80153-MEJ, 2018 WL 368766 (N.D. Cal. Jan. 11, 2018), Moon v. SCP Pool Corp., 232 F.R.D. 633 (C.D. Cal. 2005) and In re Judicial Assistance Pursuant to 28 U.S.C. 1782 by Macquarie Bank Ltd., No. 2:14–cv–00797–GMN–NJK, 2015 WL 3439103 (D. Nev. May 28, 2015) miss the mark as the discovery requested there was not temporarily nor geographically limited.  By contrast, Palantir imposed a specific time period, which may be further narrowed during the meet and confer process.  Finally, In re O2CNI Co., LTD, 2013 WL 5826730 (N.D. Cal. Oct. 29, 2013) is unavailing as that case involved a trade secret proceeding where the party seeking discovery failed to identify the trade secret at issue.  Here, Palantir has identified the Challenged Patents by number.  See Br. at 2; Waldeck Decl. Ex. A at 2.

1                Beyond that, a burden objection cannot be a basis for denying a Section 1782

2   application absent "a specific showing of burden" posed by the requested discovery.  See Heraeus,

3   633 F.3d at 598 (a "specific showing of burden is . . . required" to justify denial of a Section 1782

4   application); ADT Secs. Servs., Inc. v. Alarm Co., No. 05-2779 MV, 2006 WL 8435887, at *5 (W.D.

5   Tenn. June 12, 2006) (compelling production where defendant made "vague assertion" that

6   responding to discovery was "unduly burdensome").  Abramowitz makes no effort to make this

7   specific showing.  Abramowitz's burden objection is particularly not well taken here as Palantir

8   offered to meet-and-confer concerning the scope of the requested discovery, an offer Abramowitz

9   rejected out of hand.  See Bukowski Reply Decl. Ex. A (September 5, 2018 Email from Jack DiCanio

10   to David Livshiz); Heraeus, 633 F.3d at 597 (the district court committed "serious legal errors" by

11   denying Section 1782 discovery as unduly burdensome where the discovery target "refused to meet . .

12   . to negotiate a reduction in the amount of discovery sought); Eurasian Natural Resources, 2018 WL

13   1557167, at *4 (instead of a "motion to quash, the parties must engage in the meet-and-confer"

14   process); In re Appl. of Sauren Fonds-Select SICAV v. For Sic. Pursuant to 28 U.S.C. § 1782, No.

15   216-CV-00133 (SDW) (LDW), 2016 WL 6304438, at *6 (D.N.J. Oct. 26, 2016) (arguments of "undue

16   burden," were "better addressed" through meet and confer process.)

17                Abramowitz's reliance on case law denying Section 1782 discovery because of

18   confidentiality concerns, see Opp at 23, is also unavailing.  Abramowitz points to no evidence that in a

19   case such as this, the German court would refuse to protect the Parties' confidential information.  To

20   the contrary, there are ample procedural devices in Germany to protect the Parties' confidential

21   information.  See Waldeck Reply Decl. at ¶¶ 10-15.[10]

22                The final discretionary factor therefore also supports granting discovery.

23      **C.**      **Palantir's Application is Brought In Good Faith.**

24                Unable to challenge Palantir with respect to the Section 1782 statutory requirements or

25   the Intel discretionary factors, Abramowitz argues that Palantir's Application should be denied as

---

[10]  Abramowitz's assertion that Palantir's application should be denied because it seeks production of
categories of documents, Opp. at 23-24, is contradicted by an overwhelming majority of precedent
authorizing 1782 discovery seeking categories of documents. Heraeus, 633 F. 3d at 596; Motorola,
2012 WL 4936609, at *1,3; Cryolife, 2009 U.S. Dist. LEXIS 3416, at *15.

1    brought in bad faith.  Opp. at 12-14.  That argument too falls far short.

2          To establish "bad faith" Abramowitz must clear "a high bar" by showing —based on

3    specific factual evidence—that Palantir commenced the German Proceeding and sought 1782

4    discovery for an improper purpose.   United States v. Prevezon Holdings, Ltd., 305 F.Supp.3d 468,

5    483 (S.D.N.Y. 2018) ("a finding of bad faith" requires a court to "find that the challenged actions

6    were taken for improper purposes" based on specific factual findings); In re Republic of Ecuador, No.

7    10-80225, 2011 WL 736868, at **8-9 (N.D. Ca. 2011) (rejecting assertion of bad faith

8    notwithstanding evidence that applicant intended to use discovery obtained through Section 1782 in

9    proceeding other than those in aid of which the Section 1782 application was brought); In re

10   Imanagement Servs., No. Misc. 05-89, 2005 U.S. Dist. LEXIS 17025, at *19 n. 6 (E.D.N.Y. Aug. 16,

11   2005) (refusing to deny Section 1782 application as brought in bad faith absent evidence that the

12   foreign proceeding was "clearly pretextual").

13          This is a showing Abramowitz does not, because he cannot, make.  Abramowitz's

14   assertion that Palantir's failure to reference the discovery stay in the California Action, Opp. at 13—an

15   action in which Palantir seeks relief separate and distinct from that sought in the German Proceeding,

16   Waldeck Reply Decl. ¶ 7—constitutes bad faith is a blatant mischaracterization of Palantir's claims in

17   the German Proceeding and is unsupported by the authority on which Abramowitz relies.  Notably,

18   Abramowitz does not even attempt to argue that the German Proceeding, subject to European loser

19   pay rules, see Waldeck Reply Decl. ¶ 5, is anything but meritorious.  As noted above, in the German

20   Proceeding, Palantir seeks a declaration that it is the rightful inventor of the technologies underlying

21   the Challenged Patents, not Abramowitz.  See Waldeck Reply Decl. ¶ 9.  This is precisely the claim

22   that this Court found to be outside the scope of the California Action, Palantir, 2017 WL 926467, at

23   *6, and for which relief can only be provided by a German court, see Waldeck Reply Decl. ¶¶ 7-8.

24   As such, the procedural posture of the California Action is irrelevant to Palantir's claims in Germany,

25   and Abramowitz offers no reason why a discovery stay pending Palantir's particularized description of

26   trade secrets in a litigation asserting trade secret claims (the California Action) is relevant to an action

27   in which no trade secret claims are asserted (the German Proceeding).  See Ecuador, 2011 WL

28

736868, at *9 (refusing to deny Section 1782 request as filed in "bad faith" absent evidence that alleged conduct "eviscerated" the applicant's legitimate interest in obtaining discovery).

The authority cited by Abramowitz is not to the contrary.  In re WinNet R CJSC and Green Development Corp. S.A. De C.v. v. Zamora turn on a Section 1782 applicant's failure to disclose adverse rulings in litigations directly bearing on the Section 1782 proceedings—the dismissal of the foreign proceeding in aid of which Section 1782 is sought and the denial of related and parallel Section 1782 applications.  See WinNet R CJSC, No. 16mc484(DLC), 2017 WL 1373918, at *3,9 (S.D.N.Y. Apr. 13, 2017) (denying application for failure to disclose that the principal foreign proceeding in aid of which discovery was sought had been rejected on the merits by Russian courts); Green Development , NO. 15-21594-MC-GOODMAN, 2016 WL 2745844, at *6-7 (S.D. Fl. May 10, 2016) (quashing subpoena where applicant failed to disclose the denial of a nearly identical Section 1782 application by a different court); see also In re Ferrer, No. 18-20226-CIV-O'SULLIVAN, 2018 WL 3240010, at *9 (S.D. Fla. July 3, 2018) (refusing to quash subpoena notwithstanding section 1782 applicant's failure to disclose adverse ruling in related litigation because that ruling did not directly impact the Section 1782 application).  Meanwhile, Guadeloupe, 2012 WL 4841945, at *10, compels rejection of Abramowitz's argument as that court granted Section 1782 discovery notwithstanding the applicant's failure to disclose material facts.  Simply put, Abramowitz has not identified any authority holding that a litigant has acted in bad faith for not disclosing discovery rulings in a different litigation which involved different legal claims governed by different law.

Abramowitz's argument that Palantir acted in bad faith by purportedly failing to disclose the forum selection clause in the parties' agreement, Opp. at 13-14, is also wide of the mark. As shown above, Palantir's claim in the German Proceedings can only be adjudicated in a German court because it arises out of and is based on European patent law, not the parties' contractual relationship, and the forum selection clause is therefore entirely irrelevant here.  See, supra, 11-12; Waldeck Reply Decl. ¶ 8.

Finally, Abramowitz argues that the "circumstances" under which Palantir brought the instant Application suggest bad faith.  See Opp. at 15-16.  Putting aside that such circumstantial reasoning cannot support a finding of bad faith, Prevezon, 305 F. Supp. 3d at 483, Ecuador, 2011 WL

4434816, at *5, Abramowitz's argument fails for the additional reason that this Court has already rejected Abramowitz's argument that inventorship is at issue in the California Action.  Compare Opp. at 16 (the claim of inventorship "is exactly the same issue pending in the California court") (emphasis in original) with Palantir, 2017 WL 926467, at *8 (the California Action "does not request any declaration regarding inventorship").  Abramowitz's argument that Palantir could have brought the German Proceeding earlier is of no moment.  Simply put, the uncontroverted evidence is that Palantir brought a claim with respect to the Challenged Patents in the only appropriate forum and within the applicable limitation statute.  Abramowitz offers no authority to support his argument that Palantir should be denied discovery merely because such an action could have been brought earlier.

Even if Abramowitz could establish that Palantir acted in bad faith, and he cannot, the remedy is not to deny Palantir's application, but to issue a tailored protective order to address Abramowitz's concerns.  See Guadeloupe, 2012 WL 4841945, at *10 (in dealing with claims of bad faith, "it is far preferable for a district court to reconcile whatever misgivings it may have about the impact of its participation in the foreign litigation by issuing a closely tailored discovery order rather than by simply denying relief outright.") (quoting Euromepa S.A. v. R. Esmerian, Inc., 51 F.3d 1095, 1101 (2d Cir. 1995); In re Accent Delight Int'l Ltd., 869 F.3d at 135-36.  Abramowitz's opposition appears motivated by a concern that by obtaining Section 1782 discovery Palantir will somehow get an advantage in the California Action.  If this is the case, the solution is not to deny Palantir's application, but to fashion an appropriate protective order.  In re Accent Delight Int'l Ltd., 869 F.3d at 135-36.  Palantir is amenable to such an approach—a fact that Abramowitz would know had he met and conferred with Palantir's counsel.

## IV.    CONCLUSION

For the reasons set forth above, and in its opening Brief, the Applicant respectfully requests that this Court grant this Application for Discovery Pursuant to 28 U.S.C. § 1782.

DATED:  September 28, 2018                  /s/  David Livshiz

                                            TIMOTHY P. HARKNESS (*pro hac vice to be filed*)
                                            DAVID Y. LIVSHIZ (*pro hac vice*)
                                            WERONIKA BUKOWSKI (*pro hac vice*)
                                            FRESHFIELDS BRUCKHAUS DERINGER US LLP

- 15 -

1

2

CHRISTOPHER A. STECHER
KEESAL, YOUNG & LOGAN

3

*Attorneys for Applicant Palantir Technologies, Inc.*

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28