JACK P. DICANIO (SBN 138782)
jack.dicanio@skadden.com
ALLEN RUBY (SBN 47109)
allen.ruby@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue, Suite 1400
Palo Alto, California 94301
Telephone:   (650) 470-4500
Facsimile:    (650) 470-4570

BARRY SIMON (*pro hac vice*)
bsimon@wc.com
JONATHAN B. PITT (*pro hac vice*)
jpitt@wc.com
STEPHEN L. WOHLGEMUTH (*pro hac vice*)
swohlgemuth@wc.com
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Telephone:   (202) 434-5000
Facsimile:    (202) 434-5029

Attorneys for
MARC L. ABRAMOWITZ

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| *In re Ex Parte* Application of PALANTIR TECHNOLOGIES INC., <br><br> Applicant, <br><br> For an Order Pursuant to 28 U.S.C. § 1782 to Obtain Discovery from MARC L. ABRAMOWITZ for Use in Foreign Proceedings. | CASE NO.: 3:18-mc-80132-JSC <br><br> **MARC L. ABRAMOWITZ'S MOTION FOR LEAVE TO FILE SUR-REPLY TO PALANTIR'S *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS** |

Marc L. Abramowitz ("Abramowitz") applies, pursuant to Civil Local Rule 7-11, for leave to file a sur-reply limited to addressing two issues raised for the first time in Palantir Technologies Inc.'s ("Palantir") Reply brief.

Because Palantir's opening brief failed to disclose several issues that are material to its *ex parte* application for discovery under § 1782, Palantir addressed many issues for the first time in reply. Abramowitz seeks leave to file a sur-reply because, in fairness, he should be permitted to respond to Palantir's position on two of these issues: (1) Palantir's newly-raised arguments concerning this Court's order remanding the California case back to state court; and (2) Palantir's new arguments concerning the 2012 Transfer Agreement. Sur-replies have been permitted in similar circumstances. *GT Nexus, Inc. v. Inttra, Inc.*, 2014 WL 3373088, at *1 (N.D. Cal. July 9, 2014) (granting party's administrative motion to file a sur-reply to address raised for the first time in a reply brief); *see also Thompson v. Comm'r*, 631 F.2d 642, 649 (9th Cir. 1980) ("The general rule is that appellants cannot raise a new issue for the first time in their reply briefs.").

Moreover, left unrebutted, Palantir's new arguments could mislead the Court. *First*, Palantir misleadingly describes this Court's order remanding the California case back to state court. The Court did not, as Palantir wrongly states, hold that the issue of who invented the allegedly "stolen" technologies was "beyond the scope of the California Action." Reply at 3. It actually held the opposite, recognizing that this issue would be "a large part of the proceedings in this [the California] action." *See Palantir Techs. Inc. v. Abramowitz*, 2017 WL 926467, at *6 (N.D. Cal. Mar. 9, 2017) (quotation marks omitted). *Second*, Palantir also raises new (and misleading) arguments with respect to the 2012 Transfer Agreement, which are rebutted in the attached sur-reply.[1]

Although Abramowitz contests much else in the reply, his sur-reply will be limited to these three issues. Otherwise, Abramowitz rests on his opposition.

---

[1] Because arguments about the terms of the 2012 Transfer Agreement implicate confidential information (according to Palantir), Abramowitz's arguments are discussed in full, under seal, in the attached sur-reply.

Palantir has not consented to the filing of a sur-reply.  *See* Wohlgemuth Sur-Reply Decl., Ex. J.

DATED: September 28, 2018

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: */s/ Jack P. DiCanio*
    Jack P. DiCanio

Attorneys for
MARC L. ABRAMOWITZ