JACK P. DICANIO (SBN #138782)
jack.dicanio@skadden.com
ALLEN RUBY (SBN #47109)
allen.ruby@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue, Suite 1400
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570

BARRY SIMON (*pro hac vice*)
bsimon@wc.com
JONATHAN B. PITT (*pro hac vice*)
jpitt@wc.com
STEPHEN L. WOHLGEMUTH (*pro hac vice*)
swohlgemuth@wc.com
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

Attorneys for
MARC L. ABRAMOWITZ

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| *In re Ex Parte* Application of<br>PALANTIR TECHNOLOGIES INC.,<br><br>    Applicant,<br><br>For an Order Pursuant to 28 U.S.C. § 1782 to Obtain Discovery from MARC L. ABRAMOWITZ for Use in Foreign Proceedings. | Case No.: 3:18-mc-80132-JSC<br><br>**MARC L. ABRAMOWITZ'S SUR-REPLY TO PALANTIR'S *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS** |

**TABLE OF CONTENTS**

PAGE

I. Palantir's Description of This Court's Remand Order Is Misleading ............................ 1

II. Palantir Filed the German Case in Violation of the 2012 Transfer Agreement .................... 4

**TABLE OF AUTHORITIES**

**CASES**                                                                **PAGE**

*Applied Medical Distribution Corp. v. Surgical Co. BV*,
    587 F.3d 909 (9th Cir. 2009) ................................................................4

*Bayol v. Zipcar, Inc.*,
    2014 WL 4793935 (N.D. Cal. Sept. 25, 2014) .......................................6

*E. & J. Gallo Winery v. Andina Licores S.A.*,
    446 F.3d 984 (9th Cir. 2006) .................................................................4

*Expert Microsystems, Inc. v. University of Chicago*,
    2009 WL 10691353 (E.D. Cal. Aug. 6, 2009) .......................................4

*Interdigital Technology Corp. v. Pegatron Corp.*,
    2015 WL 3958257 (N.D. Cal. June 29, 2015) .......................................5

*Kim Laube & Co. v. Wahl Clipper Corp.*,
    2013 WL 12084741 (C.D. Cal. Mar. 8, 2013) .......................................5

*M/S Bremen v. Zapata Off-Shore Co.*,
    407 U.S. 1 (1972) ..................................................................................5

*Microsoft Corp. v. Motorola, Inc.*,
    696 F.3d 872 (9th Cir. 2012) .............................................................5, 6

*Palantir Tech. Inc. v. Abramowitz*,
    2017 WL 926467 (N.D. Cal. Mar. 9, 2017) ..................................1, 2, 6

*Perry v. AT & T Mobility LLC*, No. C 11-01488 SI,
    2011 WL 4080625 (N.D. Cal. Sept. 12, 2011) ......................................5

**STATUTES**

28 U.S.C. § 1782 ................................................................................................1

35 U.S.C. § 135(a)(1) .........................................................................................6

Marc Abramowitz recognizes that sur-replies are only appropriate in unusual circumstances. This case presents such circumstances. Because Palantir's opening brief failed to disclose several issues that are material to its *ex parte* application for discovery under 28 U.S.C. § 1782, Palantir addressed many issues for the first time in reply. Abramowitz seeks, in fairness, to have an opportunity to respond to two such issues. Otherwise, Abramowitz rests on his opposition.[1]

*First*, Palantir misleadingly describes this Court's order remanding the California case back to state court. The Court did not, as Palantir wrongly states, hold that the issue of who invented the allegedly "stolen" technologies was "beyond the scope of the California Action." Reply at 3 (Dkt. 24). It actually held the opposite, recognizing that this issue would be "a large part of the proceedings in [the California] action." *Palantir Tech. Inc. v. Abramowitz*, 2017 WL 926467, at *6 (N.D. Cal. Mar. 9, 2017) (emphasis added) (citation omitted).



Palantir's § 1782 application should be denied.

I. **Palantir's Description of This Court's Remand Order Is Misleading.**

For the first time in its reply brief, Palantir addressed this Court's order remanding the California case back to state court. Reply at 2.[2] At several points, Palantir claims that this Court held that the issue of who invented the technologies at issue was "beyond the scope of the California Action." Reply at 3 (emphasis added); *id.* at 13. Palantir tries to use this argument on several fronts: according to Palantir, this explains why it failed to disclose the stay of discovery in the California case (Reply at 13), why it is acting in good faith by proceeding in both Germany and California (*id.* at 15), and why it failed to

---

[1] To be clear, there is much else in the reply that Abramowitz contests. In particular, Palantir claims that "Abramowitz does not deny the core factual allegations underlying Palantir's claim in the German Proceeding." Reply at 2. That is incorrect. Abramowitz has denied Palantir's allegations in every forum in which he has appeared. This proceeding is not the forum to litigate the merits of Palantir's claims, but there should be no doubt that Abramowitz denies them.

[2] All citations to the Reply are to the Reply as originally filed. (Dkt. 24.)

1

disclose the Dispute Resolution provision (*id.* at 8-9). But Palantir's description of the remand order is not only inaccurate—it also contradicts what Palantir has told other courts.

In removing the California case, Defendants argued that the California case necessarily raised the federal question of inventorship under patent law: (1) because Palantir sought to enjoin Abramowitz from taking certain actions before the PTO and (2) because Palantir's UCL claim was in part premised on allegedly false statements of inventorship by Abramowitz to the PTO. *See Palantir Techs. Inc. v. Abramowitz*, 2017 WL 926467, at *3 (N.D. Cal. Mar. 9, 2017). The Court rejected these arguments, holding (1) that the request for an injunction, which was not directed at the PTO but at Abramowitz, could not raise a federal question and (2) that, because the UCL claim raised alternative theories other than inventorship-fraud, it did not <u>necessarily</u> raise the issue of inventorship. *See id.* at *5-6.

Remand was not based on the fact that inventorship was <u>beyond the scope</u> of the California case, but that it was not <u>limited</u> to inventorship so as to confer federal jurisdiction. In fact, the Court recognized that there was "<u>no doubt</u>" that the issue of inventorship will be "<u>a large part of the proceedings in [the California] action</u>." *Id.* at *6 (emphasis added) (citation omitted). But that was not enough to support federal jurisdiction, since inventorship was not "the <u>exclusive</u> theory upon which Palantir's claims are based." *Id.* (emphasis added) Palantir's claim that inventorship is "beyond the scope of the California Action" is therefore misleading at best. Reply at 3.

Palantir's claim also contradicts nearly every one of Palantir's earlier pleadings.

- In the Delaware Chancery Court, Palantir described the California case as alleging that "it [Palantir] <u>invented</u> the processes and systems that Abramowitz now claims as his own." Ex. L[3] (emphasis added).
- In the Delaware Superior Court, Palantir described the California case as alleging that "Abramowitz—a professional investor—misappropriated confidential Palantir secrets that he then <u>used to obtain patents in his own name</u>." Ex. M (emphasis added).
- In the California Superior Court, Palantir described the "<u>core of this case</u>" as the "allegation that

---

[3] Citations to Exhibits A through I refer to the exhibits to the Declaration of Stephen L. Wohlgemuth filed in connection with Abramowitz's opposition (Dkt. 17-1). Citations to Exhibits J through O refer to the exhibits to the Declaration of Stephen L. Wohlgemuth filed contemporaneously with this sur-reply.

2

**ABRAMOWITZ'S SUR-REPLY**  3:18-MC-80132-JSC

Abramowitz misappropriated the company's proprietary information and then used it <u>to seek patents in his own name</u>." Ex. N (emphasis added).

- In the parties' most recent case management statement to the California Superior Court—filed just last month—Palantir alleged that "[a]fter obtaining this information from Palantir, Defendants filed a series of patent applications claiming that Abramowitz . . . was *the sole inventor* of the very same trade secrets he had just learned from Palantir." Ex. O.

Palantir clearly intends to litigate in California the issue of whether Abramowitz is "*the sole inventor*" of the technologies disclosed in the patent applications. *Id.* It is disingenuous for Palantir to claim that this issue—the "core of th[e] case"—is now somehow "beyond the scope of the California Action."[4] Reply at 3. And of course the issue of the proper "*sole inventor*" is the <u>exact</u> same issue that Palantir intends to litigate in Germany, as the litigation there concerns a subset of the <u>exact</u> same technologies at issue in California. *See* Opp. at 10 (Dkt. 17). The cases are duplicative.

Palantir also tries to avoid this conclusion by claiming that the California case and the German case "arise out of distinct acts." Reply at 2. That is demonstrably untrue. The German case and the California case involve the same technology that Palantir allegedly shared with Abramowitz. Palantir Mem. at 1-2 (Dkt 2); Opp. at 10. And in the California case, Palantir seeks damages for <u>all</u> alleged disclosures of that information to third parties. Ex. A ¶ 42-44; Opp. at 8. That would obviously include the alleged disclosures in Abramowitz's international patent applications, which are the disclosures that are at issue in the German case(s).[5] *See, e.g.*, Reply at 2 (stating that German proceeding arises from "Abramowitz's filing of European patent applications"). Finally, Palantir claims that the German case(s) and the California cases "seek different relief." Reply at 2. But in the California case, Palantir

---

[4] The reply contradicts what Palantir has told other courts in other ways. For example, the reply doubles down on Palantir's claim that "Abramowitz is not now, nor has ever been, a scientific or technological inventor." Reply at 11. But Palantir has told the California Superior Court the opposite: it described Abramowitz as "a smart guy" who was "consulted" as Palantir developed its supposed technologies. *See* Ex. K (15:6-20). And Palantir stated to the California court—contrary to its claims to both this Court and the German court—that it did not invent "every claim" in Abramowitz's patent applications: there were "a variety of claims from his [Abramowitz's] own patent applications that we [Palantir] didn't come up with." *Id.*

[5] Even if Palantir were to disavow its broad allegations in California, it would make no difference. Palantir cannot avoid a charge of harassing, duplicative litigation by chopping up its claims into multiple forums when a single forum—the California Superior Court—can address all alleged disclosures.

seeks money damages for all alleged disclosures of information, which certainly subsumes the two claims for money damages in Germany. Opp. at 16. And Palantir has <u>still</u> not explained why the broad injunctive relief it is seeking in California—which it claims would require Abramowitz to amend his patent applications—would not provide Palantir with complete relief. *See id.*

II. **Palantir Filed the German Case in Violation of the 2012 Transfer Agreement.**



4

**ABRAMOWITZ'S SUR-REPLY**  3:18-MC-80132-JSC

Case 3:18-mc-80132-JSC   Document 32-4   Filed 09/28/18   Page 8 of 9



5

ABRAMOWITZ'S SUR-REPLY                                    3:18-MC-80132-JSC

1 ████████████████████████████████
2 ████████████████████████████████
3 ████████████████████████████████
4 ████████████████████████████████
5 ████████████████████████████████
6 ████████████████████████████████
7 ████████████████████████████████
8 ██████████████████
9             *    *    *    *
10   For the reasons set forth above, and for the reasons set forth in his opposition, Abramowitz
11 respectfully requests that the Court deny Palantir's application.
12
13 DATED: September 28, 2018               Respectfully submitted,
14
                                          SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
15
                                          By:      /s/ Jack P. DiCanio
16                                                 Jack P. DiCanio
                                                   Attorneys for Respondent
17                                                 MARC L. ABRAMOWITZ

25 ─────────────
26 ████████████████████████████████
27 ████████████████████████████████
28 ████████████████████████████████

6

**ABRAMOWITZ'S SUR-REPLY**                                              3:18-MC-80132-JSC