# EXHIBIT N

1  **BOIES, SCHILLER & FLEXNER LLP**
   David Boies (*Pro Hac Vice*)
2  (dboies@bsfllp.com)
   333 Main Street
3  Armonk, NY 10504
   Tel: (914) 749-8200; Fax: (914) 749-8300
4

5  David Zifkin (SBN 232845) (dzifkin@bsfllp.com)
   Shira Liu (SBN 274158) (sliu@bsfllp.com)
6  401 Wilshire Boulevard, Suite 850
   Santa Monica, CA 90401
7  Tel: (310) 752-2400; Fax: (310) 752-2490

8  **KIRKLAND & ELLIS LLP**
   Jay P. Lefkowitz (*Pro Hac Vice*)
9  (lefkowitz@kirkland.com)
   Nathaniel J. Kritzer (*Pro Hac Vice*)
10 (nathaniel.kritzer@kirkland.com)
   601 Lexington Ave
11 New York, NY 10022
   Tel: (212) 446-4800; Fax: (212) 446-4900
12
   *Additional counsel identified on signature page*
13
   *Attorneys for Plaintiff* PALANTIR TECHNOLOGIES INC.
14

15            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
                   **FOR THE COUNTY OF SANTA CLARA**
16                         **UNLIMITED JURISDICTION**

| | |
|---|---|
| PALANTIR TECHNOLOGIES INC., a Delaware corporation, | Case No. 16CV299476 |
| *Plaintiff*, | **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR A PROTECTIVE ORDER** |
| v. | **[PUBLIC VERSION]** |
| MARC L. ABRAMOWITZ, in his individual capacity and as trustee of the MARC ABRAMOWITZ CHARITABLE TRUST NO. 2, KT4 PARTNERS LLC, a Delaware limited liability company, and DOES 1 through 50, inclusive, | Date:  February 13, 2018<br>Time:  9:00 a.m.<br>Dept.:  9<br>Judge: Hon. Mary E. Arand |
| *Defendants*. | Complaint Filed:  September 1, 2016<br>Trial Date:  Not set |

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR A PROTECTIVE ORDER

## I. Introduction

Palantir's trade secret disclosure describes in detail the thirty-nine trade secrets Defendants misappropriated and exceeds the requirements of California Code of Civil Procedure § 2019.210. Defendants now implausibly argue the disclosure is too "vague" for them to "defend[] themselves against th[e] serious accusations" of theft set forth in the Complaint (the "SAC"). (Mot. at 2). In making that argument, Defendants studiously avoid reiterating what they have repeatedly admitted is the core of this case: "[u]nderlying every claim in its Complaint is Palantir's allegation that Abramowitz misappropriated the company's proprietary information and then used it to seek patents in his own name." (Declaration of David Zifkin ("Zifkin Decl.") ¶ 4, Ex. 1 at 2). Defendants dodge discussing those allegations because, unlike in many trade secret litigations, the boundaries of the relevant trade secrets are already clearly drawn. Defendants stole Palantir's trade secrets and claimed those secrets as their own in patent applications. Defendants have been on notice of the nature of Palantir's trade secrets since before this case was filed. Palantir's disclosure provides further detail that exceeds its burden to disclose the substance of the trade secrets with "reasonable particularity," and Defendants' motion for a protective order should be denied.

Defendants further argue the "technical jargon" in Palantir's disclosure "boils down 'to a list of high-level generic categories.'" (Mot. at 7). Defendants offer no evidence to support this conclusory argument; they ignore the substance of the trade secrets actually disclosed, and they fail to analyze the trade secrets in any meaningful way. They also disregard their admitted understanding that the trade secrets are contained in their patent applications, which they presumably would not assert are merely a list of high-level generic categories. The Court should reject Defendants' efforts to obscure what they previously admitted is already clear.

Defendants also make the conclusory argument that an expert would be unable to distinguish Palantir's trade secrets from matters generally known in the field. But they did not provide any expert testimony to support this assertion, nor did they provide any other support or analysis. Indeed, defense counsel did not even show Palantir's disclosure to Mr. Abramowitz though he claims to be the sole inventor of the misappropriated trade secrets in the patent applications. (Mot. 10 n.9). In contrast, Palantir retained an independent expert in the field of data

| | |
|---|---|
| Dated: January 16, 2018 | BOIES SCHILLER FLEXNER LLP<br>KIRKLAND & ELLIS LLP<br><br>By: ___/s/___<br><br>David Zifkin (SBN 232845)<br>(dzifkin@bsfllp.com)<br>Shira Liu (SBN 274158)<br>(sliu@bsfllp.com)<br>BOIES, SCHILLER & FLEXNER LLP<br>401 Wilshire Boulevard, Suite 850<br>Santa Monica, CA 90401<br>Telephone: (310) 752-2400<br>Facsimile: (310) 752-2490<br><br>David Boies (*Pro Hac Vice*)<br>(dboies@bsfllp.com)<br>BOIES, SCHILLER & FLEXNER LLP<br>333 Main Street<br>Armonk, NY 10504<br>Telephone: (914) 749-8200<br>Facsimile: (914) 749-8300<br><br>John T. Zach (*Pro Hac Vice*)<br>(jzach@bsfllp.com)<br>BOIES, SCHILLER & FLEXNER LLP<br>575 Lexington Avenue, 7th Floor<br>New York, NY 10022<br>Telephone: (212) 446-2300<br>Facsimile: (212) 446-2350<br><br>Kaitlyn Murphy (SBN 293309)<br>(kmurphy@bsfllp.com)<br>Juan P. Valdivieso (SBN 307650)<br>(jvaldivieso@bsfllp.com)<br>Fiona Tang (298101)<br>(ftang@bsfllp.com)<br>BOIES, SCHILLER & FLEXNER LLP<br>1999 Harrison St., Suite 900<br>Oakland, CA 94612<br>Telephone: (510) 874-1000<br>Facsimile: (510) 874-1460<br><br>Jay P. Lefkowitz (*Pro Hac Vice*)<br>(lefkowitz@kirkland.com)<br>Nathaniel J. Kritzer (*Pro Hac Vice*)<br>(nathaniel.kritzer@kirkland.com)<br>KIRKLAND & ELLIS LLP<br>601 Lexington Ave<br>New York, NY 10022<br>Telephone: (212) 446-4800 |

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER

1
2
3
4
5

Jay P. Lefkowitz (*Pro Hac Vice*)
(lefkowitz@kirkland.com)
Nathaniel J. Kritzer (*Pro Hac Vice*)
(nathaniel.kritzer@kirkland.com)
KIRKLAND & ELLIS LLP
601 Lexington Ave
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

6

*Attorneys for Plaintiff* PALANTIR TECHNOLOGIES INC.

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28