# EXHIBIT O

**Electronically Filed** CM-110
**by Superior Court of CA,**
**County of Santa Clara,**
**on 8/20/2018 12:05 PM**
**Reviewed By: A. Rodriguez**
**Case #16CV299476**
**Envelope: 1852325**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
David Zifkin (SBN 232845), Boies Schiller Flexner LLP
401 Wilshire Boulevard, Suite 850
Santa Monica, CA 90401
TELEPHONE NO.: 310-752-2400     FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):* dzifkin@bsfllp.com
ATTORNEY FOR *(Name):* Palantir Technologies Inc.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Downtown Superior Court

PLAINTIFF/PETITIONER: Palantir Technologies Inc.
DEFENDANT/RESPONDENT: Marc L. Abramowitz et al.

**CASE MANAGEMENT STATEMENT**
*(Check one):* [✓] **UNLIMITED CASE** [ ] **LIMITED CASE**
(Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less)

CASE NUMBER: 16-CV-299476

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:
Date: September 4, 2018   Time: 10:00 a.m.   Dept.: 9   Div.:   Room:
Address of court *(if different from the address above):*

[✓] **Notice of Intent to Appear by Telephone,** by *(name):*  John Zach, Counsel for Plaintiff. Additional Counsel for Plaintiff will appear in person.

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** *(answer one):*
   a. [ ] This statement is submitted by party *(name):*
   b. [✓] This statement is submitted **jointly** by parties *(names):* Palantir Technologies Inc. and all Defendants

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* September 1, 2016
   b. [ ] The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [✓] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not):*
      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names):*
      (3) [ ] have had a default entered against them *(specify names):*
   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in [✓] complaint  [ ] cross-complaint  *(Describe, including causes of action):*
   See Attachment

Page 1 of 5
Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

| | CM-110 |
|---|---|
| PLAINTIFF/PETITIONER: Palantir Technologies Inc. | CASE NUMBER: 16-CV-299476 |
| DEFENDANT/RESPONDENT: Marc L. Abramowitz et al. | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

   See Attachment

   ☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
   The party or parties request ☑ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*
   All parties request a jury trial.

6. **Trial date**
   a. ☐ The trial has been set for *(date):*
   b. ☑ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
   See Attachment
   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
   The party or parties estimate that the trial will take *(check one):*
   a. ☑ days *(specify number):* 10 days
   b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☑ by the following:
   a. Attorney: See Attachment
   b. Firm:
   c. Address:
   d. Telephone number:
   e. E-mail address:
   f. Fax number:
   g. Party represented:
   ☐ Additional representation is described in Attachment 8.

9. **Preference**
   ☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
    a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
       (1) For parties represented by counsel: Counsel ☑ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
       (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
    b. **Referral to judicial arbitration or civil action mediation** (if available).
       (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
       (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
       (3) ☑ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*
       California Rule of Court 3.811(b)(1) and (8)

CM-110

| PLAINTIFF/PETITIONER: Palantir Technologies Inc. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Marc L. Abramowitz et al. | 16-CV-299476 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

|  | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ✓ | ✓ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ✓ | ✓ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

CM-110

| PLAINTIFF/PETITIONER: | Palantir Technologies Inc. | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | Marc L. Abramowitz et al. | 16-CV-299476 |

### 11. Insurance
a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
b. Reservation of rights: ☐ Yes ☐ No
c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

### 12. Jurisdiction
Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
☐ Bankruptcy ☐ Other *(specify):*

Status:

### 13. Related cases, consolidation, and coordination
a. ☐ There are companion, underlying, or related cases.
   - (1) Name of case:
   - (2) Name of court:
   - (3) Case number:
   - (4) Status:

   ☐ Additional cases are described in Attachment 13a.
b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

### 14. Bifurcation
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

### 15. Other motions
☑ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
The parties expect to file motions for summary judgment. There are currently pending motions for a protective order and motions to seal.

### 16. Discovery
a. ☐ The party or parties have completed all discovery.
b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|

See Attachment

c. ☑ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

See Attachment

CM-110

| PLAINTIFF/PETITIONER: | Palantir Technologies Inc. | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | Marc L. Abramowitz et al. | 16-CV-299476 |

### 17. Economic litigation

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

### 18. Other issues

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

### 19. Meet and confer

a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* ___7___

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: August 20, 2018

John Zach                                    ▶ John Zach
(TYPE OR PRINT NAME)                         (SIGNATURE OF PARTY OR ATTORNEY)

Jack P. DiCanio                              ▶ Jack P. DiCanio
(TYPE OR PRINT NAME)                         (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

# ATTACHMENT TO CASE MANAGEMENT STATEMENT (FORM CM-110)

**4.     Description of Case**

a.     Plaintiff Palantir Technologies Inc. ("Palantir") filed suit against Defendants Marc L. Abramowitz ("Abramowitz"), Marc Abramowitz Charitable Trust No. 2 (the "Trust"), and KT4 Partners LLC ("KT4," together with Abramowitz and the Trust, "Defendants").  Palantir asserts claims for: (1) Breach of Contract; (2) Breach of the Implied Covenant of Good Faith and Fair Dealing; and (3) Violation of California Civil Code section 3426 et seq.

**b.     Parties' Statements of the Case**

   **(1) Plaintiff's Statement**

Palantir alleges that Abramowitz (in his personal capacity and in his representative capacity on behalf of the other defendants) was an early investor in Palantir, who—as an active shareholder—developed relationships with Palantir's senior executives and had become a trusted confidant of the company.  Under the guise of being an active and trusted shareholder, he pressed the company for details about confidential, proprietary, and trade secret information, including developing projects, proprietary technologies, systems and methods, client lists, and other confidential matters related to Palantir's healthcare, cyberinsurance, cybersecurity, and natural resources exploration technologies (the "Palantir Trade Secrets"), which are described in the Second Amended Complaint at ¶¶ 19, 36-37, 45, and 54.  After obtaining this information from Palantir, Defendants filed a series of patent applications claiming that Abramowitz—an individual with no technical background and no history as an inventor or patent innovator in these areas—was *the sole inventor* of the very same trade secrets he had just learned from Palantir.  Defendants claim that Abramowitz personally came up with the Palantir Trade Secrets—which cover discreet areas in which Palantir specializes—is both false and implausible.  After filing the Patent Applications, Defendants engaged in further misconduct by seeking to market the Palantir Trade Secrets as their own.  By engaging in this misconduct, Abramowitz—in his individual capacity and representative capacity of the other defendants—breached multiple agreements with Palantir containing confidentiality provisions preventing Abramowitz from using or disclosing Palantir's confidential information (claim one); he interfered with Palantir's right to receive the benefit of the parties' Confidentiality Contracts and Investors' Rights Agreement in bad faith (claim two); and he misappropriated Palantir's trade secrets in violation of Civ. Code § 3426 *et seq.* (claim four).  The Court denied Defendants' demurrer for each of these causes of action.[1]  Palantir is seeking monetary damages and injunctive relief to compensate it for the harm Defendants caused (including relief to prevent Defendants from continuing to use and disclose the Palantir Trade Secrets).

---

[1] The Court granted Defendants' demurrer on Palantir's third cause of action for violations of California's Unfair Competition Law.