# Freshfields Bruckhaus Deringer US LLP

**DAVID LIVSHIZ**
601 Lexington Avenue
31st Floor
New York, NY  10022
Tel +1 212 284 4979
Fax +1 646 521 5779
david.livshiz@freshfields.com

August 7, 2019

**VIA ECF**

Magistrate Judge Jacqueline Scott Corley
United States District Court for the
Northern District of California
San Francisco Courthouse, Courtroom F – 15th Floor
450 Golden Gate Ave.
San Francisco, CA 94102

Re: *Ex Parte* Application of Palantir Technologies Inc. for Order Pursuant to 28 U.S.C. § 1782 to Obtain Discovery for Use in Foreign Proceedings, Case No. 3:18-mc-80132-JSC

Judge Corley:

We write on behalf of applicant Palantir Technologies Inc. (***Palantir***) to provide an update and to request a status conference in the above-referenced matter (***1782 Proceedings***), as Mr. Abramowitz's Motion for an Anti-Suit Injunction (***Motion***), filed in California Superior Court (***California Court***) in *Palantir Technologies Inc. v. Abramowitz, et al.*, Case No. 16-cv-299476, was denied on May 21, 2019 and service of the German action for which Palantir seeks Section 1782 discovery has now been effected on Mr. Abramowitz.

By way of background, on August 13, 2018 Palantir commenced the above-captioned proceedings seeking an order pursuant to 28 U.S.C. § 1782 to obtain discovery from Marc Abramowitz for use in litigation Palantir commenced in the Federal Republic of Germany to enforce Palantir's European patent rights (***German Proceedings***).  Mr. Abramowitz opposed the application on September 7, 2018, arguing that Palantir's application for discovery pursuant to 28 U.S.C. § 1782 should be denied because it was brought in bad faith and because the German Proceedings about the disputed European patent rights were subsumed within the claims already pending in California, and subject to the forum selection clauses in the Parties' contracts.  Mr. Abramowitz framed the issue as follows: "[a]ll of the relief that they are seeking in Germany, they can get in California."  Transcript of December 6, 2018, 23:24-25; see also 20:19-21:16; 22:21-23:25.  Mr. Abramowitz also argued that the "1782 application […], [would] allow[] [Palantir] to get access to discovery where, under California law, they're not entitled to it yet, because they haven't met the standards that California requires." *Id.*, 15:15-18.  This Court rejected Mr. Abramowitz's suggestion that Palantir acted in bad faith, and deferred consideration of Palantir's

application pending the resolution of Mr. Abramowitz's then-pending Motion and Palantir's effecting service of the German Proceedings on Mr. Abramowitz.

On May 21, 2019, in a comprehensive decision, Judge Helen E. Williams denied Mr. Abramowitz's Motion.  See *Palantir Technologies Inc. v. Abramowitz, et al.*, Case No. 16-cv-299476, Order Denying Defendants' Motion for an Anti-Suit Injunction (Cal. Super. May 21, 2019) (***Anti-Suit Decision***), Exhibit A.  Judge Williams held that the German Proceedings commenced by Palantir did not violate the forum selection clauses contained in the various agreements between Mr. Abramowitz and Palantir, see Anti-Suit Decision at 13–15, and rejected Mr. Abramowitz's claim, made also in the 1782 Proceedings, that Palantir's commencement of the German Proceedings and the related 1782 Proceedings constituted vexatious litigation or was designed to evade the California Court's discovery rulings.  *Id.* at 16.

Rejecting Mr. Abramowitz's argument that Palantir could obtain in the California state court action the relief it sought in Germany, Judge Williams observed that the court was "hard pressed to understand how Palantir's perfection and protection of its international patent rights against third parties in Europe could ever be secured by way of remedy in this case."  *Id.* at 13.  Adopting Palantir's view, Judge Williams stated "[i]t is a stretch to conclude that Palantir's claimed foreign patent rights 'arise out of' any of the agreements."  *Id.*  Further, "as noted by the U.S. District Court in its remand order in this case, patent claims, which center on inventorship, are distinct from state statutory and common law causes of action as asserted here."  *Id.*  Judge Williams found that "the German Proceedings involve [Palantir's] assertion of European intellectual property rights based on foreign law in a European court, which is wholly distinct from the assertion of California statutory and common law causes of action asserted in [the] California court."  *Id.*  Mr. Abramowitz has appealed Judge Williams' order.

Meanwhile, on May 8, 2019, Judge Mary Arand found Palantir's most recent identification of its trade secrets to be sufficient under Code of Civil Procedure section 2019.210, and ordered discovery to commence.  See *Palantir Technologies Inc. v. Abramowitz, et al.*, Case No. 16-cv-299476, Order re: Defendants' Motion for a Protective Order (Cal. Super. May 8, 2019), Exhibit B.  Notwithstanding that the stay of discovery in the California action was lifted months ago, Mr. Abramowitz has refused to comply with his discovery obligations in that action, asserting that he need not do so pending his request for mandamus review of Judge Arand's decision and the California Court's decision on whether Palantir should be permitted to amend its complaint.  See *Palantir Technologies Inc. v. Abramowitz, et al.*, Case No. 16-cv-299476, Defendant Marc L. Abramowitz's Responses and Objections to Plaintiff Technologies Inc.'s First Set of Form Interrogatories (July 9, 2019), Exhibit C, at 2–3.

Turning to the issue of service, ABC Legal, the third-party vendor designated by the Department of Justice to serve the complaint in the German Proceedings, effected service upon Mr. Abramowitz according to Art. 5 of the Hague Service Convention, and it has informed the German court accordingly.

Both of Your Honor's conditions for requesting a status conference have been satisfied—Mr. Abramowitz's Motion was denied and service on him of the German action was

3|3

effected pursuant to the Hague Service Convention.  Accordingly, Palantir respectfully requests a status conference to discuss the best way to move forward with this proceeding.

                Respectfully,

                */s/ David Livshiz*

                David Livshiz

Cc: all counsel of record (via ECF)