(ENDORSED)
F I L E D
MAY 0 8 2019

Clerk of the Court
Superior Court of CA County of Santa Clara
BY_____DEPUTY
C. Pham

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF SANTA CLARA**

| | |
|---|---|
| PALANTIR TECHNOLOGIES, INC.,<br>Plaintiff,<br><br>vs.<br><br>MARC L. ABRAMOWITZ, ET AL.,<br>Defendants, | Case No.   16CV299476<br><br>ORDER RE: DEFENDANTS' MOTION<br>FOR A PROTECTIVE ORDER<br><br>DECISION ON SUBMITTED MATTER |

The motion for protective order by defendants Marc L. Abramowitz ("Abramowitz"), KT4 Partners LLC ("KT4"), and the Marc Abramowitz Charitable Trust No. 2 ("Trust") (collectively, "Defendants") came on for hearing before the Honorable Mary E. Arand on April 26, 2019 at 9:00 a.m. in Department 9.   The matter having been submitted, after full consideration of the authorities submitted by each party, and arguments made by the parties in their papers and the hearing, the court makes the following rulings:

According to the allegations of the second amended complaint ("SAC"), plaintiff Palantir Technologies, Inc. ("Palantir") is a software and services company that specializes in

1

1   data analytics.  (SAC at ¶ 14.)   Defendant Marc L. Abramowitz ("Abramowitz"), was a

2   shareholder and trusted advisor to the company.  (*Id.* at ¶¶ 25, 27.)   Through the years,

3   Abramowitz became involved with Palantir's business and established relationships with the

4   company's founders, officers, and employees. (*Id.* at ¶¶ 26-27.)

5         At Abramowitz's request, Palantir provided him with information about proprietary

6   business plans and customer lists for the company's Healthcare Technology, Cyber Insurance

7   and Cybersecurity Technology, and Natural Resources Exploration Technology.  (SAC at ¶

8   28.)  Palantir provided such information to Abramowitz with the understanding that he would

9   maintain its confidentiality and never use the information to the company's detriment.  (*Id.*)

10  Consistent with the confidential nature of these communications, Palantir and Abramowitz

11  entered into confidentiality agreements including: (1) a Preferred Stock Transfer Agreement

12  (dated August 14, 2012); (2) a Preferred Stock Transfer Agreement (dated June 17, 2015); and

13  (3) a non-disclosure agreement ("NDA") (dated July 12, 2014).  (*Id.* at ¶¶ 29-32.)

14        However, by 2014, Abramowitz had embarked on an intentional and calculated scheme

15  to discover Palantir trade secrets and convert them for his own use and profit.  (SAC at ¶ 35.)

16  At a minimum, Abramowitz misappropriated trade secrets related to the Healthcare

17  Technology, the Cyber Insurance and Cybersecurity Technology, and the Natural Resources

18  Exploration Technology.  (*Id.* at ¶¶ 35-61.)  As a result of these actions, Palantir has filed suit

19  seeking damages and equitable relief.  (*Id.* at ¶¶ 68-69.)

20        Defendants Abramowitz, KT4 partners LLC ("KT4") and the Marc Abramowitz

21  Charitable Trust No. 2 ("Trust") (collectively, "Defendants") move for a protective order

22  continuing the stay of discovery in this action pursuant to Code of Civil Procedure section

23  2019.210.

24        As indicated by the motion, the parties have discussed the adequacy of the disclosure of

25  the trade secret previously.  In the September 4, 2018 order continuing the stay of discovery,

26  the Court ordered Palantir to serve a second amended disclosure that included: the total number

27  of alleged trade secrets; a reasonably particular description of each alleged trade secret as it

28  existed at Palantir prior to the alleged misappropriation that does not solely quote or cite to

1   Defendants' patent applications; a reasonably particular description of how the alleged trade

2   secret works—i.e. how the alleged trade secret accomplishes its function—and not a mere

3   functional description of that alleged trade secret; a description of how each alleged trade secret

4   is distinct from matters of general knowledge in the trade or of special knowledge of those

5   persons who are skilled in the trade; and, a statement of whether each alleged trade secret is a

6   "compilation trade secret," a "design concept," a "method," or some other category of trade

7   secrets.  Palantir submitted a second amended trade secret disclosure statement; however, the

8   parties disagree as to as to the adequacy of the disclosure.  The disclosure: lists 23 trade secrets;

9   indicates whether each of the purported trade secret is a "compilation trade secret," a "design

10  concept," a "method," or some other category of trade secrets; has a description of the trade

11  secret as it existed at Palantir prior to the alleged misappropriation that does not solely quote or

12  cite to Defendants' patent applications; has a statement with regards to how the functional trade

13  secret works; has a statement as to how the trade secret is distinct from matters of general

14  knowledge in the trade; and, a statement as to how Defendants' characterize the trade secret.

15  Defendants assert that Palantir's second amended trade secret disclosure is nevertheless

16  inadequate as it concludes that the disclosures are too vague.

17      Section 2019.210 states that "the party alleging the misappropriation shall identify the

18  trade secret with reasonable particularity...."  (Code Civ. Proc. § 2019.210.)  "[t]he law is

19  purposely vague... [as to j]ust what constitutes a sufficient showing of 'reasonable

20  particularity'... so that there is 'play in the joints...to achieve a just result depending on the

21  facts, law, and equities of the situation."  (*Advanced Modular Sputtering, Inc. v. Super. Ct.*

22  *(Mishin)* (2005) 132 Cal.App.4th 826, 835.)  "The rule that a trade secret must be pled with

23  'reasonable particularity' does not mean that the designation must be strictly construed against

24  the pleader."  (*Id*.)  "Generally speaking, pleadings are to be liberally construed in favor of the

25  pleader and doubts about the permissible scope of discovery are to be resolved in favor of

26  disclosure."  (*Id*.)  "'Reasonable particularity' mandated by section 2019.210 does not mean

27  that the party alleging misappropriation has to define every minute detail of its claimed trade

28  secret at the outset of the litigation."  (*Id*.)  "Rather, it means that the plaintiff must make some

1  showing that is reasonable, i.e. fair, proper, just and rational, [citation] under all of the
2  circumstances to identify its alleged trade secret in a manner that will allow the trial court to
3  control the scope of subsequent discovery, protect all parties' proprietary information, and
4  allow them a fair opportunity to prepare and present their best case or defense at a trial on the
5  merits." (*Id*. at p.836.) "Our discovery statutes are designed to ascertain the truth, not suppress
6  it." (*Id*. at p.837.) "Any doubt about discovery is to be resolved in favor of disclosure." (*Id*.;
7  see also *Perlan Therapeutics, Inc. v. Super. Ct. (Nexbio, Inc.)* (2009) 178 Cal.App.4th 1333,
8  1346-1347, citing and discussing *Advanced Modular, supra*, 132 Cal.App.4th 835-837.)

9      At oral argument and in their memorandum, Defendants argued that the case had been
10  going on for several years and that Plaintiff's asserted trade secrets had changed over that time,
11  complaining that the trade secrets were "a moving target."  However, this only underscores
12  why disclosure of the trade secrets by Plaintiff is necessary: to determine the purported trade
13  secrets so that Defendants may "determine the limits of the trade secret by investigating
14  whether the information disclosed is within the public domain... or to develop... defenses."
15  (*Brescia v. Angelin* (2009) 172 Cal.App.4th 133, 147.)

16      Also at oral argument, the Court noted that "although the designation [of a trade secret]
17  should be liberally construed, and reasonable doubts about its sufficiency resolved in favor of
18  allowing discovery to go forward" (*Brescia, supra*, 172 Cal.App.4th at p.149), Plaintiff runs a
19  risk with a disclosure of a purported trade secret that is overbroad.  Pursuant to Civil Code
20  section 3426.1, a trade secret must "[d]erive independent economic value... from not being
21  generally known to the public or to other persons who can obtain economic value from its
22  disclosure or use." (Civ. Code § 3426.1.)  Thus, a defendant may defeat such a trade secret
23  claim if it can demonstrate any part of that purported trade secret to be in the public domain or
24  to lack economic value.  (See *Brescia, supra*, 172 Cal.App.4th at p.147 (stating that "[t]he
25  plaintiff 'should describe the subject matter of the trade secret with sufficient particularity to
26  separate it from matters of general knowledge in the trade or of special knowledge of those
27  persons... skilled in the trade... the level of particularity must be adequate to permit the

28

1  information to be distinguished from matters already known").)  Plaintiff's counsel explicitly
2  welcomed that possibility, expressing that it fully expected that to be the case.

3      Code of Civil Procedure section 2019.210 states that Plaintiff's disclosure of its trade
4  secrets is "subject to any orders that may be appropriate...."  Here, the Court finds that, given
5  the policy to liberally construe the pleadings, including trade secret designations, with
6  reasonable doubts in favor of allowing to discovery to go forward, it is appropriate to allow the
7  instant case to proceed so that such discovery may go forward.  However, the Court hereby
8  cautions Plaintiff that any future amendment to the trade secret disclosures will only be
9  permitted upon a showing of good cause, including why the amended disclosure was not done
10  at the initial disclosure.  (See Code Civ. Proc. § 2019.210; see also *Loop AI Labs Inc. v. Gatti*
11  (N.D. Cal. 2016) 195 F.Supp.3d 1107, 1110 (stating that the "court warned Plaintiff that its
12  trade secret disclosure 'must be thorough and complete,' and that '[a]ny future amendment to
13  the disclosure [would] only be permitted upon a showing of good cause'"); see also *Neothermia*
14  *Corp. v. Rubicor Medical, Inc.* (N.D. Cal. 2004) 345 F.Supp.2d 1042, 1045 (stating that "the
15  Court cautions Neothermia that, should it seek to amend its trade secret identification in the
16  future, it shall have to demonstrate good cause for the amendment").)

17      Although Plaintiff stated that they would be content with the disclosures, the Court shall
18  allow Plaintiff to amend its disclosure statement so as to narrow any of the 23 trade secrets it
19  has described.  Plaintiff is ordered to lodge its final disclosure statement and any accompanying
20  motion or application for an order sealing the disclosure statement within 10 days of notice of
21  this Order.

23      Defendants' motion for protective order is DENIED.

25  May  7 , 2019                    Mary E. Arand

27                     Mary E. Arand
28                     Judge of the Superior Court

5

ORDER RE: DEFENDANTS' MOTION FOR PROTECTIVE ORDER



# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SANTA CLARA
### DOWNTOWN COURTHOUSE
191 NORTH FIRST STREET
SAN JOSE, CALIFORNIA 95113
CIVIL DIVISION



(ENDORSED)

F I L E D

MAY 0 8 2019

Clerk of the Court
Superior Court of the County of Santa Clara
BY_____C. Pham_____DEPUTY

RE:          **Palantir Technologies, Inc. v. Mark Abramowitz**
Case Number:  **16CV299476**

## PROOF OF SERVICE

**ORDER RE: DEFENDANTS' MOTION FOR A PROTECTIVE ORDER (DECISION ON SUBMITTED MATTER)**
was delivered to the parties listed below the above entitled case as set forth in the sworn declaration below.

---

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with Disabilities Act, please contact the Court Administrator's office at (408) 882-2700, or use the Court's TDD line (408) 882-2690 or the Voice/TDD California Relay Service (800) 735-2922.

**DECLARATION OF SERVICE BY MAIL:** I declare that I served this notice by enclosing a true copy in a sealed envelope, addressed to each person whose name is shown below, and by depositing the envelope with postage fully prepaid, in the United States Mail at San Jose, CA on May 08, 2019. CLERK OF THE COURT, by Catherine Pham, Deputy.

cc:   David Laurence Zifkin  401 Wilshire Blvd Ste 850  Santa Monica CA  90401
      Jack Patrick DiCanio  525 University Avenue  Suite 1400  Palo Alto CA  94301



# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SANTA CLARA
### DOWNTOWN COURTHOUSE
191 NORTH FIRST STREET
SAN JOSÉ, CALIFORNIA 95113
CIVIL DIVISION

**David Laurence Zifkin**
**401 Wilshire Blvd Ste 850**
**Santa Monica CA  90401**

RE:     **Palantir Technologies, Inc. v. Mark Abramowitz**
Case Number:  **16CV299476**

### PROOF OF SERVICE

**ORDER RE: DEFENDANTS' MOTION FOR A PROTECTIVE ORDER (DECISION ON SUBMITTED MATTER)**
was delivered to the parties listed below the above entitled case as set forth in the sworn declaration below.

---

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with Disabilities Act, please contact the Court Administrator's office at (408) 882-2700, or use the Court's TDD line (408) 882-2690 or the Voice/TDD California Relay Service (800) 735-2922.

**DECLARATION OF SERVICE BY MAIL:**  I declare that I served this notice by enclosing a true copy in a sealed envelope, addressed to each person whose name is shown below, and by depositing the envelope with postage fully prepaid, in the United States Mail at San Jose, CA on May 08, 2019.  CLERK OF THE COURT, by Catherine Pham, Deputy.

**cc:**   Jack Patrick DiCanio  525 University Avenue  Suite 1400  Palo Alto CA  94301