**WILLIAMS & CONNOLLY LLP**
Barry S. Simon (*pro hac vice*)
Jonathan B. Pitt (*pro hac vice*)
Stephen L. Wohlgemuth (*pro hac vice*)
725 Twelfth Street NW
Washington, D.C.  20005
Telephone: (202) 434-5000
E-mail: bsimon@wc.com
E-mail: jpitt@wc.com
E-Mail: swohlgemuth@wc.com

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
Allen Ruby (SBN 47109)
Jack P. DiCanio (SBN 138782)
Niels J. Melius (SBN 294181)
William J. Casey (SBN 294086)
525 University Avenue
Palo Alto, CA  94301
Telephone: (650) 470-4500
E-mail: allen.ruby@skadden.com
E-mail: jack.dicanio@skadden.com
E-mail: niels.melius@skadden.com
E-mail: william.casey@skadden.com

*Attorneys for Defendants*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SANTA CLARA

## UNLIMITED CIVIL JURISDICTION

| | |
|---|---|
| PALANTIR TECHNOLOGIES INC., <br><br>     *Plaintiff*, <br><br>     v. <br><br> MARC L. ABRAMOWITZ, in his individual capacity and as trustee of the MARC ABRAMOWITZ CHARITABLE TRUST NO. 2, KT4 PARTNERS LLC, and DOES 1 through 50, inclusive, <br><br>     *Defendants*. | Case No. 16CV299476 <br><br> **DEFENDANT MARC L. ABRAMOWITZ'S RESPONSES AND OBJECTIONS TO PLAINTIFF PALANTIR TECHNOLOGIES INC.'S FIRST SET OF FORM INTERROGATORIES** <br><br> Complaint filed:  September 1, 2016 <br> Trial date:  Not set |

1 | PROPOUNDING PARTY:    Palantir Technologies Inc.

2 | RESPONDING PARTY**:**    Marc L. Abramowitz

3 | SET NO.:    One (1)

4

5      Pursuant to California Code of Civil Procedure section 2030.010 *et seq.*, Defendant Marc L.

6 | Abramowitz ("Abramowitz") hereby responds and objects to Plaintiff Palantir Technologies Inc.'s

7 | ("Plaintiff") First Set of Form Interrogatories to Defendant Abramowitz (the "Form

8 | Interrogatories").  By asserting the responses and objections stated below (the "Responses"),

9 | Abramowitz does not waive, and expressly reserves, his right to challenge the relevance and

10 | admissibility of the Form Interrogatories and to object to use of the Form Interrogatories, and any

11 | Responses to the Form Interrogatories, in any subsequent proceeding or trial.

12      Abramowitz provides these Responses on the basis of the information presently known by

13 | him.  Abramowitz's discovery, investigation, and preparation for trial are not yet complete.

14 | Accordingly, Abramowitz reserves the right to supplement or amend his Responses should

15 | additional responsive or relevant information or documents be discovered as his investigation

16 | proceeds.  Further, Abramowitz's failure to object to an Form Interrogatory on a particular ground

17 | shall not be construed as a waiver of his right to object on that ground or any additional ground at

18 | any time.

19 | **GENERAL OBJECTIONS**

20      Abramowitz incorporates the following objections (the "General Objections") into each and

21 | every specific Response and each and every amendment, supplement, or modification to Responses

22 | hereinafter provided.  Abramowitz does not waive any General Objections in response to any Form

23 | Interrogatory.  Certain General Objections may be specifically repeated in specific Responses for

24 | emphasis, but assertion of a specific objection, or reference to a certain General Objection, is not

25 | intended to constitute a waiver of General Objections that are not specifically stated therein.  Any

26 | Response is subject to the limitations, objections, and exceptions set forth below.

27

28

1.      Abramowitz objects to each Form Interrogatory to the extent it purports to impose any obligation beyond that required under the California Rules of Civil Procedure, the California Evidence Code, or any other applicable statute, rule, or order.

2.      Abramowitz's Response to a particular Form Interrogatory shall not be deemed an admission or acknowledgement that such Form Interrogatory calls for information that is relevant to any party's claim or defense or is not unduly burdensome, and is without prejudice to Abramowitz's right to contend at trial or any stage of this proceeding (or any other action or proceeding) that the requested information is inadmissible, irrelevant, immaterial, or otherwise objectionable.

3.      Abramowitz objects to each Form Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the common interest privilege, and/or any other privileges or immunities recognized by law ("Privileged Information").  Any undertaking to make information available should be understood specifically to exclude Privileged Information.

4.      Abramowitz objects to each Form Interrogatory to the extent it contains inappropriate express and/or implicit characterizations.  A statement by Abramowitz in a Response that he will provide information does not mean that Abramowitz adopts, admits, or otherwise agrees whatsoever with any such characterizations.

5.      Abramowitz objects to each Interrogatory as unduly burdensome because Plaintiff's operative pleading in this action is unsettled.  On or around June 7, 2019, Plaintiff replaced its lead counsel in this action.  On June 27, 2019, Plaintiff filed a Motion for Leave to File a Third Amended Complaint ("Motion").  A hearing on Plaintiff's Motion is scheduled for September 24, 2019.  Should the Court permit Plaintiff to amend its complaint, the complaint will contain a claim arising under federal law, rendering the case removable to federal court.  Because these discovery requests will be without effect in the event of removal, responding to the requests at this time would be unduly burdensome, oppressive, and harassing.  *Wayne Merritt Motor Co. v. New Hampshire Ins. Co.*, No. 11-CV-01762-LHK, 2012 WL 3071431, at *7 (N.D. Cal. July 26, 2012)

1 ("Many courts have found that, when a case is removed from state court to federal court, any pre-

2 removal discovery requests are no longer effective.").

3      6.     Abramowitz objects to each Interrogatory to the extent it calls for a response prior to

4 Palantir's submission of a disclosure that satisfies California Code of Civil Procedure § 2019.210.

5 This issue is the subject of Defendants' Petition for a Writ of Mandate.

6 **OBJECTIONS TO DEFINITIONS**

7      1.     Abramowitz objects to the definition of "INCIDENT" on the grounds that it is

8 vague, ambiguous, overly broad, and potentially obsolete in light of Plaintiff's Motion, rendering

9 the Form Interrogatories containing the term unduly burdensome.  Abramowitz further objects to

10 the definition of "INCIDENT" to the extent it seeks information that is neither relevant nor

11 reasonably calculated to lead to the discovery of admissible evidence.

12 **SPECIFIC OBJECTIONS AND RESPONSES**

13 **FORM INTERROGATORY NO. 1.1:**

14      State the name, ADDRESS, telephone number, and relationship to you of each PERSON

15 who prepared or assisted in the preparation of the responses to these interrogatories. (*Do not*

16 *identify anyone who simply typed or reproduced the responses.*)

17 **RESPONSE TO FORM INTERROGATORY NO. 1.1:**

18      Abramowitz incorporates by reference the Preliminary Statement, General Objections, and

19 the Objections to Definitions set forth above.

20      Subject to and without waiving any objections, Abramowitz responds that it will respond to

21 this Interrogatory, if at all, within a reasonable time following the Court's ruling on Plaintiff's

22 Motion for Leave to File a Third Amended Complaint.

23 **FORM INTERROGATORY NO. 2.1:**

24      State:

25      (a) your name;

26      (b) every name you have used in the past; and

27      (c) the dates you used each name.

28

3

1 **RESPONSE TO FORM INTERROGATORY NO. 2.1**

2      Abramowitz incorporates by reference the Preliminary Statement, General Objections, and

3 the Objections to Definitions set forth above.

4      Subject to and without waiving any objections, Abramowitz responds that he will further

5 respond to this Interrogatory, if at all, within a reasonable time following the Court's ruling on

6 Plaintiff's Motion for Leave to File a Third Amended Complaint.

7 **FORM INTERROGATORY NO. 2.2:**

8      State the date and place of your birth.

9 **RESPONSE TO FORM INTERROGATORY NO. 2.2:**

10      Abramowitz incorporates by reference the Preliminary Statement, General Objections, and

11 the Objections to Definitions set forth above.

12      Subject to and without waiving any objections, Abramowitz responds that he will further

13 respond to this Interrogatory, if at all, within a reasonable time following the Court's ruling on

14 Plaintiff's Motion for Leave to File a Third Amended Complaint.

15 **FORM INTERROGATORY NO. 2.5:**

16      State:

17      (a) your present residence ADDRESS;

18      (b) your residence ADDRESSES for the past five years; and

19      (c) the dates you lived at each ADDRESS.

20 **RESPONSE TO FORM INTERROGATORY NO. 2.5:**

21      Abramowitz incorporates by reference the Preliminary Statement, General Objections, and

22 the Objections to Definitions set forth above.

23      Subject to and without waiving any objections, Abramowitz responds that he will further

24 respond to this Interrogatory, if at all, within a reasonable time following the Court's ruling on

25 Plaintiff's Motion for Leave to File a Third Amended Complaint.

26 **FORM INTERROGATORY NO. 2.6:**

27      State:

28

1  (a) the name, ADDRESS, and telephone number of your present employer or place of self-

2  employment; and

3  (b) the name, ADDRESS, dates of employment, job title, and nature of work for each

4  employer or self-employment you have had from five years before the INCIDENT until

5  today.

6  **RESPONSE TO FORM INTERROGATORY NO. 2.6:**

7  Abramowitz incorporates by reference the Preliminary Statement, General Objections, and

8  the Objections to Definitions set forth above.

9  Abramowitz objects to this Form Interrogatory to the extent it incorporates the definition of

10  "INCIDENT" on the grounds that it is vague, ambiguous, overly broad, and potentially obsolete in

11  light of Plaintiff's Motion, rendering the Form Interrogatories containing the term unduly

12  burdensome.  Based on the definition of "INCIDENT," Abramowitz cannot determine the precise

13  nature of the information sought and, therefore, cannot answer without potentially providing an

14  inaccurate or incomplete response.  Abramowitz further objects to the definition of "INCIDENT"

15  to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the

16  discovery of admissible evidence.

17  Subject to and without waiving any objections, Abramowitz responds that he will further

18  respond to this Interrogatory, if at all, within a reasonable time following the Court's ruling on

19  Plaintiff's Motion for Leave to File a Third Amended Complaint.

20  **FORM INTERROGATORY NO. 2.7:**

21  State:

22  (a) the name and ADDRESS of each school or other academic or vocational institution you

23  have attended, beginning with high school;

24  (b) the dates you attended;

25  (c) the highest grade level you have completed; and

26  (d) the degrees received.

27

28

1 **RESPONSE TO FORM INTERROGATORY NO. 2.7:**

2 Abramowitz incorporates by reference the Preliminary Statement, General Objections, and

3 the Objections to Definitions set forth above.

4 Subject to and without waiving any objections, Abramowitz responds that he will further

5 respond to this Interrogatory, if at all, within a reasonable time following the Court's ruling on

6 Plaintiff's Motion for Leave to File a Third Amended Complaint.

7 **FORM INTERROGATORY NO. 2.8:**

8 Have you ever been convicted of a felony? If so, for each conviction state:

9 (a) the city and state where you were convicted;

10 (b) the date of conviction;

11 (c) the offense; and

12 (d) the court and case number.

13 **RESPONSE TO FORM INTERROGATORY NO. 2.8:**

14 Abramowitz incorporates by reference the Preliminary Statement, General Objections, and

15 the Objections to Definition set forth above.

16 Abramowitz further objects to the Form Interrogatory to the extent that it seeks information

17 that is not relevant to any claim or defense of any party in this litigation nor proportional to the

18 needs of the case.  Abramowitz also objects to the extent the Form Interrogatory seeks information

19 that is publicly available, available from other parties, or otherwise already within Plaintiff's

20 possession, custody, or control.

21 Subject to and without waiving any objections, Abramowitz responds that he will further

22 respond to this Interrogatory, if at all, within a reasonable time following the Court's ruling on

23 Plaintiff's Motion for Leave to File a Third Amended Complaint.

24 **FORM INTERROGATORY NO. 2.11:**

25 At the time of the INCIDENT were you acting as an agent or employee for any PERSON?

26 If so, state:

27 (a) the name, ADDRESS, and telephone number of that PERSON; and

28 (b) a description of your duties.

6

**RESPONSE TO FORM INTERROGATORY NO. 2.11:**

Abramowitz incorporates by reference the Preliminary Statement, General Objections, and the Objections to Definitions set forth above.

Abramowitz objects to this Form Interrogatory to the extent it incorporates the definition of "INCIDENT" on the grounds that it is vague, ambiguous, overly broad, and potentially obsolete in light of Plaintiff's Motion, rendering the Form Interrogatories containing the term unduly burdensome. Based on the definition of "INCIDENT," Abramowitz cannot determine the precise nature of the information sought and, therefore, cannot answer without potentially providing an inaccurate or incomplete response. Abramowitz further objects to the definition of "INCIDENT" to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Abramowitz further objects to this Interrogatory to the extent that it seeks information or documents protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable state or federal privilege, doctrine, or immunity. Abramowitz will not provide information subject to any such privilege, doctrine, or immunity.

Subject to and without waiving any objections, Abramowitz responds that he will further respond to this Interrogatory, if at all, within a reasonable time following the Court's ruling on Plaintiff's Motion for Leave to File a Third Amended Complaint.

**FORM INTERROGATORY NO. 4.1:**

At the time of the INCIDENT, was there in effect any policy of insurance through which you were or might be insured in any manner (for example, primary, pro-rata, or excess lability coverage or medical expense coverage) for the damages, claims, or actions that have arisen out of the INCIDENT? If so, for each policy state:

(a) the kind of coverage;

(b) the name and ADDRESS of the insurance company;

(c) the name, ADDRESS, and telephone number of each named insured;

(d) the policy number;

(e) the limits of coverage for each type of coverage contained in the policy;

7

(f) whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company; and

(g) the name, ADDRESS, and telephone number of the custodian of the policy.

**RESPONSE TO FORM INTERROGATORY NO. 4.1:**

Abramowitz incorporates by reference the Preliminary Statement, General Objections, and the Objections to Definitions set forth above.

Abramowitz objects to the Form Interrogatory to the extent that it seeks information that is not relevant to any claim or defense of any party in this litigation nor proportional to the needs of the case.  Abramowitz also objects to the extent the Form Interrogatory seeks information that is publicly available, available from other parties, or otherwise already within Plaintiff's possession, custody, or control.

Abramowitz further objects to this Form Interrogatory to the extent it incorporates the definition of "INCIDENT" on the grounds that it is vague, ambiguous, overly broad, and potentially obsolete in light of Plaintiff's Motion, rendering the Form Interrogatories containing the term unduly burdensome.  Based on the definition of "INCIDENT," Abramowitz cannot determine the precise nature of the information and, therefore, cannot answer without potentially providing an inaccurate or incomplete response.  Abramowitz further objects to the definition of "INCIDENT" to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving any objections, Abramowitz responds that he will further respond to this Interrogatory, if at all, within a reasonable time following the Court's ruling on Plaintiff's Motion for Leave to File a Third Amended Complaint.

**FORM INTERROGATORY NO. 4.2:**

Are you self-insured under any statute for the damages, claims, or actions that have arisen out of the INCIDENT? If so, specify the statute.

**RESPONSE TO FORM INTERROGATORY NO. 4.2:**

Abramowitz incorporates by reference the Preliminary Statement, General Objections, and the Objections to Definitions set forth above.

8

1      Abramowitz objects to the Form Interrogatory to the extent that it seeks information that is

2  not relevant to any claim or defense of any party in this litigation nor proportional to the needs of

3  the case.  Abramowitz also objects to the extent the Form Interrogatory seeks information that is

4  publicly available, available from other parties, or otherwise already within Plaintiff's possession,

5  custody, or control.

6      Abramowitz further objects to this Form Interrogatory to the extent it incorporates the

7  definition of "INCIDENT" on the grounds that it is vague, ambiguous, overly broad, and

8  potentially obsolete in light of Plaintiff's Motion, rendering the Form Interrogatories containing the

9  term unduly burdensome.  Based on the definition of "INCIDENT," Abramowitz cannot determine

10  the precise nature of the information sought and, therefore, cannot answer without potentially

11  providing an inaccurate or incomplete response.  Abramowitz further objects to the definition of

12  "INCIDENT" to the extent it seeks information that is neither relevant nor reasonably calculated to

13  lead to the discovery of admissible evidence.

14      Subject to and without waiving any objections, Abramowitz responds that he will further

15  respond to this Interrogatory, if at all, within a reasonable time following the Court's ruling on

16  Plaintiff's Motion for Leave to File a Third Amended Complaint.

17  **FORM INTERROGATORY NO. 12.1:**

18      State the name, ADDRESS, and telephone number of each individual:

19      (a) who witnessed the INCIDENT or the events occurring immediately before or after the

20      INCIDENT;

21      (b) who made any statement at the scene of the INCIDENT;

22      (c) who heard any statements made about the INCIDENT by any individual at the scene;

23      and

24      (d) who YOU OR ANYONE ACTING ON YOUR BEHALF claim has knowledge of the

25      INCIDENT (except for expert witnesses covered by Code of Civil Procedure section 2034).

26  **RESPONSE TO FORM INTERROGATORY NO. 12.1:**

27      Abramowitz incorporates by reference the Preliminary Statement, General Objections, and

28  the Objections to Definitions set forth above.

1    Abramowitz objects to this Form Interrogatory to the extent it incorporates the definition of

2  "INCIDENT" on the grounds that it is vague, ambiguous, overly broad, and potentially obsolete in

3  light of Plaintiff's Motion, rendering the Form Interrogatories containing the term unduly

4  burdensome.  Based on the definition of "INCIDENT," Abramowitz cannot determine the precise

5  nature of the information sought and, therefore, cannot answer without potentially providing an

6  inaccurate or incomplete response.  Abramowitz further objects to the definition of "INCIDENT"

7  to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the

8  discovery of admissible evidence.

9    Abramowitz further objects to this Form Interrogatory to the extent that it seeks information

10  or documents protected by the attorney-client privilege, the attorney work product doctrine, and/or

11  any other applicable state or federal privilege, doctrine, or immunity.  Abramowitz will not provide

12  information subject to any such privilege, doctrine, or immunity.

13    Subject to and without waiving any objections, Abramowitz responds that he will further

14  respond to this Interrogatory, if at all, within a reasonable time following the Court's ruling on

15  Plaintiff's Motion for Leave to File a Third Amended Complaint.

16  **FORM INTERROGATORY NO. 12.2:**

17    Have YOU OR ANYONE ACTING ON YOUR BEHALF interviewed any individual

18  concerning the INCIDENT? If so, for each individual state:

19    (a) the name, ADDRESS, and telephone number of the individual interviewed;

20    (b) the date of the interview; and

21    (c) the name, ADDRESS, and telephone number of the PERSON who conducted the

22    interview.

23  **RESPONSE TO FORM INTERROGATORY NO. 12.2:**

24    Abramowitz incorporates by reference the Preliminary Statement, General Objections, and

25  the Objections to Definitions set forth above.

26    Abramowitz objects to this Form Interrogatory to the extent it incorporates the definition of

27  "INCIDENT" on the grounds that it is vague, ambiguous, overly broad, and potentially obsolete in

28  light of Plaintiff's Motion, rendering the Form Interrogatories containing the term unduly

10

1  burdensome.  Based on the definition of "INCIDENT," Abramowitz cannot determine the precise

2  nature of the information sought and, therefore, cannot answer without potentially providing an

3  inaccurate or incomplete response.  Abramowitz further objects to the definition of "INCIDENT"

4  to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the

5  discovery of admissible evidence.

6        Abramowitz further objects to this Interrogatory to the extent that it seeks information or

7  documents protected by the attorney-client privilege, the attorney work product doctrine, and/or

8  any other applicable state or federal privilege, doctrine, or immunity.  Abramowitz will not provide

9  information subject to any such privilege, doctrine, or immunity.

10       Subject to and without waiving any objections, Abramowitz responds that he will further

11  respond to this Interrogatory, if at all, within a reasonable time following the Court's ruling on

12  Plaintiff's Motion for Leave to File a Third Amended Complaint.

13  **FORM INTERROGATORY NO. 12.3:**

14       Have YOU OR ANYONE ACTING ON YOUR BEHALF obtained a written or recorded

15  statement from any individual concerning the INCIDENT? If so, for each statement state:

16       (a) the name, ADDRESS, and telephone number of the individual from whom the statement

17       was obtained;

18       (b) the name, ADDRESS, and telephone number of the individual who obtained the

19       statement;

20       (c) the date the statement was obtained; and

21       (d) the name, ADDRESS, and telephone number of each PERSON who has the original

22       statement or a copy.

23  **RESPONSE TO FORM INTERROGATORY NO. 12.3:**

24       Abramowitz incorporates by reference the Preliminary Statement, General Objections, and

25  the Objections to Definitions set forth above.

26       Abramowitz objects to this Form Interrogatory to the extent it incorporates the definition of

27  "INCIDENT" on the grounds that it is vague, ambiguous, overly broad, and potentially obsolete in

28  light of Plaintiff's Motion, rendering the Form Interrogatories containing the term unduly

1  burdensome.  Based on the definition of "INCIDENT," Abramowitz cannot determine the precise

2  nature of the information sought and, therefore, cannot answer without potentially providing an

3  inaccurate or incomplete response.  Abramowitz further objects to the definition of "INCIDENT"

4  to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the

5  discovery of admissible evidence.

6      Abramowitz further objects to this Interrogatory to the extent that it seeks information or

7  documents protected by the attorney-client privilege, the attorney work product doctrine, and/or

8  any other applicable state or federal privilege, doctrine, or immunity.  Abramowitz will not provide

9  information subject to any such privilege, doctrine, or immunity.

10     Subject to and without waiving any objections, Abramowitz responds that he will further

11  respond to this Interrogatory, if at all, within a reasonable time following the Court's ruling on

12  Plaintiff's Motion for Leave to File a Third Amended Complaint.

13  **FORM INTERROGATORY NO. 12.5:**

14     Do YOU OR ANYONE ACTING ON YOUR BEHALF know of any diagram,

15  reproduction, or model of any place or thing (except for items developed by expert witnesses

16  covered by Code of Civil Procedure sections 2034.210-2034.310) concerning the INCIDENT? If

17  so, for each item state:

18     (a) the type (i.e., diagram, reproduction, or model);

19     (b) the subject matter; and

20     (c) the name, ADDRESS, and telephone number of each PERSON who has it.

21  **RESPONSE TO FORM INTERROGATORY NO. 12.5:**

22     Abramowitz incorporates by reference the Preliminary Statement, General Objections, and

23  the Objections to Definitions set forth above.

24     Abramowitz objects to this Form Interrogatory to the extent it incorporates the definition of

25  "INCIDENT" on the grounds that it is vague, ambiguous, overly broad, and potentially obsolete in

26  light of Plaintiff's Motion, rendering the Form Interrogatories containing the term unduly

27  burdensome.  Based on the definition of "INCIDENT," Abramowitz cannot determine the precise

28  nature of the information sought and, therefore, cannot answer without potentially providing an

12

1  inaccurate or incomplete response.  Abramowitz further objects to the definition of "INCIDENT"

2  to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the

3  discovery of admissible evidence.

4       Abramowitz further objects to this Interrogatory to the extent that it seeks information or

5  documents protected by the attorney-client privilege, the attorney work product doctrine, and/or

6  any other applicable state or federal privilege, doctrine, or immunity.  Abramowitz will not provide

7  information subject to any such privilege, doctrine, or immunity.

8       Subject to and without waiving any objections, Abramowitz responds that he will further

9  respond to this Interrogatory, if at all, within a reasonable time following the Court's ruling on

10  Plaintiff's Motion for Leave to File a Third Amended Complaint.

11  **FORM INTERROGATORY NO. 13.1:**

12       Have YOU OR ANYONE ACTING ON YOUR BEHALF conducted surveillance of any

13  individual involved in the INCIDENT or any party to this action? If so, for each surveillance state:

14       (a) the name, ADDRESS, and telephone number of the individual or party;

15       (b) the time, date, and place of the surveillance;

16       (c) the name, ADDRESS, and telephone number of the individual who conducted the

17       surveillance; and

18       (d) the name, ADDRESS, and telephone number of each PERSON who has the original or

19       a copy of any surveillance photograph, film, or videotape.

20  **RESPONSE TO FORM INTERROGATORY NO. 13.1:**

21       Abramowitz incorporates by reference the Preliminary Statement, General Objections, and

22  the Objections to Definitions set forth above.

23       Abramowitz objects to this Form Interrogatory to the extent it incorporates the definition of

24  "INCIDENT" on the grounds that it is vague, ambiguous, overly broad, and potentially obsolete in

25  light of Plaintiff's Motion, rendering the Form Interrogatories containing the term unduly

26  burdensome.  Based on the definition of "INCIDENT," Abramowitz cannot determine the precise

27  nature of the information sought and, therefore, cannot answer without potentially providing an

28  inaccurate or incomplete response.  Abramowitz further objects to the definition of "INCIDENT"

13

1  to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the

2  discovery of admissible evidence.

3     Abramowitz further objects to this Interrogatory to the extent that it seeks information or

4  documents protected by the attorney-client privilege, the attorney work product doctrine, and/or

5  any other applicable state or federal privilege, doctrine, or immunity.  Abramowitz will not provide

6  information subject to any such privilege, doctrine, or immunity.

7     Subject to and without waiving any objections, Abramowitz responds that he will further

8  respond to this Interrogatory, if at all, within a reasonable time following the Court's ruling on

9  Plaintiff's Motion for Leave to File a Third Amended Complaint.

10 **FORM INTERROGATORY NO. 13.2:**

11    Has a written report been prepared on the surveillance? If so, for each written report state:

12    (a) the title;

13    (b) the date;

14    (c) the name, ADDRESS, and telephone number of the individual who prepared the report;

15    and

16    (d) the name, ADDRESS, and telephone number of each PERSON who has the original or

17    a copy.

18 **RESPONSE TO FORM INTERROGATORY NO. 13.2:**

19    Abramowitz incorporates by reference the Preliminary Statement, General Objections, and

20 the Objections to Definitions set forth above.

21    Abramowitz objects to this Form Interrogatory to the extent it incorporates the definition of

22 "INCIDENT" (by reference to Form Interrogatory 13.1) on the grounds that it is vague,

23 ambiguous, overly broad, and potentially obsolete in light of Plaintiff's Motion, rendering the Form

24 Interrogatories containing the term unduly burdensome.  Based on the definition of "INCIDENT,"

25 Abramowitz cannot determine the precise nature of the information sought and, therefore, cannot

26 answer without potentially providing  an inaccurate or incomplete response.  Abramowitz further

27 objects to the definition of "INCIDENT" to the extent it seeks information that is neither relevant

28 nor reasonably calculated to lead to the discovery of admissible evidence.

14

1    Abramowitz further objects to this Interrogatory to the extent that it seeks information or

2  documents protected by the attorney-client privilege, the attorney work product doctrine, and/or

3  any other applicable state or federal privilege, doctrine, or immunity.  Abramowitz will not provide

4  information subject to any such privilege, doctrine, or immunity.

5    Subject to and without waiving any objections, Abramowitz responds that he will further

6  respond to this Interrogatory, if at all, within a reasonable time following the Court's ruling on

7  Plaintiff's Motion for Leave to File a Third Amended Complaint.

8  **FORM INTERROGATORY NO. 14.1:**

9    Do YOU OR ANYONE ACTING ON YOUR BEHALF contend that any PERSON

10  involved in the INCIDENT violated any statute, ordinance, or regulation and that the violation was

11  a legal (proximate) cause of the INCIDENT? If so, identify the name, ADDRESS, and telephone

12  number of each PERSON and the statute, ordinance, or regulation that was violated.

13  **RESPONSE TO FORM INTERROGATORY NO. 14.1:**

14    Abramowitz incorporates by reference the Preliminary Statement, General Objections, and

15  the Objections to Definitions set forth above.

16    Abramowitz further objects to the Form Interrogatory to the extent that it seeks information

17  that is not relevant to any claim or defense of any party in this litigation nor proportional to the

18  needs of the case.  Abramowitz also objects to the extent the Form Interrogatory seeks information

19  that is publicly available, available from other parties, or otherwise already within Plaintiff's

20  possession, custody, or control.

21    Abramowitz objects to this Form Interrogatory to the extent it incorporates the definition of

22  "INCIDENT" on the grounds that it is vague, ambiguous, overly broad, and potentially obsolete in

23  light of Plaintiff's Motion, rendering the Form Interrogatories containing the term unduly

24  burdensome.  Based on the definition of "INCIDENT," Abramowitz cannot determine the precise

25  nature of the information sought and, therefore, cannot answer without potentially providing  an

26  inaccurate or incomplete response.  Abramowitz further objects to the definition of "INCIDENT"

27  to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the

28  discovery of admissible evidence.

15

1   Abramowitz further objects to this Interrogatory to the extent that it seeks information or

2   documents protected by the attorney-client privilege, the attorney work product doctrine, and/or

3   any other applicable state or federal privilege, doctrine, or immunity.  Abramowitz will not provide

4   information subject to any such privilege, doctrine, or immunity.

5   Subject to and without waiving any objections, Abramowitz responds that he will further

6   respond to this Interrogatory, if at all, within a reasonable time following the Court's ruling on

7   Plaintiff's Motion for Leave to File a Third Amended Complaint.

8   **FORM INTERROGATORY NO. 50.1:**

9   For each agreement alleged in the pleadings:

10   (a) identify each DOCUMENT that is part of the agreement and for each state the name,

11   ADDRESS, and telephone number of each PERSON who has the DOCUMENT;

12   (b) state each part of the agreement not in writing, the name, ADDRESS, and telephone

13   number of each PERSON agreeing to that provision, and the date that part of the agreement

14   was made;

15   (c) identify all DOCUMENTS that evidence any part of the agreement not in writing and

16   for each state the name ADDRESS, and telephone number of each PERSON who has the

17   DOCUMENT;

18   (d) identify all DOCUMENTS that are part of any modification to the agreement, and for

19   each state the name, ADDRESS, and telephone number of each PERSON who has the

20   DOCUMENT;

21   (e) state each modification not in writing, the date, and the name, ADDRESS, and

22   telephone number of each PERSON agreeing to the modification, and the date the

23   modification was made;

24   (f) identify all DOCUMENTS that evidence any modification of the agreement not in

25   writing and for each state the name, ADDRESS, and telephone number of each PERSON

26   who has the DOCUMENT.

27

28

1  **RESPONSE TO FORM INTERROGATORY NO. 50.1:**

2         Abramowitz incorporates by reference the Preliminary Statement, General Objections, and

3  the Objections to Definitions set forth above.

4         Abramowitz further objects to the Form Interrogatory to the extent that it seeks information

5  that is not relevant to any claim or defense of any party in this litigation nor proportional to the

6  needs of the case.  Abramowitz also objects to the extent the Form Interrogatory seeks information

7  that is publicly available, available from other parties, or otherwise already within Plaintiff's

8  possession, custody, or control.

9         Abramowitz further objects to this Interrogatory to the extent that it seeks information or

10 documents protected by the attorney-client privilege, the attorney work product doctrine, and/or

11 any other applicable state or federal privilege, doctrine, or immunity.  Abramowitz will not provide

12 information subject to any such privilege, doctrine, or immunity.

13        Subject to and without waiving any objections, Abramowitz responds that he will further

14 respond to this Interrogatory, if at all, within a reasonable time following the Court's ruling on

15 Plaintiff's Motion for Leave to File a Third Amended Complaint.

16 **FORM INTERROGATORY NO. 50.2:**

17        Was there a breach of any agreement alleged in the pleadings? If so, for each breach

18 describe and give the date of every act or omission that you claim is the breach of the agreement.

19 **RESPONSE TO FORM INTERROGATORY NO. 50.2:**

20        Abramowitz incorporates by reference the Preliminary Statement, General Objections, and

21 the Objections to Definitions set forth above.

22        Abramowitz objects to the Form Interrogatory to the extent that it seeks information that is

23 not relevant to any claim or defense of any party in this litigation nor proportional to the needs of

24 the case.  Abramowitz also objects to the extent the Form Interrogatory seeks information that is

25 publicly available, available from other parties, or otherwise already within Plaintiff's possession,

26 custody, or control.

27        Abramowitz further objects to this Interrogatory to the extent that it seeks information or

28 documents protected by the attorney-client privilege, the attorney work product doctrine, and/or

17

1   any other applicable state or federal privilege, doctrine, or immunity.  Abramowitz will not provide

2   information subject to any such privilege, doctrine, or immunity.

3          Subject to and without waiving any objections, Abramowitz responds that he will further

4   respond to this Interrogatory, if at all, within a reasonable time following the Court's ruling on

5   Plaintiff's Motion for Leave to File a Third Amended Complaint.

6   **FORM INTERROGATORY NO. 50.3:**

7          Was performance of any agreement alleged in the pleadings excused? If so, identify each

8   agreement excused and state why performance was excused.

9   **RESPONSE TO FORM INTERROGATORY NO. 50.3:**

10          Abramowitz incorporates by reference the Preliminary Statement, General Objections, and

11   the Objections to Definitions set forth above.

12          Abramowitz objects to this Interrogatory to the extent that it seeks information or

13   documents protected by the attorney-client privilege, the attorney work product doctrine, and/or

14   any other applicable state or federal privilege, doctrine, or immunity.  Abramowitz will not provide

15   information subject to any such privilege, doctrine, or immunity.

16          Subject to and without waiving any objections, Abramowitz responds that he will further

17   respond to this Interrogatory, if at all, within a reasonable time following the Court's ruling on

18   Plaintiff's Motion for Leave to File a Third Amended Complaint.

19   **FORM INTERROGATORY NO. 50.4:**

20          Was any agreement alleged in the pleadings terminated by mutual agreement, release,

21   accord and satisfaction, or novation? If so, identify each agreement terminated, the date of

22   termination, and the basis of the termination.

23   **RESPONSE TO FORM INTERROGATORY NO. 50.4:**

24          Abramowitz incorporates by reference the Preliminary Statement, General Objections, and

25   the Objections to Definitions set forth above.

26          Abramowitz objects to this Interrogatory to the extent that it seeks information or

27   documents protected by the attorney-client privilege, the attorney work product doctrine, and/or

28

1  any other applicable state or federal privilege, doctrine, or immunity.  Abramowitz will not provide

2  information subject to any such privilege, doctrine, or immunity.

3      Subject to and without waiving any objections, Abramowitz responds that he will further

4  respond to this Interrogatory, if at all, within a reasonable time following the Court's ruling on

5  Plaintiff's Motion for Leave to File a Third Amended Complaint.

6  **FORM INTERROGATORY NO. 50.5:**

7      Is any agreement alleged in the pleadings unenforceable? If so, identify each unenforceable

8  agreement and state why it is unenforceable.

9  **RESPONSE TO FORM INTERROGATORY NO. 50.5:**

10     Abramowitz incorporates by reference the Preliminary Statement, General Objections, and

11  the Objections to Definitions set forth above.

12     Abramowitz objects to this Interrogatory to the extent that it seeks information or

13  documents protected by the attorney-client privilege, the attorney work product doctrine, and/or

14  any other applicable state or federal privilege, doctrine, or immunity.  Abramowitz will not provide

15  information subject to any such privilege, doctrine, or immunity.

16     Subject to and without waiving any objections, Abramowitz responds that he will further

17  respond to this Interrogatory, if at all, within a reasonable time following the Court's ruling on

18  Plaintiff's Motion for Leave to File a Third Amended Complaint.

19  **FORM INTERROGATORY NO. 50.6:**

20     Is any agreement alleged in the pleadings ambiguous? If so, identify each ambiguous

21  agreement and state why it is ambiguous.

22  **RESPONSE TO FORM INTERROGATORY NO. 50.6:**

23     Abramowitz incorporates by reference the Preliminary Statement, General Objections, and

24  the Objections to Definitions set forth above.

25     Abramowitz objects to this Interrogatory to the extent that it seeks information or

26  documents protected by the attorney-client privilege, the attorney work product doctrine, and/or

27  any other applicable state or federal privilege, doctrine, or immunity.  Abramowitz will not provide

28  information subject to any such privilege, doctrine, or immunity.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

        Subject to and without waiving any objections, Abramowitz responds that he will further

respond to this Interrogatory, if at all, within a reasonable time following the Court's ruling on

Plaintiff's Motion for Leave to File a Third Amended Complaint.


Dated:  July 9, 2019                      By:    _/s/ Jack P. DiCanio_____
                                          Barry S. Simon (*pro hac vice*)
                                          Jonathan B. Pitt (*pro hac vice*)
                                          Stephen L. Wohlgemuth (*pro hac vice*)
                                          WILLIAMS & CONNOLLY LLP
                                          725 Twelfth Street NW
                                          Washington, DC  20005
                                          Telephone: (202) 434-5000
                                          E-mail: bsimon@wc.com
                                          E-mail: jpitt@wc.com
                                          E-mail: swohlgemuth@wc.com

                                          Allen Ruby (SBN 47109)
                                          Jack P. DiCanio (SBN 138782)
                                          Niels J. Melius (SBN 294181)
                                          William J. Casey (SBN 294086)
                                          SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
                                          525 University Avenue
                                          Palo Alto, California  94301
                                          Telephone: (650) 470-4500
                                          E-mail: allen.ruby@skadden.com
                                          E-mail: jack.dicanio@skadden.com
                                          E-mail: niels.melius@skadden.com
                                          E-mail: william.casey@skadden.com

                                          *Attorneys for Defendants*

DEFENDANT MARC L. ABRAMOWITZ'S RESPONSES AND OBJECTIONS TO PLAINTIFF
PALANTIR TECHNOLOGIES INC.'S FIRST SET OF FORM INTERROGATORIES          CASE NO.: 16CV299476