CHRISTOPHER A. STECHER, CASB No. 215329
christopher.stecher@kyl.com
KEESAL, YOUNG & LOGAN
A Professional Corporation
450 Pacific Avenue
San Francisco, California 94133
Telephone:   (415) 398-6000
Facsimile:   (415) 981-0136

TIMOTHY P. HARKNESS (*pro hac vice*)
timothy.harkness@freshfields.com
DAVID Y. LIVSHIZ (*pro hac vice*)
david.livshiz@freshfields.com
AMY MEI LIE TAN (*pro hac vice*)
amy.tan@freshfields.com
FRESHFIELDS BRUCKHAUS DERINGER US LLP
601 Lexington Avenue, 31st Floor
New York, New York 10022f
Telephone:   (212) 277-4000
Facsimile:   (212) 277-4001

*Attorneys for Applicant Palantir Technologies, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF PALANTIR TECHNOLOGIES, INC. FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS | Case No.: 3:18-mc-80132-JSC<br><br>**STATEMENT OF PALANTIR TECHNOLOGIES, INC.**<br><br>Date:   September 26, 2019<br>Time:   1:30 p.m.<br>Judge:   Hon. Jacqueline Scott Corley<br>(Courtroom F) |

Applicant Palantir Technologies Inc. (***Palantir***) respectfully submits this Statement pursuant the Court's August 16, 2019 Order (***August 16 Order***). In accordance with the August 16 Order, the parties met and conferred twice: (1) for approximately two hours in person at the Palo Alto offices of Skadden Arps on September 3, 2019, and (2) for another 1.5 hours via a telephonic conference on September 9, 2019 (together, the ***Meet & Confer***). During the Meet & Confer, the

parties were unable to reach consensus with respect to how the above-captioned action should proceed. Palantir then drafted a proposed Joint Statement, which Palantir sent to Abramowitz and to which Palantir invited Abramowitz to add his respective positions. Abramowitz objected to Palantir's portion of the proposed Joint Statement (to be clear, Abramowitz objected to the portions of the proposed Joint Statement that were clearly identified as Palantir's positions), and refused to add his portion so the parties could file a joint statement. Despite Palantir's efforts to address Abramowitz's objections in the interest of compromise, Abramowitz refused to consent to the filing of a <u>joint</u> statement. *See* September 19, 2019 email from D. Livshiz to S. Wohlgemuth et al. (Exhibit 1). Thus, Palantir respectfully submits this separate statement, setting out its view of the issues.

I. **GERMAN PROCEEDING**

More than a year ago, on August 6, 2018, Palantir commenced an action before the Regional Court Munich I (***German Court***) seeking entitlement to two patents related to cyber technology (***Cyber Patents***) filed, but then abandoned, by Abramowitz (***German Proceeding***). It commenced the above-captioned 1782 proceeding (the ***Action*** or ***1782 Proceeding***) on August 13, 2018, seeking discovery in aid of the German Proceeding, including discovery relating to certain healthcare patents (***Healthcare Patents***), with respect to which Palantir anticipates asserting additional claims in the German Proceedings. On or about August 24, 2018, Abramowitz appeared in this Action, and obtained a copy of the English translation of the German complaint. Subsequently, Palantir asked Abramowitz's US counsel to accept service. He refused. Thereafter, Palantir worked diligently with the German Court to effect service, which was accomplished on August 6, 2019.[1]

The German Court set a deadline of September 20, 2019 for Abramowitz to file his

---

[1] As this Court knows, under the German rules of civil procedure, service on a US defendant is made by the German Court—not by the litigant—working through the process server appointed by the United States government. While Palantir followed up diligently with the German Court concerning the progress of service on Abramowitz, there was little that Palantir could do to speed up this government-to-government process. Palantir did ask Abramowitz's German counsel to accept service. On April 10, 2019, Palantir reached out to Dr. Clemens Tobias Steins, of the Hoffman Eitle firm, who represents Abramowitz in the German Proceeding and submitted evidence in support of Abramowitz's motion for an anti-suit injunction, to inquire if he would accept service of the German complaint. Acting on instructions from Abramowitz's US counsel, Dr. Steins declined to do so.

statement of defense. Consistent with his strategy of seeking to delay these proceedings, on or around August 29, 2019 Abramowitz requested a three-month extension of the deadline to file his statement of defense, until December 20, 2019; Palantir opposed Abramowitz's request. The German Court has not yet ruled on Abramowitz's extension request. When it does, Palantir expects the German Court to also put in place a trial calendar for the pending proceedings that will (1) require Palantir to submit its reply brief including additional evidence to the German Court by February or March of 2020 (depending on whether Abramowitz's extension is granted) and Abramowitz to submit his second brief including evidence by May or June of 2020, and (2) schedule a trial in the third quarter of 2020. Given this anticipated schedule, Palantir requires discovery in this Action as soon as possible.

## II. ADDITIONAL BRIEFING

Palantir believes this Court should grant its pending Application and that no further briefing is required. Abramowitz has had a full and fair opportunity to oppose the Application, and during the Meet & Confer offered no persuasive reason why additional briefing was needed. Abramowitz has already filed two briefs in this proceeding and two related briefs in support of his failed motion for an anti-suit injunction in the California state court action. Abramowitz's arguments in both proceedings summed to the contention that Palantir is not entitled to Section 1782 discovery because both the German Proceeding and Palantir's 1782 application were brought in bad faith to circumvent the stay of discovery imposed by the California court pursuant to Section 2019.210 of the California Civil Procedure Code (the *2019 Stay*) and in violation of the forum selection clauses of certain confidentiality contracts between the parties. Abramowitz's arguments have been rejected by this Court, *see, e.g.*, December 6, 2018 Hearing Tr. (ECF No. 41), 5:23-6:11 ("I'm not inclined to . . . deny the application outright because of bad faith . . . . "), and by the California court, *see Palantir Technologies Inc. v. Abramowitz, et al.*, Case No. 16-cv-299476, Order Denying Def.'s Mot. for Anti-Suit Inj. (Cal. Super. May 21, 2019) (ECF No. 43-1) (***Anti-Suit Decision***) at 13 ("the German Proceedings involve [Palantir's] assertion of European intellectual property rights based on foreign law in a European court, which is wholly distinct from the assertion of California statutory and common law causes of action asserted in [the] California court."). Furthermore, the California court has lifted the 2019 Stay, *see Palantir Technologies Inc. v. Abramowitz, et al.*, Case No. 16-cv-299476, Order re:

Def.'s Mot. for Protective Order (Cal. Super. May 8, 2019) (ECF No. 43-2) (***Stay Decision***), and so there can be no reasonable argument that Palantir's effort to vindicate its European patent rights, or to seek discovery in support of that effort, is an attempt to circumvent the 2019 Stay.

During the Meet & Confer, Abramowitz did not identify any new issues which require briefing, other than his desire to inform the Court that (i) he has sought mandamus relief with respect to the Stay Decision and (ii) has appealed the Anti-Suit Decision.  *See* September 9, 2019 email from D. Livshiz to S. Wohlgemuth et al. (Exhibit 2).  But the fact that Abramowitz sought mandamus review—relief which is seldom granted—is no basis to further delay Palantir's ability to take 1782 discovery.  This is particularly true where, as here, even if mandamus relief is granted, Abramowitz's appeal of the Stay Decision or the Anti-Suit Decision is unlikely to be resolved prior to the German Proceeding being concluded.

Finally, at 4:00 pm (EDT) today, the day on which the parties were ordered to file a joint status report, Abramowitz identified additional topics on which he believes further briefing is warranted—including that he would like to address his ability to provide discovery in Germany, the scope of the discovery Palantir seeks, and reciprocal discovery.  None of these issues warrant additional briefing.  As a threshold issue, Abramowitz could have but chose not to raise any of these issues in the two prior briefs he filed in this Action.  To permit him to brief these issues now—after he has already delayed this proceeding by more than a year and with Palantir facing a tight deadline in Germany—would not only reward Abramowitz's stalling tactics (and incentivize piecemeal briefing in resisting 1782 applications), but would further prejudice Palantir.

In any event, the fact that Abramowitz has appeared in the German Proceeding is no reason to deny Palantir's Application.  As Palantir previously explained, Palantir will not be able to obtain the discovery it seeks through German proceedings because, while German courts are receptive to broad 1782 discovery, they are not themselves permitted to authorize the discovery that Palantir seeks.  *See* December 6, 2018 Hr'g Tr. (ECF No. 41), 12:15-19 ("German courts . . . do not understand the concept of discovery as we understand it . . . . The most that they could do would be to request Mr. Abramowitz to turn over a specific document, which we would first have to identify by name, rank and serial number."); Mem. of P. & A. in Supp. of Applicant Palantir Technologies, Inc.'s

*Ex Parte* Appl. for an Order Pursuant to 28 U.S.C. §1782 (ECF No. 2), 12–13.  This is precisely why courts permit litigants to seek 1782 discovery in aid of German proceedings, even when both parties are litigants in Germany.  *See Akebia Therapeutics, Inc. v. FibroGen, Inc.*, 793 F.3d 1108 (9th Cir. 2015); *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 596 (7th Cir. 2011); *In re Bayer Healthcare LLC*, No. C 14-80138 WHA, 2014 WL 3805807 (N.D. Cal. May 14, 2014).

Similarly, Abramowitz's desire for reciprocal discovery does not warrant additional briefing at this time.  As Abramowitz notes, Palantir has in principle agreed to reciprocal discovery.  However, as Abramowitz has not yet proposed any discovery, Palantir is not in a position to take any position as to the discovery he will seek.  Once Abramowitz propounds his proposed discovery, Palantir will evaluate it in good faith, and to the extent it objects to it, will do so promptly so that this Court can address those objections.  That, however, is no reason to delay the discovery that Palantir sought more than a year ago—particularly, where, as here, Palantir's deadline to submit evidence is several months earlier than is Abramowitz's and so further delay will uniquely prejudice Palantir.

### III.   SCOPE OF DOCUMENT REQUESTS AND RELATED MEET & CONFER

<u>Background.</u>  Shortly after Abramowitz appeared in this proceeding, Palantir wrote to Abramowitz proposing to meet and confer concerning the proposed discovery.  Abramowitz refused.  *See* September 5, 2018 email from J. DiCanio to D. Livshiz et al. (Exhibit 3).  After this Court scheduled a status conference for August 29, 2019, Palantir again offered to meet and confer; Abramowitz ignored this request.  *See* August 13, 2019 email from D. Livshiz to N. Melius (Exhibit 4).  When this Court finally ordered the parties to confer, Abramowitz refused to discuss the alleged burden posed by Palantir's requests, arguing that Palantir first had to satisfy Abramowitz that its proposed document requests sought information relevant to the German action and at the same time refusing to provide any authority to support his contention that some of Palantir's proposed discovery is not relevant to its claims in Germany.  With respect to the question of relevance, Abramowitz is wrong both as a matter of US and German law.  And, having elected not to make any showing of alleged burden, Abramowitz has waived his ability to do so.  *See Heraeus*, 633 F.3d at 598–99.  This Court should accordingly grant Palantir's long-pending Application (ECF No. 1).

<u>Relevance.</u>  During the Meet & Confer, Abramowitz refused to discuss Palantir's

proposed discovery to the extent that Abramowitz, without identifying any authority to support his position, deemed it not relevant to Palantir's claims in the German Proceeding, and refused to discuss any discovery concerning the Healthcare Patents. Neither of these positions has merit.

*First,* as a threshold matter, in the context of a 1782 application, the question of relevance under foreign law is best addressed by the German Court, which is best positioned to determine what evidence it will and will not admit. *See In re Veiga*, 746 F. Supp. 2d 8, 18-19 (D.D.C. 2010) ("relevancy in [the 1782] context is broadly construed" and the burden on the applicant is "*de minimis*") (internal citations omitted). Thus, courts routinely forego the relevance inquires under foreign law in deciding whether to authorize Section 1782 discovery. *See*, *e.g.*, *Qualcomm Inc.*, No. 18-MC-80134-NC, 2018 WL 6660068, at *3 (N.D. Cal. Dec. 19, 2018) (a "battle of experts over foreign admissibility law is contrary to Ninth Circuit law"); *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1099-1100 (2d Cir. 1995).[2]

In any event, Abramowitz is wrong as a matter of German law. As detailed in Palantir's pleadings, the categories of information sought by Palantir—including, information concerning whether Abramowitz invented the technology underlying the Cyber and Healthcare Patents and Abramowitz's communications concerning this technology with third parties—are directly relevant to Palantir's claims and will be considered by the German Court evaluating them. *See* Decl. of Wolrad Prinz zu Waldeck und Pyrmont of August 13, 2018 (ECF No. 4) at paras. 10–11 (explaining that the discovery Palantir seeks will materially assist the German Court in adjudicating the dispute between the parties). During the Meet & Confer, Palantir asked Abramowitz to provide authority to support his position that a German Court would deem information sought by Palantir not relevant to Palantir's claims; again, Abramowitz refused.[3]

---

[2] *See also In re Application of Grupo Qumma*, No. M 8-85, 2005 WL 937486, at *3-4 (S.D.N.Y April 25, 2005) (granting the 1782 application and refusing to preemptively deprive a party from the opportunity of trying to offer the evidence in the foreign proceeding).

[3] Abramowitz's argument that Palantir advances a new argument is as misplaced as it is misleading. It is Abramowitz not Palantir that is now seeking to introduce numerous new arguments—which could and should have been included in his briefing in 2018, but which Abramowitz apparently chose to forego at that time—in an effort to further delay Palantir's Application. In any event, Palantir's relevance argument is a direct response to arguments first made by Abramowitz in the Meet & Confer concerning Palantir's proposed discovery that is specific to the patents at issue in the German

*Second*, Abramowitz's argument with respect to the Healthcare Patents is equally meritless. As Palantir noted during the Meet & Confer, it is black letter law that a party is entitled to seek Section 1782 discovery in support of contemplated proceedings, and numerous courts across the country have authorized broad 1782 discovery in such circumstances. *See, e.g., Bravo Express Corp. v. Total Petrochemicals & Refining U.S.*, 613 Fed.Appx. 319, 322-23 (5th Cir. 2015) (reversing denial of Section 1782 application because it was in aid of contemplated, not pending, proceedings); *In re Ex Parte Application of Ambercroft Trading Ltd.*, No. 18-MC-80074-KAW, 2018 WL 2867744, at *3 (N.D. Cal. June 11, 2018) (granting 1782 application for contemplated proceeding where parties had exchanged correspondence about a potential proceeding). As there is no dispute that a party can seek Section 1782 discovery in aid of contemplated proceedings, there is no basis for Abramowitz's refusal to engage with respect to Palantir's proposed discovery concerning the Healthcare Patents. In short, Abramowitz's self-serving relevance judgments are not a basis to deny Palantir the discovery it seeks.

Burden. Finally, during the Meet & Confer, Abramowitz steadfastly refused to engage in *any* discussion of burden issues with respect to Palantir's discovery requests. *See* September 6, 2019 email from S. Wohlgemuth to D. Livshiz et al. (Exhibit 5). Although Palantir's requests are not unduly burdensome, Palantir came to the September 3 Meet & Confer meeting—which Palantir's counsel traveled across the country to attend—prepared to discuss any alleged burden posed by its proposed discovery. Palantir was ready to discuss various methods to mitigating any burden that Abramowitz could substantiate, including applying different time periods to different proposed requests and / or utilizing search terms, and was willing to accept written responses in lieu of documents in response to certain requests. Abramowitz refused to engage in any such discussion, informing Palantir that he would not discuss burden until Palantir satisfied Abramowitz that it was seeking information that was 'relevant' to its claims, as doing so would "put the cart before the horse." *See id*. But, it is the party resisting Section 1782 discovery that bears the burden of making a "specific showing" of undue burden. *Heraeus*, 633 F.3d at 598–99; *see also Consorcio Ecuatoriano de*

Proceeding. *Cf.* Abramowitz's Opp. to Palantir's *Ex Parte* Appl. for an Order Pursuant to 28 U.S.C. §1782 (ECF No. 17), 24 (objecting to Palantir seeking discovery relating to technologies "other than those described in the Challenged Patents."). And, in any event, as noted above and still unrefuted by Abramowitz, the discovery Palantir seeks is relevant to the German claims.

- 7 -

*Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d 1262, 1273 (11th Cir. 2014). Abramowitz has had at least four chances to make such a showing in his two previous briefs on this issue and the two meet and confer sessions between the parties. Having elected to forego these opportunities, Abramowitz has waived any objection on undue burden grounds. *See Heraeus*, 633 F.3d at 599. Since Abramowitz has failed to articulate any burden whatsoever, the Court should require Abramowitz to produce all documents responsive to Palantir's proposed discovery requests.

### IV. CONFIDENTIALITY ORDER

Finally, during the Meet & Confer, Palantir hoped to discuss the confidentiality order—heavily modeled on this District's Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and / or Trade Secrets (*Model Order*)—that it had proposed to Abramowitz on August 13, 2019. Abramowitz refused to provide any revisions to the proposed order, and instead asserted that the parties' first had to resolve two gating issues: (i) Palantir's refusal to segregate attorneys working on the German action from those working on the California and Delaware actions, and (ii) Abramowitz's refusal to be bound by the Attorneys' Eyes Only (*AEO*) provision contained in the Model Order. On segregation, it is Palantir's view that it is no longer necessary to segregate the attorneys working on the German action from those working on the US litigation, as the California court has lifted the 2019 Stay in the California action and discovery is moving forward and the parties are exchanging some trade secret discovery in the Delaware action. Moreover, as Palantir noted during the Meet & Confer, it is willing to abide by the restrictions contained in its proposed draft confidentiality order, and in the Model Order, which would prevent the use of information obtained in Section 1782 discovery outside the German Proceeding and this Action. And, while Palantir submits that Abramowitz's position with respect to the Attorneys' Eyes Only provision is without merit, this disagreement is in all events premature as Abramowitz has not served any discovery on Palantir, and so there is no obligation for Palantir to provide any documents to Abramowitz, and therefore no need to designate such documents as Attorneys' Eyes Only.

During the Meet & Confer, Palantir tried to resolve both issues and proposed a reasonable resolution based on the Model Order, however the parties did not resolve this matter. Palantir believes the parties' further meet and confer efforts would benefit from the Court's guidance.

DATED: September 19, 2019

/s/   David Y. Livshiz
CHRISTOPHER A. STECHER
KEESAL, YOUNG & LOGAN

TIMOTHY P. HARKNESS (*pro hac vice*)
DAVID Y. LIVSHIZ (*pro hac vice*)
AMY MEI LIE TAN (*pro hac vice*)
FRESHFIELDS BRUCKHAUS DERINGER US LLP

*Attorneys for Applicant Palantir Technologies, Inc.*