| | |
|---|---|
| From: | LIVSHIZ, David |
| Sent: | Thursday, September 19, 2019 10:23 PM |
| To: | 'Wohlgemuth, Stephen'; Niels.Melius@skadden.com; Jack.DiCanio@skadden.com; Simon, Barry; Pitt, Jonathan |
| Cc: | Christopher.Stecher@kyl.com; HARKNESS, Timothy (TXH); TAN, Amy |
| Subject: | RE: Ex Parte Application of Palantir Technologies Inc., Case No. 3:18-mc-80132-JSC (Meet and Confer Follow Up) |

Dear Steve:

That is incorrect.  We have in fact addressed each point in your email, although we disagreed with you as to a number of these points and you have offered no argument in response.  We will file our own statement.

Kind regards,

David

David Y. Livshiz
Counsel

Freshfields Bruckhaus Deringer US LLP
601 Lexington Avenue
31st Floor
New York, New York 10022
T +1 212 284 4979
M +1 646 886 0001
F  +1 646 521 5779
david.livshiz@freshfields.com
www.freshfields.com


-----Original Message-----
From: Wohlgemuth, Stephen [mailto:SWohlgemuth@wc.com]
Sent: Thursday, September 19, 2019 10:10 PM
To: LIVSHIZ, David; Niels.Melius@skadden.com; Jack.DiCanio@skadden.com; Simon, Barry; Pitt, Jonathan
Cc: Christopher.Stecher@kyl.com; HARKNESS, Timothy (TXH); TAN, Amy
Subject: RE: Ex Parte Application of Palantir Technologies Inc., Case No. 3:18-mc-80132-JSC (Meet and Confer Follow Up)

David,

Your offer does not address several of the critical problems that I identified and, because of this, your proposed Statement is still inconsistent with the Court's order and the rules I cite below.  Because we have been unable to obtain your cooperation in the preparation of a compliant Joint Statement, we will file our own separate Statement.

Thank you.

Steve
_____

From: David.LIVSHIZ@freshfields.com
Sent: Sep 19, 2019 9:34 PM
To: "Wohlgemuth, Stephen" <SWohlgemuth@wc.com>; Niels.Melius@skadden.com; Jack.DiCanio@skadden.com; "Simon, Barry" <BSimon@wc.com>; "Pitt, Jonathan" <JPitt@wc.com>
Cc: Christopher.Stecher@kyl.com; timothy.harkness@freshfields.com; Amy.TAN@freshfields.com
Subject: RE: Ex Parte Application of Palantir Technologies Inc., Case No. 3:18-mc-80132-JSC (Meet and Confer Follow Up)

Dear Steve:

Thank you for your email.  I was at a meeting and without access to email, so I am only now in a position to respond.

You arguments below are without merit.  Our submission is neither inconsistent with Judge Corley's August 16 order, nor does it violate the local or federal rules.  As you correctly note, the Court instructed the parties to submit a joint statement stating the "parties' proposal(s) for how to proceed."  One way to proceed is by way of additional briefing.  That is Abramowitz's position.  Another way to proceed is to grant a properly noticed application that has been on file and before the Court for more than a year.  That is Palantir's position.  Nothing in Judge Corley's order prohibits us from asking that she proceed by granting an application properly made, fully briefed and before her (to the extent our draft submission is unclear on this point, we will clarify).  Moreover, nothing in Judge Corley's order prohibits us from citing to case law or any other authority; indeed, we have pointed you to much of the authority we cite in our meet and confer correspondence.  And, of course, Abramowitz is free to cite to any authority he wishes.

Similarly, an executive summary which contains nothing that is not otherwise contained in our submission can hardly be said to go beyond the parties' understanding.  That said, in the interest of compromise and to avoid this night being longer than it will already be, we will agree to (i) delete the executive summary as long as you confirm that Abramowitz will not present an executive summary of his own, and (ii) revise our position with respect to the confidentiality order to ask for guidance from the court during the forthcoming status conference.

Please let us know by no later than 10:30 pm EDT if you will agree to submit a joint report on that basis.  We anticipate being ready to submit a revised draft to you at that time.  If not, we intend to submit our own position by midnight EDT, noting that we attempted to submit a joint statement providing each side's positions, but you objected, and attaching a copy of this correspondence.

Kind regards,
David

From: Wohlgemuth, Stephen <SWohlgemuth@wc.com>
Sent: Thursday, September 19, 2019 6:06 PM
To: TAN, Amy <Amy.TAN@freshfields.com>; LIVSHIZ, David <David.LIVSHIZ@freshfields.com>; Niels.Melius@skadden.com; Jack.DiCanio@skadden.com; Simon, Barry <BSimon@wc.com>; Pitt, Jonathan <JPitt@wc.com>
Cc: Christopher.Stecher@kyl.com; HARKNESS, Timothy (TXH) <timothy.harkness@freshfields.com>
Subject: RE: Ex Parte Application of Palantir Technologies Inc., Case No. 3:18-mc-80132-JSC (Meet and Confer Follow Up)

David,

Your proposed sections of the Joint Statement are inconsistent with our prior agreement, the Court's order, the Local Rules, and the Federal Rules of Civil Procedure.

In our emails below, we agreed to an outline and settled on the proposed sections.  But you have ignored that agreement and included an "Executive Summary" section—which our agreement did not contemplate.  What is worse, however, is that you did not tell us that you planned to include an executive summary section until  you sent your draft just now—at 4:30pm on the day of filing.  I have to assume that you had previously drafted that section at some earlier

time. I can only guess as to why you did not tell us that you planned to include such a section. We request that you delete that section.

Your draft is also inconsistent with the Court's order. The Court instructed the parties to "file a Joint Statement describing those meet and confer efforts and the parties' proposal(s) for how to proceed by September 19, 2019." Your sections go far beyond that. You have instead submitted a substantive brief, with citations to over a dozen cases. We will not sign off on a Joint Statement that so clearly ignores the Court's expectation.

Your draft also violates the Local Rules, which provide that "[a]ny written request to the Court for an order must be presented by one of the following means . . ." Civil L.R. 7-1(a). Various means are listed but they boil down to just two: a properly noticed motion or a stipulation. Id. Joint Statements are not listed among the means. Yet you have included two "written request[s]" for an order in clear violation of the Local Rule. First, you ask the Court to "order Abramowitz to produce the documents sought by Palantir by October 26, 2019, and to make himself available for deposition during November 2019." That request—which ignores the strictures of Rule 45—must be made in a noticed motion. Second, you ask the Court to "enter the proposed confidentiality order that Palantir previously circulated to Abramowitz, attached as Exhibit 5." That request—which ignores the strictures of Rule 26(c)—must also be made in a properly noticed motion. We will not sign off on a Joint Statement that so obviously violates the Local Rules and the Federal Rules of Civil Procedure.

Please let me know by 7:00 pm ET if you will revise your sections to comply with our prior agreement, the Court's order, the Local Rules, and the Federal Rules of Civil Procedure.

Thank you.

Steve

Stephen Wohlgemuth
Associate | Williams & Connolly LLP
725 Twelfth Street, N.W., Washington, DC 20005
(P) 202-434-5390 | (F) 202-434-5029
swohlgemuth@wc.com<mailto:swohlgemuth@wc.com> |
www.wc.com/swohlgemuth<http://www.wc.com/swohlgemuth>

From: Amy.TAN@freshfields.com<mailto:Amy.TAN@freshfields.com> [mailto:Amy.TAN@freshfields.com]
Sent: Thursday, September 19, 2019 4:55 PM
To: Wohlgemuth, Stephen <SWohlgemuth@wc.com<mailto:SWohlgemuth@wc.com>>;
David.LIVSHIZ@freshfields.com<mailto:David.LIVSHIZ@freshfields.com>;
Niels.Melius@skadden.com<mailto:Niels.Melius@skadden.com>;
Jack.DiCanio@skadden.com<mailto:Jack.DiCanio@skadden.com>; Simon, Barry
<BSimon@wc.com<mailto:BSimon@wc.com>>; Pitt, Jonathan <JPitt@wc.com<mailto:JPitt@wc.com>>
Cc: Christopher.Stecher@kyl.com<mailto:Christopher.Stecher@kyl.com>;
timothy.harkness@freshfields.com<mailto:timothy.harkness@freshfields.com>
Subject: RE: Ex Parte Application of Palantir Technologies Inc., Case No. 3:18-mc-80132-JSC (Meet and Confer Follow Up)

Hi Steve,

Yes, understood. We propose exchanging our final positions at 10:30 pm EST today. We will then import your positions into our draft and I will circulate the consolidated document for your sign off. We will then file the papers. Does this plan work for you?

Kind regards,
Amy

From: Wohlgemuth, Stephen <SWohlgemuth@wc.com<mailto:SWohlgemuth@wc.com>>
Sent: Thursday, September 19, 2019 4:38 PM
To: TAN, Amy <Amy.TAN@freshfields.com<mailto:Amy.TAN@freshfields.com>>; LIVSHIZ, David <David.LIVSHIZ@freshfields.com<mailto:David.LIVSHIZ@freshfields.com>>; Niels.Melius@skadden.com<mailto:Niels.Melius@skadden.com>; Jack.DiCanio@skadden.com<mailto:Jack.DiCanio@skadden.com>; Simon, Barry <BSimon@wc.com<mailto:BSimon@wc.com>>; Pitt, Jonathan <JPitt@wc.com<mailto:JPitt@wc.com>>
Cc: Christopher.Stecher@kyl.com<mailto:Christopher.Stecher@kyl.com>; HARKNESS, Timothy (TXH) <timothy.harkness@freshfields.com<mailto:timothy.harkness@freshfields.com>>
Subject: RE: Ex Parte Application of Palantir Technologies Inc., Case No. 3:18-mc-80132-JSC (Meet and Confer Follow Up)

Thank you, Amy.  To be clear, you do not have our authority to file.

Stephen Wohlgemuth
Associate | Williams & Connolly LLP
725 Twelfth Street, N.W., Washington, DC 20005
(P) 202-434-5390 | (F) 202-434-5029
swohlgemuth@wc.com<mailto:swohlgemuth@wc.com> |
www.wc.com/swohlgemuth<http://www.wc.com/swohlgemuth>

From: Amy.TAN@freshfields.com<mailto:Amy.TAN@freshfields.com> [mailto:Amy.TAN@freshfields.com]
Sent: Thursday, September 19, 2019 4:20 PM
To: David.LIVSHIZ@freshfields.com<mailto:David.LIVSHIZ@freshfields.com>; Wohlgemuth, Stephen <SWohlgemuth@wc.com<mailto:SWohlgemuth@wc.com>>; Niels.Melius@skadden.com<mailto:Niels.Melius@skadden.com>; Jack.DiCanio@skadden.com<mailto:Jack.DiCanio@skadden.com>; Simon, Barry <BSimon@wc.com<mailto:BSimon@wc.com>>; Pitt, Jonathan <JPitt@wc.com<mailto:JPitt@wc.com>>
Cc: Christopher.Stecher@kyl.com<mailto:Christopher.Stecher@kyl.com>; timothy.harkness@freshfields.com<mailto:timothy.harkness@freshfields.com>
Subject: RE: Ex Parte Application of Palantir Technologies Inc., Case No. 3:18-mc-80132-JSC (Meet and Confer Follow Up)

Dear all,

Attached please find our proposed joint statement. We will use our form to file, and will copy over your positions unchanged into the document and recirculate the joint statement containing both parties' positions.

Kind regards,
Amy

From: LIVSHIZ, David <David.LIVSHIZ@freshfields.com<mailto:David.LIVSHIZ@freshfields.com>>
Sent: Thursday, September 19, 2019 4:02 PM
To: 'Wohlgemuth, Stephen' <SWohlgemuth@wc.com<mailto:SWohlgemuth@wc.com>>; TAN, Amy <Amy.TAN@freshfields.com<mailto:Amy.TAN@freshfields.com>>; Niels.Melius@skadden.com<mailto:Niels.Melius@skadden.com>; Jack.DiCanio@skadden.com<mailto:Jack.DiCanio@skadden.com>; Simon, Barry <BSimon@wc.com<mailto:BSimon@wc.com>>; Pitt, Jonathan <JPitt@wc.com<mailto:JPitt@wc.com>>
Cc: Christopher.Stecher@kyl.com<mailto:Christopher.Stecher@kyl.com>; HARKNESS, Timothy (TXH) <timothy.harkness@freshfields.com<mailto:timothy.harkness@freshfields.com>>
Subject: RE: Ex Parte Application of Palantir Technologies Inc., Case No. 3:18-mc-80132-JSC (Meet and Confer Follow Up)

Thanks.  Amy will send our proposed form to you now.

David Y. Livshiz
Counsel

Freshfields Bruckhaus Deringer US LLP
601 Lexington Avenue
31st Floor
New York, New York 10022
T +1 212 284 4979
M +1 646 886 0001
F  +1 646 521 5779
david.livshiz@freshfields.com<mailto:david.livshiz@freshfields.com>
www.freshfields.com<http://www.freshfields.com/>

From: Wohlgemuth, Stephen [mailto:SWohlgemuth@wc.com]
Sent: Thursday, September 19, 2019 3:59 PM
To: LIVSHIZ, David; TAN, Amy; Niels.Melius@skadden.com<mailto:Niels.Melius@skadden.com>; Jack.DiCanio@skadden.com<mailto:Jack.DiCanio@skadden.com>; Simon, Barry; Pitt, Jonathan
Cc: Christopher.Stecher@kyl.com<mailto:Christopher.Stecher@kyl.com>; HARKNESS, Timothy (TXH)
Subject: RE: Ex Parte Application of Palantir Technologies Inc., Case No. 3:18-mc-80132-JSC (Meet and Confer Follow Up)

David,

As you say, we'll have to agree to disagree.

In any event, here is our proposed joint statement.  Please insert Palantir's provisions into this and send us back the complete draft for our final review.

Just to reiterate:  Palantir does not have the authority to file any document until we have seen and agreed to the document.

Thank you.

Steve

Stephen Wohlgemuth
Associate | Williams & Connolly LLP
725 Twelfth Street, N.W., Washington, DC 20005
(P) 202-434-5390 | (F) 202-434-5029
swohlgemuth@wc.com<mailto:swohlgemuth@wc.com> |
www.wc.com/swohlgemuth<http://www.wc.com/swohlgemuth>

From: David.LIVSHIZ@freshfields.com<mailto:David.LIVSHIZ@freshfields.com> [mailto:David.LIVSHIZ@freshfields.com]
Sent: Thursday, September 19, 2019 12:07 PM
To: Wohlgemuth, Stephen <SWohlgemuth@wc.com<mailto:SWohlgemuth@wc.com>>;
Amy.TAN@freshfields.com<mailto:Amy.TAN@freshfields.com>;
Niels.Melius@skadden.com<mailto:Niels.Melius@skadden.com>;
Jack.DiCanio@skadden.com<mailto:Jack.DiCanio@skadden.com>; Simon, Barry
<BSimon@wc.com<mailto:BSimon@wc.com>>; Pitt, Jonathan <JPitt@wc.com<mailto:JPitt@wc.com>>
Cc: Christopher.Stecher@kyl.com<mailto:Christopher.Stecher@kyl.com>;
timothy.harkness@freshfields.com<mailto:timothy.harkness@freshfields.com>
Subject: RE: Ex Parte Application of Palantir Technologies Inc., Case No. 3:18-mc-80132-JSC (Meet and Confer Follow Up)

Dear Steve:

We will have to agree to disagree concerning our respective statements on reciprocal discovery. Your question to me during the meet and confer was "putting aside issues of burden and scope, does Palantir object in principle." My response was that I could not begin to have that conversation with my client without having a sense of what it is that Abramowitz would seek. I asked you to identify those topics, while deferring the need to propound formal requests until Palantir could determine whether to object to reciprocal discovery in principle. We have now provided the answer to that question twice: we do not object in principle, but will consider the formal requests you propound and will respond to them in due course.

In terms of a joint status report, we see little reason in sharing our draft with you first, so that you can then revise your draft to address our points, if we are not be able to do likewise. We therefore propose, and are ready to execute, a mutual exchange. Both parties could then revise as they see fit, and we would then file (with your permission, of course). And, if we see that there is room for joint language, we can hash that out relatively quickly via email. While we agreed to hold the pen to deal with the administrative work of submitting the brief, we did not agree to provide you with a last look. You have obviously been aware that the joint submission is due today and have prepared your draft, so we see no reason why the parties cannot do a simultaneous exchange. That approach is fair and treats both parties equally, as opposed to giving your client an advantage to which he is not entitled.

David


David Y. Livshiz
Counsel

Freshfields Bruckhaus Deringer US LLP
601 Lexington Avenue
31st Floor
New York, New York 10022
T +1 212 284 4979
M +1 646 886 0001
F  +1 646 521 5779
david.livshiz@freshfields.com<mailto:david.livshiz@freshfields.com>
www.freshfields.com<http://www.freshfields.com/>

From: Wohlgemuth, Stephen [mailto:SWohlgemuth@wc.com]
Sent: Thursday, September 19, 2019 9:41 AM
To: LIVSHIZ, David; TAN, Amy; Niels.Melius@skadden.com<mailto:Niels.Melius@skadden.com>; Jack.DiCanio@skadden.com<mailto:Jack.DiCanio@skadden.com>; Simon, Barry; Pitt, Jonathan
Cc: Christopher.Stecher@kyl.com<mailto:Christopher.Stecher@kyl.com>; HARKNESS, Timothy (TXH)
Subject: RE: Ex Parte Application of Palantir Technologies Inc., Case No. 3:18-mc-80132-JSC (Meet and Confer Follow Up)

David,

You state that Mr. Abramowitz "has a record of misappropriating Palantir's proprietary information." But Palantir has never once offered a shred of evidence to back that frivolous allegation, which you repeat without any basis. You also mischaracterize our position on the protective order: we have never said that Mr. Abramowitz—or anyone else, for that matter—"should have access to Palantir's sensitive materials when and how he pleases." As you know, we are willing to agree to a protective order with a use restriction.

Your conduct regarding our requests for reciprocal discovery is clear. You asked us for informal topics of discovery and expressly told us not to send formal requests. Then, in Amy's email on Friday night, you had a sudden change of heart, stating that "we are not in a position to fully evaluate the burden, scope, and propriety of the requests before you serve your formal subpoena."

I think it makes most sense for you to send your proposed draft over and we will then insert our sections as appropriate. As you said on the calls, you wanted to hold the pen on this draft. So you should send your sections first. Moreover, there may be sections where it may be possible to agree on truly joint language. But we need to see your proposal before we know whether that is the case.

To be clear, Palantir does not have the authority to file any document until we have seen and agreed to the document. Palantir may not make any changes to the document before filing without first showing them to us.

Steve


Stephen Wohlgemuth
Associate | Williams & Connolly LLP
725 Twelfth Street, N.W., Washington, DC 20005
(P) 202-434-5390 | (F) 202-434-5029
swohlgemuth@wc.com<mailto:swohlgemuth@wc.com> |
www.wc.com/swohlgemuth<http://www.wc.com/swohlgemuth>

From: David.LIVSHIZ@freshfields.com<mailto:David.LIVSHIZ@freshfields.com> [mailto:David.LIVSHIZ@freshfields.com]
Sent: Wednesday, September 18, 2019 11:12 PM
To: Wohlgemuth, Stephen <SWohlgemuth@wc.com<mailto:SWohlgemuth@wc.com>>;
Amy.TAN@freshfields.com<mailto:Amy.TAN@freshfields.com>;
Niels.Melius@skadden.com<mailto:Niels.Melius@skadden.com>;
Jack.DiCanio@skadden.com<mailto:Jack.DiCanio@skadden.com>; Simon, Barry
<BSimon@wc.com<mailto:BSimon@wc.com>>; Pitt, Jonathan <JPitt@wc.com<mailto:JPitt@wc.com>>
Cc: Christopher.Stecher@kyl.com<mailto:Christopher.Stecher@kyl.com>;
timothy.harkness@freshfields.com<mailto:timothy.harkness@freshfields.com>
Subject: RE: Ex Parte Application of Palantir Technologies Inc., Case No. 3:18-mc-80132-JSC (Meet and Confer Follow Up)

Dear Steve:

Thank you for your email.

We respectfully disagree with your various statements below, and will address them with the Court as appropriate.

Two points, however, require an immediate response.

First, you did not point us to any authorities on the AEO issues. Rather, you pointed us to briefing in the California action. The authorities cited therein are not persuasive. Indeed, as you explained to us during the September 9 meet and confer, the judge in the California action ultimately proposed a protective order requiring that Abramowitz see information designated as AEO under specific restrictions: at counsel's office with counsel present, without having access to a phone or other photographic devices, etc. You have, by contrast, informed us that you would not agree to similar restrictions because your position is that Mr. Abramowitz should have access to Palantir's sensitive materials when and how he pleases. Respectfully, this position is untenable – particularly where, as here, Abramowitz has a record of misappropriating Palantir's proprietary information.

Second, our position on reciprocal discovery has not changed.  During the initial meet and confer, I told you that for the purpose of Palantir evaluating whether to object to reciprocal discovery in principle, an informal list of discovery sought would be sufficient.  I never stated that Abramowitz would not need to propound actual discovery to which Palantir could then object, including on the basis of relevance, burden, etc.  Indeed, it was you during the initial meet and confer that stated that those issues would be addressed at a later day should Abramowitz ultimately propound discovery.  As noted, while Palantir does not object in principle to Abramowitz seeking such discovery, it is far too premature to discuss the size and scope of any reciprocal discovery that Abramowitz may one day seek.  Once we receive your proposed subpoenas we will of course respond in due course.

Finally, with respect to the parties' submissions, we propose that the parties exchange the preliminary drafts of their sections at 10:00 am EDT tomorrow, and final drafts at 4:00 pm EDT tomorrow.  We will then integrate your final positions into the master document, which we will then file.

David



David Y. Livshiz
Counsel

Freshfields Bruckhaus Deringer US LLP
601 Lexington Avenue
31st Floor
New York, New York 10022
T +1 212 284 4979
M +1 646 886 0001
F  +1 646 521 5779
david.livshiz@freshfields.com<mailto:david.livshiz@freshfields.com>
www.freshfields.com<http://www.freshfields.com/>

From: Wohlgemuth, Stephen [mailto:SWohlgemuth@wc.com]
Sent: Wednesday, September 18, 2019 2:00 PM
To: TAN, Amy; Niels.Melius@skadden.com<mailto:Niels.Melius@skadden.com>; Jack.DiCanio@skadden.com<mailto:Jack.DiCanio@skadden.com>; Simon, Barry; Pitt, Jonathan
Cc: Christopher.Stecher@kyl.com<mailto:Christopher.Stecher@kyl.com>; LIVSHIZ, David; HARKNESS, Timothy (TXH)
Subject: RE: Ex Parte Application of Palantir Technologies Inc., Case No. 3:18-mc-80132-JSC (Meet and Confer Follow Up)

Amy,


- Your citations to Cyrolife and Euromepa are inapposite.  Those cases do not stand for the proposition that courts are not supposed to address relevance.  In fact, in Cyrolife, the court expressly limited discovery on damages issues that were irrelevant to the petitioner's German claims.  Cryolife, Inc. v. Tenaxis Med., Inc., 2009 WL 88348, at *5 (N.D. Cal. Jan. 13, 2009).  We stand by our positions.  Discovery should only be limited to the complaint that is actually on file and should be limited to the date range we discussed.  This is all the more appropriate given that Palantir represented to the Court that it would amend its German complaint promptly after service—yet it hasn't done so.  What is more troubling is that you have refused to tell us why you haven't yet amended or when you plan to do so.


- We disagree that Mr. Abramowitz has not shown an undue burden.  We will address this issue with the Court.

8

- Your statements about an "unwillingness" to engage in a meet and confer are false. Our position is that the Court should deny the petition and that there should be no discovery. Despite that position, we have still had numerous discussions with you about your discovery requests.

- Your proposed confidentiality order is unacceptable to us. You have not responded to the authorities that we pointed you to.

- It is unfortunate that you are reversing your position on reciprocal discovery. David initially said on the call that Palantir only wanted to see the topics of reciprocal discovery—he specifically told us not to prepare formal requests. Now you have changed your mind on the eve of the parties' submission to the Court. We will prepare formal subpoenas, which we will submit with our supplemental brief.

- Your outline is fine. Please send us your proposed submission this afternoon.

Thank you.

Steve


Stephen Wohlgemuth
Associate | Williams & Connolly LLP
725 Twelfth Street, N.W., Washington, DC 20005
(P) 202-434-5390 | (F) 202-434-5029
swohlgemuth@wc.com<mailto:swohlgemuth@wc.com> |
www.wc.com/swohlgemuth<http://www.wc.com/swohlgemuth>

From: Amy.TAN@freshfields.com<mailto:Amy.TAN@freshfields.com> [mailto:Amy.TAN@freshfields.com]
Sent: Friday, September 13, 2019 7:56 PM
To: Wohlgemuth, Stephen <SWohlgemuth@wc.com<mailto:SWohlgemuth@wc.com>>;
Niels.Melius@skadden.com<mailto:Niels.Melius@skadden.com>;
Jack.DiCanio@skadden.com<mailto:Jack.DiCanio@skadden.com>; Simon, Barry
<BSimon@wc.com<mailto:BSimon@wc.com>>; Pitt, Jonathan <JPitt@wc.com<mailto:JPitt@wc.com>>
Cc: Christopher.Stecher@kyl.com<mailto:Christopher.Stecher@kyl.com>;
David.LIVSHIZ@freshfields.com<mailto:David.LIVSHIZ@freshfields.com>;
timothy.harkness@freshfields.com<mailto:timothy.harkness@freshfields.com>
Subject: RE: Ex Parte Application of Palantir Technologies Inc., Case No. 3:18-mc-80132-JSC (Meet and Confer Follow Up)

Dear Barry, Steve, Niels, and Jack:

We write to follow up on several issues from Monday's meet and confer:

Relevance: During our call we provided you with three non-exclusive examples of information that a German court would consider relevant, and which would fall outside of Mr. Abramowitz's proposed time period, including (i)

correspondence between Mr. Abramowitz and the various counterparties to whom Mr. Abramowitz marketed the technology underlying the challenged patents (Contested Technology), (ii) correspondence between Mr. Abramowitz and the European patent authorities concerning the Contested Technology and Mr. Abramowitz's patent applications, and (iii) information that indicates that Mr. Abramowitz was not engaged in working on the Contested Technology prior to learning about it from Palantir.  After we did so you agreed to take this under advisement.

In response to your categorization of the above categories as narrow, we observed that these examples were not designed to be exhaustive, but were rather illustrative examples, and reiterated our position that (i) US courts are not supposed to evaluate proposed Section 1782 discovery for relevance, see e.g., Cryolife, Inc. v. Tenaxis Med., Inc., No. C08-05124 HRL, 2009 WL 88348, at *3 (N.D. Cal. Jan. 13, 2009) and Euromepa S.A. v. R. Esmerian, Inc., 51 F.3d 1095, 1099-1100 (2d Cir. 1995), and that (ii) in any event, each of the proposed requests propounded by Palantir were designed to identify relevant evidence.  We asked you to identify any German authority that supported your position that information responsive to the proposed requests would not be considered by a German court.  You refused to do so, and instead asked us to again check with our German counsel on this point.  We have done so.  Our German colleagues confirmed that a German court will consider the materials we have requested as relevant to Palantir's entitlement claim, including all documents related to Mr. Abramowitz's alleged development, creation, understanding, and use of the Contested Technology at issue; evidence of Mr. Abramowitz's record of technological invention, because a lack of such experience may be a factor that the German court considers in determining whether it is plausible that Mr. Abramowitz is the inventor of the Contested Technology; and evidence that Mr. Abramowitz was attempting to sell the technology.

We also note that Mr. Abramowitz has not made any showing of undue burden with respect to the requested discovery.  Indeed, despite our multiple overtures, Mr. Abramowitz has repeatedly refused to discuss burden-related issues and has declined to even consider discovery concerning the Healthcare Patents.  Mr. Abramowitz's unwillingness to engage in a meet-and-confer process with respect to these basic issues seems to serve no purpose other than his continued attempts to delay discovery.  Despite multiple requests, you have yet to identify any authority that supports your position.  We therefore insist that Mr. Abramowitz collect, review and produce all documents and information we have requested for the following time periods:  January 1, 2012 to April 1, 2018 for the Cyber Patents, and January 1, 2010 to April 1, 2018 for the Healthcare Patents.

Reciprocal Discovery:  While Palantir does not object in principle to Mr. Abramowitz seeking reciprocal discovery pursuant to Section 1782, any discussion of reciprocal discovery is far too premature.  Not only has Mr. Abramowitz not propounded any formal discovery requests, he has refused to engage in a good faith discussion regarding the discovery sought by Palantir and how to best proceed in this matter. And while we appreciate you sending us an informal list of the categories of documents that Mr. Abramowitz might seek at some indefinite point in the future, we are not in a position to fully evaluate the burden, scope, and propriety of the requests before you serve your formal subpoena.  Once you do so, and once Mr. Abramowitz agrees to discuss a production protocol for Palantir's outstanding requests, we can revisit the subject of reciprocal discovery.

Confidentiality Order:  As discussed, Palantir would agree to abide by the use restrictions contained in the N.D. Cal. Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets (i.e., that protected material as defined by the protective order will only be used to prosecute, defend or attempt to settle the 1782 proceedings or the German proceedings).

Outline of the Joint Status Report:  Finally, we propose that the Joint Statement to be filed on September 19, 2019 cover the following:

1. the status of the German proceedings;

2. the parties' views on the need for additional briefing;

3. the parties' meet-and-confer efforts, including their views on the scope of the document requests; and

4.   the parties' views on the confidentiality order to be entered in this matter should discovery be granted.

Please let us know if you think any additional topics should be included.

Kind regards,

Amy


From: Wohlgemuth, Stephen [mailto:SWohlgemuth@wc.com]
Sent: Friday, September 06, 2019 5:24 PM
To: LIVSHIZ, David; Niels.Melius@skadden.com<mailto:Niels.Melius@skadden.com>; Jack.DiCanio@skadden.com<mailto:Jack.DiCanio@skadden.com>
Cc: Simon, Barry; Pitt, Jonathan; Christopher.Stecher@kyl.com<mailto:Christopher.Stecher@kyl.com>; TAN, Amy; HARKNESS, Timothy (TXH)
Subject: RE: Ex Parte Application of Palantir Technologies Inc., Case No. 3:18-mc-80132-JSC (Meet and Confer Follow Up)

David,

1.   Our position is that there should be no discovery on the healthcare technologies until you have amended your complaint.  We cannot discuss relevance without a complaint to act as a guide.  As we have told you, most § 1782 petitions concern targeted requests for documents.  You are proposing that we conduct discovery for an entire case without even letting us see the allegations.  Intel says nothing about this situation.  In that case, there was an antitrust complaint that was serving as a basis for investigation by European authorities.  Here we have nothing other than your say so.

2.   We stated our position on burden and relevance during the first meet and confer.  "Parallel" discussions put the cart before the horse.

3.   The cases you cite about AEO protections all involve stipulated protective orders.  Of course courts enter AEO protective orders where everyone agrees to the order.  We are not agreeing.  We litigated this issue with Palantir in connection with the protective order in the California case.  The authorities in support of our position are set forth in that public briefing.

4.   We propose that our opening brief be due on October 10, two weeks after the status conference.  Your brief would then be due two weeks after that, on October 24.  We would then file a reply on October 31.

5.   We are seeking reciprocal discovery regarding at least the following categories of information:

11

a. All communications or documents relating to Marc Abramowitz or any related entity.

b. All communications or documents related to any information provided to Marc Abramowitz or any related entity.

c. All communications or documents evidencing Palantir's invention of the at-issue technologies.

d. All communications or documents relating to any public disclosure of the at-issue technologies.

e. All documents submitted by Palantir, or on its behalf, to any patent office relating to at-issue technologies.

f. Unredacted versions of all documents relied upon in your complaint.

g. All communications and documents relating to Palantir's decision not to pursue its entitlement claim during the period from the time the European patent applications were published and August 2018.

h. All communications or documents relating to when Palantir became aware that Abramowitz had filed patents relating to the at-issue technologies.

i. All communications or documents relating to Palantir's representations, after the date it became aware of Abramowitz's patent applications, to stockholders or investors, that it was not aware of its intellectual property being stolen or misappropriated.

j. All communications or documents relating to Palantir's damages.

6. We are also seeking depositions of the appropriate Palantir witnesses (including former employees) on those topics.

Thank you.

Steve

Stephen Wohlgemuth
Associate | Williams & Connolly LLP

725 Twelfth Street, N.W., Washington, DC 20005
(P) 202-434-5390 | (F) 202-434-5029
swohlgemuth@wc.com<mailto:swohlgemuth@wc.com> |
www.wc.com/swohlgemuth<http://www.wc.com/swohlgemuth>


From: David.LIVSHIZ@freshfields.com<mailto:David.LIVSHIZ@freshfields.com> [mailto:David.LIVSHIZ@freshfields.com]
Sent: Friday, September 06, 2019 10:28 AM
To: Niels.Melius@skadden.com<mailto:Niels.Melius@skadden.com>;
Jack.DiCanio@skadden.com<mailto:Jack.DiCanio@skadden.com>
Cc: Simon, Barry <BSimon@wc.com<mailto:BSimon@wc.com>>; Pitt, Jonathan <JPitt@wc.com<mailto:JPitt@wc.com>>;
Wohlgemuth, Stephen <SWohlgemuth@wc.com<mailto:SWohlgemuth@wc.com>>;
Christopher.Stecher@kyl.com<mailto:Christopher.Stecher@kyl.com>;
Amy.TAN@freshfields.com<mailto:Amy.TAN@freshfields.com>;
timothy.harkness@freshfields.com<mailto:timothy.harkness@freshfields.com>
Subject: Ex Parte Application of Palantir Technologies Inc., Case No. 3:18-mc-80132-JSC (Meet and Confer Follow Up)

Dear Jack and Niels,

Thanks very much for hosting us at your offices earlier this week.

As agreed, we look forward to continuing the conversation on Monday, September 9th from 5 – 7 pm EST and will circulate a dial-in.

Our understanding is that you will let us know your position on the following:

•	the timing of briefing Judge Corley with respect to the developments in this case since December 6, 2018, and whether this should be included in our September 19th joint statement (although, our position remains that no further briefing is required); and
•	the proposed categories of documents you may seek in reciprocal discovery.

In addition, we wanted to flag two issues in advance of our discussion on Monday.

First, during our meet and confer you declined to discuss the document request as they applied to the healthcare patents because Palantir has not yet amended its complaint in Germany to include healthcare related claims.  However, it is black-letter law that a party can seek discovery pursuant to Section 1782 even before a claim is brought.  See, e.g., Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 258 (2004) ("Section 1782(a) does not limit the provision of judicial assistance to 'pending'" claims).  Therefore, please be ready to discuss Mr. Abramowitz's position with respect to the proposed discovery as it applies to both the healthcare and cyber patents.

Additionally,  during our meeting Palantir was prepared to discuss the purported burden posed by the various requests, and potential ways to address Mr. Abramowitz's burden concerns.  During our discussion, Barry stated that he would not discuss the question of burden until the issue of relevance was resolved, and refused to engage in any discussion of the alleged burden posed by the proposed document requests, including the volume of potentially responsive information, or potential compromise solutions.  We think the parties should discuss questions of relevance and burden in parallel so as to avoid needless delay of the meet and confer process.  Therefore, to the extent that Mr. Abramowitz does intend to assert that the proposed discovery imposes an undue burden, we ask that on Monday you be prepared to discuss in specific terms the purported burden posed by the proposed requests, including, without limitation, the volume of data/number of potentially responsive documents during the period from January 1, 2010 to April 1, 2018.

Second, during our meeting you asserted that there is substantial case law in support of Mr. Abramowitz's position that an "Attorneys' Eyes Only" provision should not apply to him as an individual party.  Our research suggests the opposite.

See, e.g., Willis v. Enter. Drilling Fluids, Inc., Stipulation and Protective Order, No. 1:15-CV-00688 JLT, 2016 WL 4261805 (E.D. Cal. Aug. 11, 2016) (entering protective order with AEO provision); Paycom Payroll, LLC v. Richison, 758 F.3d 1198, 1202–03 (10th Cir. 2014) (rejecting defendant's claim that the district court violated his due process rights when it declined to lift an AEO restriction provided under a consent decree and finding this did not implicate due process). Please provide us with the authority which you referenced during our meet and confer so that we can evaluate your request that Mr. Abramowitz not be subject to the AEO provisions of the proposed confidentiality order.
Finally, you asked us during the meet and confer process whether individual parties can retain expert witnesses in German litigation; we confirm that they can.

Kind regards,

David


David Y. Livshiz
Counsel

Freshfields Bruckhaus Deringer US LLP
601 Lexington Avenue
31st Floor
New York, New York 10022
T +1 212 284 4979
M +1 646 886 0001
F  +1 646 521 5779
david.livshiz@freshfields.com<mailto:david.livshiz@freshfields.com>
www.freshfields.com<http://www.freshfields.com/>



(171026:0001)
This e-mail is confidential and may well also be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person: to do so could be a breach of confidence. Thank you for your co-operation. For information about how Freshfields Bruckhaus Deringer processes personal data please refer to this Privacy notice<https://www.freshfields.com/en-gb/footer/privacy/>. For further information about Freshfields Bruckhaus Deringer, please refer to our website at www.freshfields.com<http://www.freshfields.com>.

Please contact our IT Helpdesk on +1 866 694 8435 or email ITHelp@freshfields.com<mailto:ITHelp@freshfields.com> if you need assistance.


_____

This message and any attachments are intended only for the addressee and may contain information that is privileged and confidential. If you have received this message in error, please do not read, use, copy, distribute, or disclose the contents of the message and any attachments. Instead, please delete the message and any attachments and notify the sender immediately. Thank you.


(171026:0001)
This e-mail is confidential and may well also be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person: to do so could be a breach of confidence.

Thank you for your co-operation. For information about how Freshfields Bruckhaus Deringer processes personal data please refer to this Privacy notice<https://www.freshfields.com/en-gb/footer/privacy/>. For further information about Freshfields Bruckhaus Deringer, please refer to our website at www.freshfields.com<http://www.freshfields.com>.

Please contact our IT Helpdesk on +1 866 694 8435 or email ITHelp@freshfields.com<mailto:ITHelp@freshfields.com> if you need assistance.


(171026:0001)
This e-mail is confidential and may well also be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person: to do so could be a breach of confidence. Thank you for your co-operation. For information about how Freshfields Bruckhaus Deringer processes personal data please refer to this Privacy notice<https://www.freshfields.com/en-gb/footer/privacy/>. For further information about Freshfields Bruckhaus Deringer, please refer to our website at www.freshfields.com<http://www.freshfields.com>.

Please contact our IT Helpdesk on +1 866 694 8435 or email ITHelp@freshfields.com<mailto:ITHelp@freshfields.com> if you need assistance.


(171026:0001)
This e-mail is confidential and may well also be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person: to do so could be a breach of confidence. Thank you for your co-operation. For information about how Freshfields Bruckhaus Deringer processes personal data please refer to this Privacy notice<https://www.freshfields.com/en-gb/footer/privacy/>. For further information about Freshfields Bruckhaus Deringer, please refer to our website at www.freshfields.com<http://www.freshfields.com>.

Please contact our IT Helpdesk on +1 866 694 8435 or email ITHelp@freshfields.com<mailto:ITHelp@freshfields.com> if you need assistance.


(171026:0001)
This e-mail is confidential and may well also be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person: to do so could be a breach of confidence. Thank you for your co-operation. For information about how Freshfields Bruckhaus Deringer processes personal data please refer to this Privacy notice<https://www.freshfields.com/en-gb/footer/privacy/>. For further information about Freshfields Bruckhaus Deringer, please refer to our website at www.freshfields.com<http://www.freshfields.com>.

Please contact our IT Helpdesk on +1 866 694 8435 or email ITHelp@freshfields.com<mailto:ITHelp@freshfields.com> if you need assistance.
This e-mail is confidential and may well also be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person: to do so could be a breach of confidence. Thank you for your co-operation. For information about how Freshfields Bruckhaus Deringer processes personal data please refer to this Privacy notice<https://www.freshfields.com/en-gb/footer/privacy/>. For further information about Freshfields Bruckhaus Deringer, please refer to our website at www.freshfields.com<http://www.freshfields.com>.

Please contact our IT Helpdesk on +1 866 694 8435 or email ITHelp@freshfields.com<mailto:ITHelp@freshfields.com> if you need assistance.

(171026:0001)
This e-mail is confidential and may well also be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person: to do so could be a breach of confidence. Thank you for your co-operation. For information about how Freshfields Bruckhaus Deringer processes personal data please refer to this Privacy notice<https://www.freshfields.com/en-gb/footer/privacy/>. For further information about Freshfields Bruckhaus Deringer, please refer to our website at www.freshfields.com.

Please contact our IT Helpdesk on +1 866 694 8435 or email ITHelp@freshfields.com if you need assistance.