| | |
|---|---|
| **From:** | LIVSHIZ, David |
| **Sent:** | Monday, September 9, 2019 2:42 PM |
| **To:** | 'Wohlgemuth, Stephen'; Niels.Melius@skadden.com; Jack.DiCanio@skadden.com |
| **Cc:** | Simon, Barry; Pitt, Jonathan; Christopher.Stecher@kyl.com; TAN, Amy; HARKNESS, Timothy (TXH) |
| **Subject:** | RE: Ex Parte Application of Palantir Technologies Inc., Case No. 3:18-mc-80132-JSC (Meet and Confer Follow Up) |

Steve:

I write in response to your email of Friday evening.

First, we do not agree that additional briefing is required. Mr. Abramowitz has already filed two briefs in this proceeding, and two additional briefs in the California state court action in which he sought an anti-suit injunction. His argument that Section 1782 discovery is improper in light of the California state court action has been rejected in this proceeding, and his motion for an anti-suit injunction has been denied. See, e.g., December 6, 2018 Hearing Transcript, p. 5:23-6:11 ("I am not inclined . . . to deny the application outright"). There is simply no need for additional briefing, and you have failed to identify any new arguments that should now be briefed, but which have not already been subject to the parties' extensive briefing in this case. Nor is there any reason why the parties could not complete any such briefing in advance of the September 26 status conference. Your proposed briefing schedule appears to be nothing more than an attempt to delay Palantir's ability to obtain the Section 1782 discovery.

Furthermore, even if additional briefing would assist the Court (and, as noted above, Palantir does not think that this is the case here), there is no basis for Mr. Abramowitz having a right to file a reply brief. Palantir is the proponent on its application for Section 1782 discovery, and Palantir should therefore have the last word.

Second, with respect to the healthcare patents, your position is without merit. Numerous courts across the country have authorized broad 1782 discovery prior to a complaint or claim being commenced. See, e.g., In re Hornbeam Corp., 722 F. App'x 7 (2d Cir. 2018) (affirming grant of 1782 discovery in aid of contemplated proceedings, where counsel seeking discovery had previously brought two similar claims); Mees v. Buiter, 793 F.3d 291, 295 (2d Cir. 2015) (authorizing broad 1782 discovery in aid of reasonably contemplated civil proceedings); Bravo Express Corp. v. Total Petrochemicals & Refining U.S., 613 Fed.Appx. 319 (2015) (reversing denial of Section 1782 application because it was in aid of contemplated, not pending, proceedings); Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc., 747 F.3d 1262 (11th Cir. 2014) (permitting broad 1782 discovery in aid of contemplated, but not filed, civil and criminal proceedings in Ecuador); LEG Q LLC v. RSR Corp., No. 3:17-CV-1559, 2017 WL 3780213 (N.D. Tex. Aug. 31, 2017) (permitting broad discovery seeking "'all documents' related to a wide variety of topics over a more than twenty-year period" in aid of an anticipated claim in the United Kingdom). Accordingly, there is no basis for your refusal to meet and confer concerning the scope of Section 1782 discovery concerning the healthcare patents. Moreover, your suggestion that you are not in a position to evaluate the scope of the discovery because Palantir's complaint in the German action has not yet been filed is equally without basis. You are well aware of the allegations against Mr. Abramowitz with respect to the healthcare patents. Accordingly, please be ready to discuss Mr. Abramowitz's position with respect to the proposed discovery as it applies to both the healthcare and cyber patents.

Similarly, there is no legal basis for your unwillingness to discuss the purported burden associated with Palantir's proposed discovery. We reserve all of our rights with respect to your refusal to discuss the alleged burden posed by the proposed discovery.

Third, I am conferring with my client concerning the proposed reciprocal discovery and will revert back in due course. That being said, Palantir reserves all of its rights with respect to the scope and burden of the proposed reciprocal discovery, including, without limitation, your suggestion that Mr. Abramowitz intends to seek through this proceeding multiple depositions, including depositions of Palantir's former employees. No case law of which we are aware permits Mr. Abramowitz to depose Palantir's former employees through a Section 1782 application targeting Palantir.

Finally, fourth, with respect to the AEO issue, you are incorrect that the parties had consented to AEO treatment. Indeed, in the Paycom case, one of the parties challenged the AEO treatment of a report prepared by the special master, arguing that his failure to see the report and assist in his defence constituted a violation of his due process rights. The Tenth

Circuit expressly rejected this argument. We are separately reviewing the authorities cited in the California litigation and will revert in due course; in the meantime, we note that the confidentiality order in the California action places strict limits as to the circumstances under which Mr. Abramowitz can review information designated AEO. Please confirm that you agree to the same restrictions in this case.

We look forward to speaking with you later today.

Kind regards,

David

**David Y. Livshiz**
Counsel

**Freshfields Bruckhaus Deringer US LLP**
601 Lexington Avenue
31st Floor
New York, New York 10022
T +1 212 284 4979
M +1 646 886 0001
F  +1 646 521 5779
david.livshiz@freshfields.com
www.freshfields.com

> **From:** Wohlgemuth, Stephen [mailto:SWohlgemuth@wc.com]
> **Sent:** Friday, September 06, 2019 5:24 PM
> **To:** LIVSHIZ, David; Niels.Melius@skadden.com; Jack.DiCanio@skadden.com
> **Cc:** Simon, Barry; Pitt, Jonathan; Christopher.Stecher@kyl.com; TAN, Amy; HARKNESS, Timothy (TXH)
> **Subject:** RE: Ex Parte Application of Palantir Technologies Inc., Case No. 3:18-mc-80132-JSC (Meet and Confer Follow Up)
>
> David,
>
> 1. Our position is that there should be no discovery on the healthcare technologies until you have amended your complaint. We cannot discuss relevance without a complaint to act as a guide. As we have told you, most § 1782 petitions concern targeted requests for documents. You are proposing that we conduct discovery for an entire case without even letting us see the allegations. *Intel* says nothing about this situation. In that case, there was an antitrust complaint that was serving as a basis for investigation by European authorities. Here we have nothing other than your say so.
>
> 2. We stated our position on burden and relevance during the first meet and confer. "Parallel" discussions put the cart before the horse.
>
> 3. The cases you cite about AEO protections all involve stipulated protective orders. Of course courts enter AEO protective orders where everyone <u>agrees</u> to the order. We are not agreeing. We litigated this issue with Palantir in connection with the protective order in the California case. The authorities in support of our position are set forth in that public briefing.
>
> 4. We propose that our opening brief be due on October 10, two weeks after the status conference. Your brief would then be due two weeks after that, on October 24. We would then file a reply on October 31.
>
> 5. We are seeking reciprocal discovery regarding at least the following categories of information:

   a.   All communications or documents relating to Marc Abramowitz or any related entity.

   b.   All communications or documents related to any information provided to Marc Abramowitz or any related entity.

   c.   All communications or documents evidencing Palantir's invention of the at-issue technologies.

   d.   All communications or documents relating to any public disclosure of the at-issue technologies.

   e.   All documents submitted by Palantir, or on its behalf, to any patent office relating to at-issue technologies.

   f.   Unredacted versions of all documents relied upon in your complaint.

   g.   All communications and documents relating to Palantir's decision not to pursue its entitlement claim during the period from the time the European patent applications were published and August 2018.

   h.   All communications or documents relating to when Palantir became aware that Abramowitz had filed patents relating to the at-issue technologies.

   i.   All communications or documents relating to Palantir's representations, after the date it became aware of Abramowitz's patent applications, to stockholders or investors, that it was not aware of its intellectual property being stolen or misappropriated.

   j.   All communications or documents relating to Palantir's damages.

6.   We are also seeking depositions of the appropriate Palantir witnesses (including former employees) on those topics.

Thank you.

Steve

**Stephen Wohlgemuth**
**Associate | Williams & Connolly LLP**
725 Twelfth Street, N.W., Washington, DC 20005
(P) 202-434-5390 | (F) 202-434-5029
swohlgemuth@wc.com | www.wc.com/swohlgemuth

---

**From:** David.LIVSHIZ@freshfields.com [mailto:David.LIVSHIZ@freshfields.com]
**Sent:** Friday, September 06, 2019 10:28 AM
**To:** Niels.Melius@skadden.com; Jack.DiCanio@skadden.com
**Cc:** Simon, Barry <BSimon@wc.com>; Pitt, Jonathan <JPitt@wc.com>; Wohlgemuth, Stephen <SWohlgemuth@wc.com>; Christopher.Stecher@kyl.com; Amy.TAN@freshfields.com; timothy.harkness@freshfields.com
**Subject:** Ex Parte Application of Palantir Technologies Inc., Case No. 3:18-mc-80132-JSC (Meet and Confer Follow Up)

Dear Jack and Niels,

Thanks very much for hosting us at your offices earlier this week.

As agreed, we look forward to continuing the conversation on Monday, September 9th from 5 – 7 pm EST and will circulate a dial-in.

Our understanding is that you will let us know your position on the following:

- the timing of briefing Judge Corley with respect to the developments in this case since December 6, 2018, and whether this should be included in our September 19th joint statement (although, our position remains that no further briefing is required); and
- the proposed categories of documents you may seek in reciprocal discovery.

In addition, we wanted to flag two issues in advance of our discussion on Monday.

First, during our meet and confer you declined to discuss the document request as they applied to the healthcare patents because Palantir has not yet amended its complaint in Germany to include healthcare related claims.  However, it is black-letter law that a party can seek discovery pursuant to Section 1782 even before a claim is brought.  See, e.g., Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 258 (2004) ("Section 1782(a) does not limit the provision of judicial assistance to 'pending'" claims).  Therefore, please be ready to discuss Mr. Abramowitz's position with respect to the proposed discovery as it applies to both the healthcare and cyber patents.

Additionally,  during our meeting Palantir was prepared to discuss the purported burden posed by the various requests, and potential ways to address Mr. Abramowitz's burden concerns.  During our discussion, Barry stated that he would not discuss the question of burden until the issue of relevance was resolved, and refused to engage in any discussion of the alleged burden posed by the proposed document requests, including the volume of potentially responsive information, or potential compromise solutions.  We think the parties should discuss questions of relevance and burden in parallel so as to avoid needless delay of the meet and confer process.  Therefore, to the extent that Mr. Abramowitz does intend to assert that the proposed discovery imposes an undue burden, we ask that on Monday you be prepared to discuss in specific terms the purported burden posed by the proposed requests, including, without limitation, the volume of data/number of potentially responsive documents during the period from January 1, 2010 to April 1, 2018.

Second, during our meeting you asserted that there is substantial case law in support of Mr. Abramowitz's position that an "Attorneys' Eyes Only" provision should not apply to him as an individual party.  Our research suggests the opposite.  See, e.g., Willis v. Enter. Drilling Fluids, Inc., Stipulation and Protective Order, No. 1:15-CV-00688 JLT, 2016 WL 4261805 (E.D. Cal. Aug. 11, 2016) (entering protective order with AEO provision); Paycom Payroll, LLC v. Richison, 758 F.3d 1198, 1202–03 (10th Cir. 2014) (rejecting defendant's claim that the district court violated his due process rights when it declined to lift an AEO restriction provided under a consent decree and finding this did not implicate due process).   Please provide us with the authority which you referenced during our meet and confer so that we can evaluate your request that Mr. Abramowitz not be subject to the AEO provisions of the proposed confidentiality order.

Finally, you asked us during the meet and confer process whether individual parties can retain expert witnesses in German litigation; we confirm that they can.

Kind regards,

David


**David Y. Livshiz**
Counsel

**Freshfields Bruckhaus Deringer US LLP**
601 Lexington Avenue
31st Floor
New York, New York 10022
T +1 212 284 4979
M +1 646 886 0001
F  +1 646 521 5779
david.livshiz@freshfields.com
www.freshfields.com

(171026:0001)
This e-mail is confidential and may well also be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person: to do so could be a breach of confidence. Thank you for your co-operation. For information about how Freshfields Bruckhaus Deringer processes personal data please refer to this Privacy notice. For further information about Freshfields Bruckhaus Deringer, please refer to our website at www.freshfields.com.

Please contact our IT Helpdesk on +1 866 694 8435 or email ITHelp@freshfields.com if you need assistance.

---

This message and any attachments are intended only for the addressee and may contain information that is privileged and confidential. If you have received this message in error, please do not read, use, copy, distribute, or disclose the contents of the message and any attachments. Instead, please delete the message and any attachments and notify the sender immediately. Thank you.

(171026:0001)