1  JACK P. DICANIO (SBN 138782)
   jack.dicanio@skadden.com
2  ALLEN RUBY (SBN 47109)
   allen.ruby@skadden.com
3  NIELS J. MELIUS (SBN 294181)
   niels.melius@skadden.com
4  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   525 University Avenue
5  Palo Alto, California 94301
   Telephone: (650) 470-4500
6  Facsimile: (650) 470-4570

7  BARRY SIMON (*pro hac vice*)
   bsimon@wc.com
8  JONATHAN B. PITT (*pro hac vice*)
   jpitt@wc.com
9  STEPHEN L. WOHLGEMUTH (*pro hac vice*)
   swohlgemuth@wc.com
10 WILLIAMS & CONNOLLY LLP
   725 Twelfth Street, N.W.
11 Washington, D.C. 20005
   Telephone: (202) 434-5000
12 Facsimile: (202) 434-5029

13 Attorneys for
   MARC L. ABRAMOWITZ
14

15            **UNITED STATES DISTRICT COURT**

16            **NORTHERN DISTRICT OF CALIFORNIA**

17               **SAN FRANCISCO DIVISION**

18

19 *In re Ex Parte* Application of            Case No.: 3:18-mc-80132-JSC
   PALANTIR TECHNOLOGIES INC.,
20                                            **MARC L. ABRAMOWITZ'S NOTICE OF**
          Applicant,                          **MOTION AND MOTION FOR RELIEF**
21                                            **FROM NONDISPOSITIVE PRETRIAL**
   For an Order Pursuant to 28 U.S.C. § 1782 to  **ORDER OF MAGISTRATE JUDGE**
22 Obtain Discovery from MARC L.
   ABRAMOWITZ for Use in Foreign
23 Proceedings.

24

25

26

27

28

---

**MOTION FOR RELIEF**                        **CASE NO.: 3:18-mc-80132-JSC**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Civil Local Rule 72-2, Federal Rule of Civil Procedure 72(a), and 28 U.S.C. § 636(b)(1)(A), Marc L. Abramowitz ("Mr. Abramowitz") will and hereby does move the Court for relief from the November 22, 2019 Order Granting Palantir Technologies Inc.'s ("Palantir") 28 U.S.C. § 1782 Application (the "Magistrate Judge's Order") (Dkt. 66), as well as the Protective Order that was issued on November 22, 2019 (the "Protective Order") (Dkt. 67).  Mr. Abramowitz moves this Court to vacate the Magistrate Judge's Order and the Protective Order, and deny Palantir's application for discovery under 28 U.S.C. § 1782 ("§ 1782").

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities below, the Proposed Order submitted herewith, the record in this action, and any other matters that the Court may properly consider.

DATED: December 6, 2019          Respectfully submitted,

                                 SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

                                 By:  _____*/s/ Jack P. DiCanio*_____
                                                Jack P. DiCanio

                                      Attorneys for Marc L. Abramowitz

1    The Magistrate Judge's Order (Dkt. 66) granting Palantir's *ex parte* application expands 28

2    U.S.C § 1782 ("§ 1782") well beyond its intended purpose.  Palantir's application does not seek a

3    limited, identifiable set of documents beyond the reach of a foreign court.  Rather, Palantir seeks

4    full U.S.-style discovery to support its frivolous German lawsuit regarding Mr. Abramowitz's

5    "cyber patents" and to support a lawsuit regarding Mr. Abramowitz's "healthcare patents" that

6    Palantir claims to have been "contemplating" for *almost a year and a half*.  And now Palantir has

7    been given that ability by the Magistrate Judge's Order, which simultaneously denies Abramowitz

8    basic procedural and substantive rights through the issuance of an improper and prejudicial

9    Protective Order.  Defendants move to vacate the Magistrate Judge's Order for at least two reasons.

10    *First*, the Magistrate Judge's Order committed clear error by issuing a Protective Order

11    without good cause—indeed, without even conducting a good cause analysis.  The Protective Order

12    proffered by Palantir is prejudicial to Mr. Abramowitz, was not stipulated to by the parties, and was

13    not properly before the Court.  The Magistrate clearly erred by adopting the Protective Order.

14    *Second*, the Magistrate Judge's Order misapplied the *Intel* factors, as the documents

15    Palantir seeks are within the jurisdictional reach of the German court, particularly given Mr.

16    Abramowitz's stipulation to provide such documents if requested.  Rather than pursuing any of the

17    discovery devices available in Germany, Palantir's August 2018 § 1782 application sought to abuse

18    the statute's liberal policies to force Mr. Abramowitz—who is a party to the litigation in

19    Germany—into unduly burdensome discovery in the United States.

20                         **RELEVANT FACTUAL BACKGROUND**[1]

21    Mr. Abramowitz is a long-time investor in Palantir and, for several years, he had a good

22    relationship with the company.  Things changed, however, in 2015, when Palantir intentionally

23    interfered with Mr. Abramowitz's efforts to sell Palantir stock.  Rather than assisting Mr.

24    Abramowitz with those transactions, Palantir attempted to steal the buyers that Mr. Abramowitz

25    identified.  After Mr. Abramowitz demanded information from Palantir relating to this and other

26    misconduct, Palantir ginned up a frivolous lawsuit against Mr. Abramowitz based on the alleged

27

---

28    [1] Mr. Abramowitz incorporates the procedural history and factual background set forth in his principal briefs.  *See* Dkts. 52, 61, 68, and 69.

**MOTION FOR RELIEF**                                         **CASE NO.: 3:18-mc-80132-JSC**

1    misappropriation of trade secrets.  Palantir originally filed that lawsuit in California Superior Court.

2    But that case went nowhere for two-and-a-half years:  the Superior Court refused to let Palantir

3    begin discovery because Palantir could not even describe the supposed "trade secrets" that allegedly

4    had been "stolen."  With its Superior Court action stalled—and with Delaware courts ruling against

5    Palantir in actions brought by entities related to Mr. Abramowitz—Palantir resorted to desperate

6    measures to regain leverage:  it filed a German lawsuit based on the exact same conduct at issue in

7    the Superior Court action and almost simultaneously sought discovery from this Court in a petition

8    under § 1782.  In an Order entered on November 22, 2019, the Magistrate Judge granted that

9    petition.  Dkt. 66.  That Order is the subject of this Motion.

10                                          **STANDARD OF REVIEW**

11            The Court may modify or set aside any part of a magistrate judge's non-dispositive order

12   that is clearly erroneous or contrary to law.  *Illumination Dynamics Co. v. Pac. Lighting Sols.*

13   *L.L.C.*, 2014 WL 4090562, at *2 (N.D. Cal. Aug. 18, 2014); Fed. R. Civ. P. 72(a).

14                                          **ARGUMENT**[2]

15   I.      **The Magistrate Judge Clearly Erred in Issuing Palantir's Proffered Protective Order**
             **By Failing to Make a "Good Cause" Finding and Denying Mr. Abramowitz an**
16           **Adequate Opportunity to Brief the Issue**

17            The Magistrate Judge committed clear error in granting Palantir's request for entry of the

18   Protective Order by failing to require Palantir to make a "good cause" showing through a noticed

19   motion and failing to make any "good cause" finding under Rule 26(c).

20            Under Civil Local Rule 7-1(a), "[a]ny written request to the Court for an order must be

21   presented by . . . [d]uly noticed motion pursuant to Civil L.R. 7-2 . . . ."  But Palantir merely

22   attached the proposed Protective Order as an exhibit to a declaration supporting its supplemental

23   brief, rather than noticing a motion for entry of the Protective Order.  This issue is more than a

24   procedural foot fault—a "good cause" analysis is legally required.  *See Phillips ex rel. Estates of*

25   *Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002).  Regularly-noticed motions force

26

27   _____
     [2] This motion focuses on certain aspects of the Magistrate Judge's Order due to space constraints,
     but Abramowitz has addressed—and reserves the right to appeal—each aspect of the Magistrate
28   Judge's Order.  *See Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996).

**MOTION FOR RELIEF**                                           **CASE NO.: 3:18-mc-80132-JSC**

1   parties to make the "good cause" showing that is required under Rule 26(c), absent a stipulation

2   demonstrating good cause. *Cf. Protech Wheel Indus. Co. v. Velox Enterprises, Inc*., 2009 WL

3   4855287, at *1 (C.D. Cal. Dec. 15, 2009).  Similarly, the Magistrate Judge was required to make a

4   "good cause" determination. *See Phillips*, 307 F.3d at 1212; *see also* Fed. R. Civ. P. 26(c)(1).

5          Here, Palantir made no good cause showing for the entry of the Protective Order and the

6   Magistrate made no good cause finding.  Instead, the Magistrate (incorrectly) concluded that "Mr.

7   Abramowitz has not argued that the protective order is defective in any way." Dkt. 66 at 12.  In

8   fact, Mr. Abramowitz repeatedly objected to Palantir's proposed Protective Order in the parties'

9   meet and confers.  And in his Separate Statement, Mr. Abramowitz informed the Court about the

10  existence of those objections, stating that the parties had not reached an agreement on a protective

11  order and arguing that, if the parties were unable to reach agreement, "Palantir must file a noticed

12  motion" to obtain one.  Dkt. 52 at 5; *see also* Dkt. 52-1 at 12.  Had the Magistrate ordered the

13  parties to brief the Protective Order in a regularly-noticed motion—which is required by the Local

14  Rules—Mr. Abramowitz's objection would have been crystal clear:  an attorneys'-eyes-only

15  provision restricts Abramowitz's ability to participate in his own defense, such a denial "could well

16  border on a denial of due process." *Martinez v. City of Ogden*, 2009 WL 424785, at *3 (D. Utah

17  Feb. 18, 2009); *Bussing v. COR Clearing, LLC*, 2015 WL 4077993, at *2 (D. Neb. July 6, 2015).

18  In fact, Palantir has repeatedly <u>failed</u> in its attempts to obtain an AEO protective order in all of the

19  other cases between Mr. Abramowitz and Palantir—a fact that Mr. Abramowitz would have

20  highlighted in his opposition to the noticed motion that Palantir should have filed.

21  **II.     <u>The Magistrate Judge Failed to Properly Consider the *Intel* Factors.</u>**

22         In granting Palantir's § 1782 application and permitting discovery, the Magistrate Judge's

23  Order failed to properly consider the controlling *Intel* factors.  *See Intel Corp. v. Advanced Micro*

24  *Devices, Inc.*, 542 U.S. 241, 264 (2004).  Because the *Intel* factors weigh against Palantir's

25  application, it was legal error for the Magistrate Judge to grant Palantir's application.

26         The first *Intel* factor weighs against discovery because Mr. Abramowitz is actively

27  participating in the German proceeding.  When the respondent is a party to the foreign proceeding,

28  "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought

1    from a nonparticipant in the matter arising abroad.  A foreign tribunal has jurisdiction over those

2    appearing before it, and can itself order them to produce evidence." *Intel*, 542 U.S. at 264; *see also*

3    *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2013 WL 183944, at *2-3 (N.D. Cal. Jan.17, 2013).

4           The second *Intel* factor is neutral because German courts are receptive to evidence obtained

5    under § 1782 and evidence obtained *in Germany*—an option Palantir has at its disposal.  The third

6    *Intel* factor strongly favors denial, as Palantir's § 1782 application seeks documents equally

7    available in Germany and appears to be not only an attempt to circumvent German proof-gathering

8    restrictions, but also discovery hurdles in its other suit against Mr. Abramowitz.[3]

9           Finally, the fourth *Intel* factor favors denial, and the Magistrate Judge's failure to apply

10   Rule 26 of the Federal Rules of Civil Procedure was clearly erroneous.  *See In re Pioneer Corp. for*

11   *an Order Permitting Issuance of Subpoenas to Take Discovery in a Foreign Proceeding*, 2018 WL

12   2146412, at *8 (C.D. Cal. May 9, 2018) (holding that "[a] district court evaluating a § 1782

13   discovery request should assess whether the discovery sought is overbroad or unduly burdensome

14   by applying the familiar standards of Rule 26 of the Federal Rules of Civil Procedure").

15          Here, the Magistrate Judge's Order committed clear error when it failed to apply Rule 26 by

16   deferring the question of relevance to the German court (Dkt. 66 at 12) and ignoring Abramowitz's

17   well-founded undue burden arguments.  For example, Palantir's documents subpoena seeks

18   documents regarding Mr. Abramowitz's "Cyber Patents" from January 1, 2013 through February

19   28, 2018.  But the German complaint only alleges that Palantir communicated confidential

20   information to Abramowitz in June 2014, and that Abramowitz used that information to file the

21   Cyber Patents on October 31, 2014.  The Magistrate erroneously adopted the broader date range

22   based on its belief that Palantir has alleged that it provided confidential information related to the

23   cyber patents to Mr. Abramowitz before June 2014.  Dkt 66 at 11:23-25.  But Palantir's German

24   complaint clearly alleges that it provided all of the confidential information related to the cyber

25   patents in June 2014.  Dkt. 4 at 52.  Palantir has never stated otherwise.  The Magistrate therefore

26   clearly erred by imposing, without any basis, a date range that extended over a year before the only

27

28   [3] *Palantir Technologies Inc. v. Marc L. Abramowitz, et al.*, No. 5:19-cv-06879-BLF (N.D. Cal.).

1   date relevant to Palantir's German allegations.  The same is true for the "Healthcare Patents" date

2   range:  Palantir has never alleged that it provided Mr. Abramowitz with any of the technologies at

3   issue before <u>2014</u>, yet the Magistrate ordered a date range beginning in January 2010.  The

4   Magistrate also clearly erred by imposing a date range that extends all the way until February 2018.

5   Dkt. 66 at 11.  The most the Magistrate could say about that date is that it is "related to the patent

6   applications."  *Id.* at 12.  But as Mr. Abramowitz has pointed out, the relevant "patent applications"

7   were filed in October 2014—years before the February 2018 date.  Dkt. 61 at 7-10.  Such a lengthy

8   date range must be justified with more analysis than the Magistrate provided, particularly where

9   the Magistrate did not address most of Mr. Abramowitz's arguments about burden, relevance, and

10  lack of proportionality.  *Id.*  At bottom, the Magistrate clearly erred by permitting Palantir to

11  engage in a "fishing expedition" covering an eight-year time period, rather than the few months

12  that are actually relevant to the German complaint.  *See Pioneer*, 2018 WL 2146412, at *8.

13          Moreover, Palantir's discovery requests demand documents and information related to Mr.

14  Abramowitz's "Healthcare Patents," even though there is no current litigation regarding these

15  patents and such litigation is not "within reasonable contemplation."  An applicant must show more

16  than a subjective intent to take legal action—it "must provide some objective indicium that the

17  action is being contemplated."  *Certain Funds, Accounts &/or Inv. Vehicles v. KPMG, L.L.P.*, 798

18  F.3d 113, 123–24 (2d Cir. 2015).  Palantir has failed to provide any reliable indicia that a

19  Healthcare patents lawsuit "will be instituted within a reasonable time."  *Id.* (citations omitted).

20  Palantir stated in the fall of 2018 that it would commence an action on the "Healthcare Patents" in

21  October 2018, but did not do so.  It then stated that it would amend the German action to include

22  the healthcare claims after Mr. Abramowitz was served with that complaint, but it did not do so.

23  There has been no credible explanation for the delay.  The Magistrate clearly erred by concluding,

24  without any evidentiary basis, that Palantir "plans to either amend the pending suit to include the

25  healthcare patents or file a separate challenge."  Dkt. 66 at 1.

26                                          <u>**CONCLUSION**</u>

27          For the foregoing reasons, Mr. Abramowitz requests that the Court vacate the Magistrate

28  Judge's Order, vacate the entry of the Protective Order, and deny Palantir's § 1782 application.

1

DATED: December 6, 2019

Respectfully submitted,

2

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

3

4

By: _____ */s/ Jack P. DiCanio* _____
                        Jack P. DiCanio

5

Attorneys for Marc L. Abramowitz

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MOTION FOR RELIEF**                                    **CASE NO.: 3:18-mc-80132-JSC**