1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7

PALANTIR TECHNOLOGIES INC.,

Movant,

8

9

v.

10

MARC L. ABRAMOWITZ,

Respondent.

11

Case No.  18-mc-80132-JSC

**ORDER RE: PALANTIR'S MOTION TO COMPEL**

Re: Dkt. No. 85

12

13          Palantir Technologies Inc. alleges that Marc L. Abramowitz took advantage of

14    his position as an investor and confidant to learn Palantir's trade secrets and file patent

15    applications based on those trade secrets in the United States and Germany. Palantir has filed suit

16    in Germany challenging Mr. Abramowitz's cybersecurity patent applications (the "German

17    Proceedings").  By Order filed November 22, 2019 the Court granted Palantir's application under

18    28 U.S.C. § 1782 for certain discovery to be used in the German Proceedings.  (Dkt. No. 66.)  The

19    case in Germany is proceeding.

20          Now pending before the Court is a discovery dispute joint letter regarding Mr.

21    Abramowitz's production of documents in response to the Court's Order.  (Dkt. No. 85.)  Palantir

22    contends that Mr. Abramowitz has waived his attorney-client privilege as to certain

23    communications and thus those documents must now be produced.  After carefully considering the

24    parties' joint submission, the Court concludes that oral argument is unnecessary, *see* N.D. Cal.

25    Civ. L.R. 7-1(b), and GRANTS Palantir's motion to compel.

26                                              **DISCUSSION**

27          "The privilege which protects attorney-client communications may not be used both as a

28    sword and a shield. Where a party raises a claim which in fairness requires disclosure of the

United States District Court
Northern District of California

United States District Court
Northern District of California

1  protected communication, the privilege may be implicitly waived." *Chevron Corp. v. Pennzoil*

2  *Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992); *see also Apple Inc. v. Samsung Elecs. Co.*, 2015 WL

3  3863249, at *7 (N.D. Cal. June 19, 2015) ("The [fairness] principle is often expressed in terms of

4  preventing a party from using the privilege both as a shield and a sword … this means that parties

5  in litigation may not abuse the privilege by asserting claims the opposing party cannot adequately

6  dispute unless it has access to the privileged materials.").  Mr. Abramowitz, as the party asserting

7  the privilege, bears the burden of proving that the privilege has not been waived.  *See Weil v.*

8  *Investment/Indicators, Research and Management, Inc.*, 647 F.2d 18, 25 (9th Cir. 1981).

9      In a previous order the Court found that Mr. Abramowitz waived the privilege with respect

10  to the 2013 communications he had with his attorney Mr. Squires regarding Mr. Abramowitz's

11  "ideas for using dynamic real-time information, in particular to provide dynamic bond ratings."

12  (Dkt. 82 at 4.)  The Court reasoned that Mr. Abramowitz had "referred to those communications in

13  his rejoinder and [was] relying on them to prove that he developed the idea that he contends

14  motivates the Cyber Patents—dynamic real-time information—before meeting with Palantir." (*Id.*)

15  Further, Mr. Abramowitz admitted that Mr. Squires would testify to those communications."  (*Id.*)

16      Palantir now contends that Mr. Abramowitz's subsequent filings in the German

17  proceedings have further waived any attorney-client privilege with respect to (1) Mr.

18  Abramowitz's correspondence with Mr. Squires concerning the technologies described in the

19  Cyber Patents and (2) documents concerning the research, conception, or development of those

20  technologies by Squires and any third-party agents retained by them.  The Court agrees.

21      In the German proceedings Mr. Abramowitz insists that he developed the Cyber Patents'

22  subject matter with a team of advisors, namely, Mr. Squires and his team. To support that

23  assertion, he has actually disclosed privileged communications between Mr. Squires and his team

24  as evidence that Mr. Abramowitz developed the Cyber Patent technologies with the assistance of

25  Mr. Squires and his team.  (Dkt. No. 85-1 at ¶¶ 75-81.)  Mr. Abramowitz also offers the testimony

26  of Mr. Squires to support his assertion that he (Mr. Abramowitz) did not provide Mr. Squires with

27  any notes or other communications reflecting Mr. Abramowitz's discussions with Palantir.  (*Id.* at

28  ¶¶ 60-61.)  Thus, Mr. Abramowitz has taken an affirmative act—identifying his communications

1  with Mr. Squires and Mr. Squires' team as a defense to Palantir's authorship claim—which

2  waived any attorney-client privilege in his communications with Mr. Squires and Mr. Squires

3  team, as well as the communications among Mr. Squires' team regarding the Cyber Patents'

4  technology.

5       Mr. Abramowitz posits that in a section 1782 proceeding a respondent may block

6  discovery of relevant communications under a privilege claim while at the same time intentionally

7  putting those same communications at issue in the very foreign proceeding which is the basis for

8  the section 1782 request.  Under Mr. Abramowitz's theory, he can disclose emails that support his

9  defense, but withhold emails—such as an email communicating to Mr. Squires what Palantir told

10  Mr. Abramowitz—on grounds of attorney-client privilege. Federal law is not so impotent as to

11  allow such blatant gamesmanship and conduct inconsistent with the purpose behind the privilege.

12  *Bittacker v. Woodford,* 331 F.3d 715, (9th Cir. 2003), does not help Mr. Abramowitz.  This section

13  1782 proceeding is not separate from the German proceeding; to the contrary, Palantir had to show

14  that the discovery sought here was to be used in the German proceeding to obtain the order

15  compelling discovery in the first place.  (Dkt. No. 66 at 6.)  Nor is a criminal defendant's

16  constitutional right to effective counsel at issue in this proceeding.

17       Finally, Mr. Abramowitz argues that any motion to compel should be limited to the

18  timeframe prior to the filing of the Cyber Patent applications since the privilege waiver arises from

19  Mr. Abramowitz's assertion that he developed the Cyber Patents subject matter independent from

20  Palantir.  This limitation makes sense and Palantir does not respond otherwise.

21       Mr. Abramowitz has not shown good cause for limiting production to outside counsel only.

22  ## CONCLUSION

23       As Mr. Abramowitz has waived the attorney-client and work product privileges in the

24  Squires documents and communications sought by Palantir, Palantir's motion to compel is

25  GRANTED up to the date the patent applications were filed.  Mr. Abramowitz shall produce the

26  documents on or before November 24, 2020.

27       This Order disposes of Docket No. 85.

28       **IT IS SO ORDERED.**

United States District Court
Northern District of California

Dated: November 10, 2020

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

United States District Court
Northern District of California