UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PALANTIR TECHNOLOGIES INC.,

Movant,

v.

MARC L. ABRAMOWITZ,

Respondent.

Case No.  18-mc-80132-JSC (PJH)

**ORDER DENYING MOTION FOR RELIEF FROM MAGISTRATE JUDGE CORLEY'S NONDISPOSITIVE PRETRIAL ORDER**

Re: Dkt. No. 87

The court is in receipt of respondent Marc Abramowitz's ("Abramowitz") motion for relief from Magistrate Judge Corley's November 10, 2020 order (Dkt. 86) granting movant Palantir Technologies, Inc.'s ("Palantir") motion to compel (Dkt. 85) certain privileged communications and related documents.  Dkt. 87.  For the reasons provided below, the court **DENIES** Abramowitz's motion for relief from Judge Corley's order and **ORDERS** Abramowitz to produce the subject information.

## BACKGROUND

Abramowitz has been a long-time investor in Palantir.  At some point, the relationship between them deteriorated.  Litigation ensued.  Palantir filed suit against Abramowitz in Germany (the "German proceeding").  In the German proceeding, Palantir challenges Abramowitz's patent applications for certain cybersecurity technology.  Palantir asserts that Abramowitz took advantage of his position as a company confidant to learn its trade secrets and then file those applications based on that information.

This miscellaneous civil action arose out of the German proceeding.  On August 13, 2018, Palantir sought certain discovery for use in that proceeding pursuant to Title 28 U.S.C. § 1782.  Dkt. 1.  Judge Corley granted its request.  Dkt. 66.  Abramowitz then

challenged that order, Dkt. 70, which this court rejected, Dkt. 72.

Since then, the parties have engaged in two discovery disputes.  In the first dispute, Palantir argued that Abramowitz waived his attorney-client privilege over certain documents by relying on communications with his patent counsel, John Squires ("Squires"), in a brief filed in the German proceeding to substantiate his position that he invented the idea of using "dynamic real-time information," which is a concept underlying the patents at issue.  Dkt. 82 at 3-5.  In a September 11, 2020 order, Judge Corley agreed in part.  Id. at 4-5.  She then clarified that Abramowitz must produce any communication concerning that idea sent between November 2013 and March 2014.  Dkt. 84.

Following the September 11, 2020 order, Palantir wrote to the German court.  Dkt. 85 (Joint Discovery Letter re Motion to Compel) at 1-2.  In that filing, Palantir explained that, although ordered by Judge Corley to "produce privileged documents which he previously claimed evidenced his inventorship," Abramowitz "still could not present any evidence of his own invention of the technology at issue."  Id. at 2.

In response, Abramowitz filed a brief in that proceeding on October 6, 2020.  Id. at 1.  In it, Abramowitz proffers Squires as a witness to testify that (1) his legal team "further developed" the "basic ideas" that Abramowitz communicated about the technology and (2) Abramowitz did not provide notes from his conversation with Palantir concerning the inventions at issue.  Id.  As part of that filing, Abramowitz also attaches actual communications among Squires' team.  Id.

Enter the second dispute.  Based on Abramowitz's October 6 brief, Palantir asserts that Abramowitz "further waived" any privilege over (1) his communications with Squires concerning "the technologies described" in the patents and (2) documents concerning the conception, research, and development of such technology by Squires and his legal team.  Id.  In her November 10, 2020 order, Judge Corley agreed with Palantir and ordered Abramowitz to produce the subject information.  Dkt. 86 at 2-4.  She explained that because Abramowitz identified his communications with Squires as a

United States District Court
Northern District of California

defense to Palantir's authorship claim, he waived any attorney-client privilege in his communications with Squires and his legal team concerning the patents at issue.  Id. at 2-3.  She also rejected Abramowitz's attempt to selectively disclose and withhold emails as inconsistent with federal law.  Id. at 3.

**DISCUSSION**

**1.    Legal Standard**

Federal Rule of Civil Procedure 72 provides that a party may object to a magistrate judge's order on a non-dispositive matter.  Fed. R. Civ. Pro. 72(a).  A reviewing district court must consider such objections and modify any part of the order that is clearly erroneous or contrary to law.  Id.  "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed."  Exxon Co. v. Sofec, Inc., 54 F.3d 570, 576 (9th Cir. 1995).  "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure."  Poquito Mas Licensing Corp. v. Taco Bell Corp., 2014 WL 12772086, at *2 (C.D. Cal. Dec. 4, 2014).

**2.    Analysis**

Abramowitz argues that Judge Corley's order is contrary to law on two grounds.

***First*** – Abramowitz argues that Judge Corley mistakenly applied the implicit waiver doctrine because "he never 'injected' anything 'new' into the German litigation." Dkt. 87 at 5.  To substantiate his position that a litigant must "inject" a new issue into a case to trigger the implicit waiver doctrine, Abramowitz relies solely on a 1988 discovery order by former Chief Magistrate Judge Woelflen in Fox v. California Sierra Fin. Servs., 120 F.R.D. 520 (N.D. Cal. 1988).

Abramowitz's first argument fails.  First, it ignores the rule adopted by the Ninth Circuit in Chevron Corp. v. Pennzoil Co., 974 F.2d 1156 (9th Cir. 1992) that:

> The privilege which protects attorney-client communications may not be used both as a sword and a shield.  (citation omitted).  Where a party raises a claim which in fairness requires disclosure of the protected communication, the privilege may be implicitly waived.  Id. at 1162.

1   Judge Corley cited this principle as the first rule in her order's rule statement.  Dkt.

2   86 at 2.  While Judge Corley did not expressly state that fairness concerns supported her

3   decision to order the subject production, the court finds that rationale apparent from other

4   aspects of her order.  In particular, the order recognizes that permitting Abramowitz to

5   selectively disclose and withhold privileged information would sponsor "blatant

6   gamesmanship" and "conduct inconsistent with" the purpose of the privilege.  Id. at 3.

7   Second, even if Fox were controlling (it is not), Abramowitz's first argument rests

8   on an untenably limited view of its import.  Contrary to Abramowitz's suggestion, Dkt. 87

9   at 5, responsive pleadings are illustrative of how a litigant might "inject" new issues into

10   the litigation.  By Fox's own terms, they are not the only methods for raising such issues.

11   Fox, 120 F.R.D. at 530 ("The holder must inject a new factual or legal issue into the case.

12   *Most often*, this occurs through the use of an *affirmative defense.*") (bold italics added).

13   And while Abramowitz might be correct that his October 6 brief's citations do not

14   create a new factual issue in that proceeding, Dkt. 87 at 5, they do, however, introduce a

15   new line of evidence on an existing question.  In accord with Fox's reasoning that a party

16   seeking to use privileged information "cannot conceal such information from discovery

17   and expect to spring it upon [the opposing party] in the midst of trial for the sake of

18   obtaining a tactical advantage in litigation," 120 F.R.D. at 530, this court nonetheless

19   concludes that Fox's holding extends to the circumstances at hand.

20   *Second –* Abramowitz generally challenges Judge Corley's order as "at odds" with

21   Ninth Circuit case law.  Dkt. 87 at 6.  He relies on a handful of loosely related arguments

22   to substantiate that position.  All are misplaced.

23   First, relying on Bittaker v. Woodford, 331 F.3d 715 (9th Cir. 2003), Abramowitz

24   asserts that any waiver in the German proceeding may not extend to this action.

25   Abramowitz overstates Bittaker's significance here.  Bittaker involved a habeas petition

26   brought by a prisoner alleging a claim for ineffective assistance of counsel in connection

27   with his multiple convictions for murder in state court.  Id. at 716.  The Ninth Circuit

28   affirmed the district court's entry of a protective order limiting the use of the prisoner's

United States District Court
Northern District of California

United States District Court
Northern District of California

1   attorney-client communications to the habeas proceeding.  Id. at 729.  Critically, it

2   reasoned that failure to do so would force the prisoner into a Hobson's choice between

3   "asserting his ineffective assistance claim and risking a trial where the prosecution can

4   use against him every statement he made to his first lawyer and, on the other hand,

5   retaining the privilege but giving up his ineffective assistance claim."  Id. at 723.  There is

6   no such dilemma here.  And even if there were, Judge Corley correctly decided that the

7   German proceeding and this action are not separate.  Dkt. 86 at 3.  Absent that foreign

8   proceeding, there would be no basis for the discovery at issue in this action.

9        Second, Abramowitz argues that Judge Corley "conflated" the express and implied

10  waiver doctrines when "ruling that [his] arguably express waiver . . . in the German

11  litigation should extend to a subject-matter waiver in this separate, Section 1782 action."

12  Dkt. 87 at 6.  Abramowitz mischaracterizes Judge Corley's order.  She did not limit her

13  order's rationale to the express waiver doctrine.  She likened Abramowitz's selective

14  disclosures to "blatant gamesmanship" and "conduct inconsistent" with the privilege.  Dkt.

15  86 at 3.  As noted above, such behavior implicates fairness concerns.  Other courts

16  agree.  Apple Inc. v. Samsung Elecs. Co., 2015 WL 3863249, at *7 (N.D. Cal. June 19,

17  2015) ("In practical terms, this means that parties in litigation may not abuse the privilege

18  by asserting claims the opposing party cannot adequately dispute unless it has access to

19  the privileged materials.").

20       Even if Judge Corley construed the October 6 brief's representations solely as an

21  express waiver, she correctly determined that such waiver extends to Abramowitz's

22  communications with Squires and his legal team regarding the cyber patents.  As the

23  Ninth Circuit has stated, "[d]isclosing a privileged communication or raising a claim that

24  requires disclosure of a protected communication results in waiver *as to all other*

25  *communications on the same subject*."  Hernandez v. Tanninen, 604 F.3d 1095, 1100

26  (9th Cir. 2010) (emphasis added).  In Hernandez, the Ninth Circuit expressly noted that

27  Federal Rule of Evidence 502 was not at issue.  Id. n.1 ("While not applied in this case,

28  new Federal Rule of Evidence 502 also limits any waiver by disclosure to the subject

1   matter disclosed.").  Thus, Abramowitz's argument that Rule 502(a) does not permit a

2   subject matter waiver in this case, Dkt. 87 at 6, is beside the point.

3          Lastly, Abramowitz argues that the concept of "fairness" is relative to the

4   applicable justice system and, under the German system, "there is nothing 'unfair' about

5   one party using its own documents without disclosing other, potentially related

6   documents."  Dkt. 87 at 6-7.  Perhaps.  But by its terms, § 1782 recognizes that, unless

7   otherwise specified in an order authorizing discovery, the Federal Rules of Civil

8   Procedure control the production of information for use in a foreign proceeding.  28

9   U.S.C. § 1782(a) ("To the extent that the order does not prescribe otherwise, the

10  testimony or statement shall be taken, and the document or other thing produced, in

11  accordance with the Federal Rules of Civil Procedure.").

12         Plainly, then, § 1782 contemplates importing American concepts of fairness into

13  the treatment of information subject to an application under its provision.  Abramowitz

14  fails to provide any authority limiting that recognition to procedure.  Palantir, on the other

15  hand, provides a Fifth Circuit case acknowledging that American law may control the

16  discovery implications of a privilege waiver in a foreign proceeding.  Ecuadorian Plaintiffs

17  v. Chevron Corp., 619 F.3d 373, 378 (5th Cir. 2010) ("Since Cabrera is a testifying

18  expert, the district court correctly determined that disclosure of documents to Cabrera [in

19  an Ecuadorian proceeding] would waive immunity from discovery under U.S. law.").  This

20  court has decided the information available to Palantir under the American legal system's

21  concept of justice.  The decision of whether to admit such information in its proceeding

22  properly rests with the German court's application of its system's principles of fairness.

### CONCLUSION

24         For the above reasons, the court **DENIES** Abramowitz's motion for relief from

25  Judge Corley's November 10, 2020 order.  The court ordered its stay of production of the

26  subject information on November 20, 2020.  Dkt. 89.  At that time, Abramowitz had until

27  November 24, 2020 to produce that information.  Dkt. 86 at 3.  The court hereby

28  **ORDERS** Abramowitz to produce the subject information **within four days** of this order.

**IT IS SO ORDERED.**

Dated: December 1, 2020

/s/ Phyllis J. Hamilton

PHYLLIS J. HAMILTON
United States District Judge

United States District Court
Northern District of California